**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF WYOMING**

KIMBERLY DEBEER, surviving spouse and wrongful death personal representative of DANIEL DEBEER, deceased,

Plaintiff,

v.

AMAZON LOGISTICS, INC. d/b/a PRIME, AMAZON.COM, INC., AMAZON.COM SERVICES LLC, AAF555 LLC, NORTHWEST EXPRESS, LLC and JUSTIN NZARAMBDA,

Defendants.

Civil Action No. 23-CV-33-ABJ

---

**AMAZON'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendants Amazon Logistics, Inc., Amazon.com, Inc., and Amazon.com Services LLC (hereinafter "Amazon"), by and through its undersigned attorneys, hereby answers and asserts affirmative defenses to the Complaint of Plaintiff Kimberly DeBeer, and admits, denies and avers as follows:

1. On Interstate 80 on March 31, 2021, around 3:05 p.m. an Amazon tractor-trailer drove over the highway median and smashed head-on into an oncoming truck, killing its driver, Daniel DeBeer, in a fiery crash. Daniel DeBeer was a husband and father of three minor children. The purpose of this lawsuit is to hold those entities accountable for their roles in causing this loss for the benefit of his surviving spouse, Kimberly, and her surviving children and all beneficiaries.

**ANSWER: Amazon specifically denies that it owned, operated or controlled the power unit of any tractor involved in the incident alleged in this Paragraph. Answering further, Amazon lacks knowledge or information sufficient to admit or deny the remaining allegations contained in this Paragraph and therefore denies them.**

2. Kimberly DeBeer, as surviving spouse and wrongful death representative of Daniel DeBeer, deceased, brings this action on her behalf and on behalf of the wrongful death beneficiaries of Daniel DeBeer, deceased.

**ANSWER: Amazon lacks knowledge or information sufficient to admit or deny the allegations contained in this Paragraph and therefore denies them.**

3. This case arises from a tractor-trailer crash that occurred March 31st, 2021 in Sweetwater County, Wyoming when Justin Nzaramba, while driving a motor vehicle (tractor) attached to a trailer owned, leased, loaded and controlled by the Amazon Defendants crossed the center median and smashed into oncoming traffic, causing the oncoming truck to burst into flames and causing the death of Daniel DeBeer.

**ANSWER: Amazon admits only to leasing and loading the trailer hauled by the tractor operated by Nzaramba. Answering further, Amazon lacks knowledge or information sufficient to admit or deny the remaining allegations contained in this Paragraph and therefore denies them.**

## PARTIES, JURISDICTION AND VENUE

4. Plaintiff Kimberly DeBeer, wife of decedent Daniel DeBeer (or "Plaintiff"), is a domiciliary and citizen of the State of Minnesota, residing in Nobles County. On or about July 12th, 2021, the Nobles County Probate Division of the State of Minnesota formally appointed Kimberly DeBeer as the Personal Representative of the Estate of Daniel DeBeer, who died interstate. Kimberly DeBeer has been appointed by the Third Judicial District Court for Sweetwater County, Wyoming as the Wrongful Death Representative Pursuant to W.S. § 1-38-103. A copy of this Order is attached as Exhibit 1.

**ANSWER: Amazon admits only that Plaintiff alleges Kimberly DeBeer was appointed by the Third Judicial District Court for Sweetwater Wyoming as the Wrongful Death Representative pursuant to W.S. § 1-38-103. Answering further, Amazon lacks knowledge or information sufficient to admit or deny the remaining allegations contained in this Paragraph and therefore denies them.**

5. Kimberly DeBeer brings these claims on her behalf and on behalf of the beneficiaries of Daniel DeBeer for all damages available at law or equity for all related wrongful death claims.

**<u>ANSWER:</u> Amazon lacks knowledge or information sufficient to admit or deny the allegations contained in this Paragraph and therefore denies them.**

6. For ease of reference the defendants Amazon Logistics, Inc. d/b/a Prime, Amazon.com, Inc. and Amazon.com Services, LLC may collectively be referred to as the "Amazon Defendants."

**<u>ANSWER:</u> Amazon lacks knowledge or information sufficient to admit or deny the allegations contained in this Paragraph and therefore denies them.**

7. Defendant Amazon Logistics, Inc. d/b/a Prime (or "Defendant Amazon Logistics") is a Delaware Corporation with a principal office at 410 Terry Ave. North, Seattle, Washington, 98126. Defendant Amazon Logistics, Inc. is registered as a motor carrier common carrier and motor carrier contract carrier with the Department of Transportation, Federal Motor Carrier Safety Administration under USDOT # 2881058, MC # MC-826094. Defendant Amazon Logistics, Inc. arranges for transport and transports cargo in interstate commerce and regularly conducts business in the State of Wyoming. Defendant Amazon Logistics, Inc. has consented to jurisdiction in the State of Wyoming and may be services through its appointed statutory BOC-3 agent for service of process, United States Corporation Company at 1821 Logan Avenue, Cheyenne, WY 82001 as required by 49 C.F.R. § 366.

**<u>ANSWER:</u> Amazon admits only that Amazon Logistics, Inc. is incorporated in the State of Delaware with a principal place of business at 410 Terry Ave. N in Seattle, Washington; is a federally registered motor carrier—USDOT #2881058; MC# 826094; and, at all relevant times, operated in interstate and Wyoming intrastate commerce. Answering further, the last sentence of this Paragraph states a legal conclusion to which no response is required. To the extent a response is required, Amazon denies the allegations contained in the last sentence of this Paragraph.**

8. Defendant Amazon Logistics, Inc. regularly conducts business in Wyoming, including, but not limited to regular truck routes, shipment routes, maintaining warehouse and fulfillment centers and movement of cargo within Wyoming on public roadways using both owned and non-owned equipment including truck tractors and trailers.

**ANSWER: Amazon admits only that, at all relevant time, Amazon Logistics, Inc. operated in interstate and Wyoming intrastate commerce. To the extent that the remaining allegations contained in this Paragraph attempts to characterize or mischaracterize the business operations of Amazon Logistics, Amazon denies such allegations in their entirety.**

9. Defendant Amazon.com, Inc. is and was at all pertinent times a corporation incorporated under the laws of the State of Delaware with its principal place of business in King County, Washington. Defendant Amazon.com routinely transacts business in the State of Wyoming including maintaining distribution warehouses, delivering or causes to be delivered cargo and packages and operating trucks on Wyoming roadways and interstates.

**ANSWER: Amazon admits only that Amazon.com, Inc. is incorporate in the State of Delaware and has a principal place of business in King County, Washington. To the extent that the remaining allegations contained in this Paragraph attempts to characterize or mischaracterize the business operations of Amazon.com, Inc., Amazon denies such allegations in their entirety.**

10. Defendant Amazon.com, Inc. may be served through its registered agent for service of process, Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

**ANSWER: Amazon admits only that Plaintiff alleges it may be served through its registered agent for service of process, Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808. Answering further, Amazon does not contest service of process in this litigation.**

11. At all material times, on information and belief, Defendant Amazon.com Services, LLC or ("Amazon.com Services") is a wholly owned subsidiary of Defendant Amazon.com, Inc. and a subsidiary, sister entity, or affiliate of Amazon Logistics. Defendant Amazon.com Services

was and is a foreign limited liability company formed under the laws of the State of Delaware with its principal place of business in King County, Washington.

**ANSWER: Amazon admits only that Amazon.com Services LLC is a wholly-owned, indirect subsidiary of Amazon.com, Inc. incorporated in the State of Delaware with a principal place of business in King County, Washington. Answering further, Amazon denies the remaining allegations contained in this Paragraph.**

12. Amazon.com Services is the product and goods part of the Amazon operation and relies on and advertises immediate delivery of products ordered by customers, sometimes to be delivered within hours. To meet their customer service promises and delivery deadlines, Amazon.com Services has distribution, warehouse and storage facilities throughout Wyoming, on information and belief, and contracts with thousands of interstate and intrastate motor carrier trucking companies to position those goods in their distribution centers for rapid delivery and to then deliver those good to end customers. Amazon.com Services was transacting business substantially in Wyoming on the date of the crash giving rise to this Complaint and is subject to the jurisdiction of this Court.

**ANSWER: Amazon admits only that, at all relevant times, Amazon.com Services LLC transacted business in Wyoming. Answering further, the last sentence of this Paragraph states a legal conclusion to which no response is required. To the extent a response is required, Amazon denies the allegations contained in the last sentence of this Paragraph. Amazon further denies any attempt by Plaintiff in this Paragraph to characterize or mischaracterize the business operations of Amazon.com Services LLC and therefore denies said allegations.**

13. Defendant Amazon.com Services, LLC may be served through its registered agent for service of process, Corporation Service Company, 1821 Logan Avenue, Cheyenne, WY 82001.

**ANSWER: Amazon admits only that Plaintiff alleges Amazon.com Services LLC may be served through its registered agent for service of process, Corporation Service Company, 1821 Logan Avenue, Cheyenne, WY 82001. Answering further, Amazon does not contest service of process in this litigation.**

14. General jurisdiction over the Amazon Defendants is proper under the Wyoming Long Arm Statute, Wyo. Stat. Ann. § 5-1-107 and constitutional minimum contacts so that the Amazon Defendants could reasonably anticipate being haled into court because the Amazon Defendants engaged in substantial and not isolated activity in Wyoming including, but not limited to: being registered to do business in Wyoming, owning or leasing property in Wyoming, operating distribution and fulfillment centers in Wyoming, engaging in millions of sales and deliveries to Wyoming consumers, contracting with Wyoming trucking companies and drivers to deliver goods in Wyoming and other states, contracting for delivery of their products in Wyoming, using tractor-trailers on the interstates, highways and roadways in Wyoming that included transporting goods in interstate and intrastate commerce; and by otherwise conducting substantial business in Wyoming on a daily basis.

**ANSWER: The allegations contained in this Paragraph state legal conclusions to which no response is required. To the extent a response is required, Amazon denies the allegations of this Paragraph in its entirety.**

15. Specific personal jurisdiction over the Amazon Defendants to be subject to jurisdiction by this Court for this case is proper under the Wyoming Long Arm Statute, Wyo. Stat. Ann. § 5-1-107 and other applicable law and constitutional minimum requirements, as the Amazon Defendants directly and through their agents, representatives, contractors, subsidiaries, and employees committed tortious acts within the state of Wyoming, including without limitation contributing to cause the crash in question that occurred in Sweetwater County, Wyoming, by causing injury to persons or property within Wyoming arising out of acts or omissions by the Amazon Defendants including without limitation the hiring and/or retention of unfit, unqualified, unvetted, untrained, and/or dangerous drivers and trucking companies, involved in commercial transportation on Wyoming roadways and interstates, by contributing to cause the crash and

resulting damages through breaches of duties owed to the motoring public, by improperly qualifying and failed to investigate the other named defendants which allowed them to operate commercial motor vehicles and trailers on behalf of the Amazon Defendants despite the other defendants' poor safety records, by failing to monitor the safety record and performance of the other defendants after the Amazon Defendants approved those defendants to transport cargo on behalf of the Amazon Defendants, all of which contributed to cause the crash complained of.

**ANSWER: The allegations contained in this Paragraph state legal conclusions to which no response is required. To the extent a response is required, Amazon admits only that Plaintiff alleges that this Honorable Court has specific jurisdiction over Amazon and denies all additional allegations of "fact." Answering further, Amazon does not contest specific jurisdiction in this litigation.**

16. Defendant AAF555 LLC ("Defendant AAF555") is or was an authorized for-hire motor carrier operating (at the material times) commercial motor vehicles transporting property in interstate commerce registered with the Federal Motor Carrier Safety Administration under USDOT # 3571048 and MC # MC-1202920. Defendant AAF555 is a business entity organized and existing under the laws of the State of Ohio with its principal business entity organized and existing under the laws of the State of Ohio with its principal place of business in Moreland Hills, Ohio. Defendant AAF555 has consented to jurisdiction in Wyoming and has designated #1 A BOC-3 Filing, Inc., Todd Bontecou, 235 E. Broadway, Jackson, Wyoming 83001 as its statutory BOC-3 agent for service process, as required by 49 C.F.R. §366.

**ANSWER: Amazon lacks knowledge or information sufficient to admit or deny the allegations contained in this Paragraph and therefore denies them.**

17. Defendant AAF55 operated a commercial motor vehicle in interstate commerce with its driver/agent/employee in the state of Wyoming when the vehicle was involved in the crash that forms the basis of the Plaintiff's claims.

**ANSWER: Amazon lacks knowledge or information sufficient to admit or deny the**

**allegations contained in this Paragraph and therefore denies them.**

18. Defendant Northwest Express, LLC ("Defendant Northwest Express") is an unauthorized for-hire motor carrier operating (at the material times) commercial motor vehicles transporting property in interstate commerce registered with the Federal Motor Carrier Safety Administration under USDOT # 3584295 and MC # MC-1211834. Defendant Northwest Express is a business entity organized and existing under the laws of the State of Ohio with its principal place of business in Magnolia, Ohio. Defendant Northwest Express has consented to jurisdiction in Wyoming and has designated #1 A BOC-3 Filing, Inc., Todd Bontecou, 235 E. Broadway, Jackson, Wyoming 83001 as its statutory BOC-3 agent for service of process, as required by 49 C. F. R. §366.

**ANSWER: Amazon lacks knowledge or information sufficient to admit or deny the allegations contained in this Paragraph and therefore denies them.**

19. Defendant Northwest Express operated a commercial motor vehicle in interstate commerce with its driver/agent/employee in the state of Wyoming when the vehicle was involved in the crash that forms the basis of the Plaintiff's claims.

**ANSWER: Amazon lacks knowledge or information sufficient to admit or deny the allegations contained in this Paragraph and therefore denies them.**

20. On information and belief, Defendant ASD Express, LLC ("ASD Express") is an authorized for-hire interstate motor carrier with the United States Department of Transportation under USDOT number 3035535, MC-42045. ASD Express is a foreign entity and maintains its principal place of business in Deerfield, Illinois and may be served with process by serving its BOC-3 agent for service of process, Jodie Booth at 2796 Road 58, Veteran, Wyoming, 82243, as required by 49 C.F.R. §366.

**ANSWER: Amazon lacks knowledge or information sufficient to admit or deny the allegations contained in this Paragraph and therefore denies them.**

21. Defendants AAF55, Northwest Express, and ASD Express may collectively be referred to as the "Northwest Express Defendants," as one or more of these Defendants is believed to have - either individually or collectively - entered into an arrangement with the Amazon Defendants to haul cargo with driver Justin Nzaramba on behalf of those Amazon Defendants, including the cargo load and trip that forms the basis of the Plaintiff's claims.

**ANSWER: Amazon admits only to entering into a contractual agreement with a third-party independent contractor, Defendant AAF555, to haul the trailer/cargo allegedly involved in the incident giving rise to the allegations of the instant complaint. Amazon denies the remaining allegations contained in this Paragraph in their entirety.**

22. On information and belief, Defendant Justin Nzaramba is a domiciliary and citizen of Colorado and maintains a residence at 1350 Peoria Street, Apt 5, Aurora, Colorado, 80011. As a long-haul truck driver, he travels throughout the United States including frequently through the State of Wyoming. Defendant Justin Nzaramba entered an arrangement with the Amazon Defendants, Defendant AAF555 LLC, and Defendant Northwest Express to transport cargo in interstate commerce in the State of Wyoming, was trained, supervised and monitored on interstate routes and was directly involved in the crash in the State of Wyoming that forms the basis of the Plaintiff's claims.

**ANSWER: Amazon specifically denies any relationship with Defendant Justin Nzaramba and denies the remaining allegations contained in this Paragraph in their entirety.**

23. The above defendants may collectively be referred to as "Defendants" and such term includes all their agents, employees, joint venturers, borrowed servants/agents, joint agents, and statutory employees.

**ANSWER: Amazon lacks knowledge or information sufficient to admit or deny the allegations contained in this Paragraph and therefore denies them.**

24. Plaintiff's claims are brought under 28 U.S.C. § 1332(a)(1) and (3), based upon diversity of citizenship. The amount in controversy exceeds $75,000 exclusive of interests and costs and is between citizens of different States. No Defendant is a citizen or resident of Plaintiff's state of citizenship or residency, nor are any individual members of any Defendant Limited Liability Companies (LLC).

**ANSWER: Amazon admits the existence of 28 U.S.C. §1332(a)(1) and (3) and that Plaintiff alleges bringing claims based upon diversity of citizenship asserting damages in excess of $75,000. Amazon lacks knowledge or information sufficient to admit or deny the remaining allegations contained in this Paragraph and therefore denies them.**

25. Venue is properly conferred to this Court because the motor vehicle crash complained of occurred in Sweetwater County, Wyoming, which is in this judicial district.

**ANSWER: Admits on that Plaintiff alleges venue is proper in this Court. Answering further, Amazon does not contest venue in this litigation.**

## FACTS

26. As part of the strategy to vertically integrate and dominate domestic transport, the Amazon Defendants created and continue to build and expand a logistics network to transport goods from manufacturers and retailers and warehouses to their fulfillment centers and to the customers' doorsteps under the retail program known as "Fulfillment by Amazon" whereby the Amazon Defendants assume the full right to control product handling and the transport of goods sold through Amazon Prime on behalf of retailers and manufacturers of products.

**ANSWER: Amazon denies any attempt by Plaintiff in this Paragraph to characterize or mischaracterize its business operations and therefore denies the allegations contained in this Paragraph in their entirety.**

27. When a retail customer orders a product, the Amazon Defendants utilize a combination of owned and branded "Prime" equipment, including trucks, truck-tractors and trailers. In addition to transporting cargo using its owned equipment, the Amazon Defendants developed an extensive network of non-owned equipment and equipment operators through

arrangements with other parties who may not be directly employed by the Amazon Defendants. The Amazon Defendants routinely accepted tenders (offers) of the cargo and legally bound the Amazon Defendants to transport the cargo using this network described above.

**ANSWER: Amazon denies any attempt by Plaintiff in this Paragraph to characterize or mischaracterize its business operations and therefore denies the allegations contained in this Paragraph in their entirety.**

28. For the trip at issue, the Amazon Defendants permitted, allowed, and entrusted a driver to use and operate equipment the Amazon Defendants controlled, including the Defendant Amazon Logistics, Inc.'s owned, leased or controlled "Prime" trailer at issue. Defendant Justin Nzaramba was a permissive user of this equipment and trailer for which the Amazon Defendants permitted Defendant Nzaramba to use and operate this equipment.

**ANSWER: Amazon admits only that it leased the trailer hauled by Defendant Nzaramba. Amazon denies all remaining allegations contained in this Paragraph in their entirety.**

29. On information and belief, Defendant Amazon Logistics, Inc. is a wholly owned subsidiary of Amazon.com, Inc.

**ANSWER: Amazon admits only that Amazon Logistics, Inc is an indirect, wholly-owned subsidiary of Amazon.com, Inc.**

30. The Amazon logistics network is managed and controlled by Defendant Amazon Logistics, Inc., a wholly owned subsidiary and alter ego of Amazon.com, Inc.

**ANSWER: Amazon denies any attempt by Plaintiff in this Paragraph to characterize or mischaracterize its business operations and therefore denies the allegations contained in this Paragraph in their entirety. Answering further, the allegation that Amazon Logistics, Inc. is an "alter ego" of Amazon.com, Inc. states a legal conclusion to which not response is required. To the extent that a response is required, Amazon denies said allegation.**

31. As part of its strategy, the Amazon Defendants routinely enter arrangements with other parties to deliver cargo and specifically have targeted persons with little or no transportation experience. The purpose of the Amazon Defendants' targeting people with little or no experience

in trucking is because those persons are more likely to perform transportation services at lower than market rates, which serves the purpose of eliminating or reducing competition in the transportation services industry by undercutting prevailing transportation rates. The Amazon Defendants, directly through advertising, represent to the targeted persons they can earn "$300,000 per year" hauling cargo for the Amazon Defendants, which is based on misleading data and unrealistic assumptions.

**ANSWER: Amazon denies the allegations contained in this Paragraph in their entirety.**

32. The practical effect of this "race to the bottom" is to disincentivize competent, safe drivers and motor carriers to transport cargo at the rates the Amazon Defendants are willing to pay.

**ANSWER: Amazon denies the allegations contained in this Paragraph in their entirety.**

33. The Amazon Defendants use programs to ensure packages are delivered rapidly, with emphasis that packages must be delivered precisely when the Amazon Defendants promised the end customer. Often, the schedule the Amazon Defendants create for delivery times is unrealistic for drivers to safely deliver the packages and increases the risk of drivers operating commercial motor vehicles while fatigued or distracted such that the drivers' continued operation of commercial motor vehicles is unsafe and increases the risk of harm to the motoring public.

**ANSWER: Amazon admits only to utilization of technology (e.g. mobile applications or "programs") to assist with or help facilitate the shipping and delivery of Amazon packages. Answering further, Amazon denies all remaining allegations contained in this Paragraph.**

34. If the drivers do not meet the on-time delivery expectations, the Amazon Defendants through their arrangements with those drivers and other carriers, retain the right to penalize the drivers for their failure to do so and closely tracks and monitors metrics through various software applications ("apps").

**ANSWER: Amazon admits only to utilization of technology (e.g. mobile applications or "programs") to assist with or help facilitate the shipping and delivery of Amazon packages. Answering further, Amazon denies all remaining allegations contained in this Paragraph.**

35. Motor carriers and truck drivers can join the Amazon Defendants' network by applying to "partner with Amazon" to haul cargo. All that is needed is equipment, insurance, motor carrier authority and not to have an "unsatisfactory" rating from the Federal Motor Carrier Safety Administration.

**ANSWER: Amazon denies any attempt by Plaintiff in this Paragraph to characterize or mischaracterize its business operations and therefore denies the allegations contained in this Paragraph in their entirety.**

36. Amazon.com, Inc., through Amazon Logistics, exerts control over the details of the work done by motor carriers and drivers using a variety of tools, including internal compliance teams and a third-party compliance monitoring service, to continually monitor motor carrier compliance with their policies and to make sure the companies deliver goods on time.

**ANSWER: Amazon denies the allegations contained in this Paragraph in their entirety.**

37. On information and belief, most drivers and/or motor carriers that "partner with Amazon" are newly formed trucking companies and are "unrated" with the Federal Motor Carrier Safety Administration. An "unrated" motor carrier is a motor carrier that has not yet undergone a compliance review with the Federal Motor Carrier Safety Administration. The application process to obtain motor carrier authority with the Federal Motor Carrier Safety Administration only requires the applicant certify on Section Four (4) of Form OP-1 that he or she "has access to and is familiar with all applicable USDOT regulations relating to safe operation of commercial motor vehicles. . .and will comply with these regulations."

**ANSWER: Amazon denies the allegations contained in the first sentence of this Paragraph. Answering further, Amazon lacks knowledge or information sufficient to admit or deny the remaining allegations contained in this Paragraph and therefore denies them.**

38. At the time motor carrier authority is granted to applicants, there often has been no verification by the Federal Motor Carrier Safety Administration - or any other third party - that the motor carriers do have adequate policies and procedures in place to prevent the risks associated with unsafe and fatigued driving, among other risks. As a result, under industry custom and practice, reasonably safe entities who utilize other companies to haul cargo on their behalf independently investigate the adequacy of such policies and procedures when considering whether to hire those other companies and drivers. The Amazon Defendants have no such policy to do so.

**ANSWER: Amazon denies any attempt by Plaintiff in the last sentence of this Paragraph to characterize or mischaracterize its business operations and therefore denies said allegations. Answering further, Amazon lacks knowledge or information sufficient to admit or deny the remaining allegations contained in this Paragraph and therefore denies them.**

39. The Amazon Defendants utilize an App called "Amazon Relay" which is similar to a "load board" where "partners" can log in and view loads available for transit in Amazon provided trailers.

**ANSWER: Amazon admits only to utilization of technology (e.g. mobile applications or "programs") to assist with or help facilitate the shipping and delivery of Amazon packages. Amazon denies any attempt by Plaintiff to characterize or mischaracterize the functionality of its mobile applications and therefore denies said allegations.**

40. The assignments on the Load Board are preset by the Amazon Defendants to include details such as the departure time and location for the trip, arrival, and departure time of each stop along the way, and the required arrival time at the destination.

**ANSWER: Amazon denies any attempt by Plaintiff in this Paragraph to characterize or mischaracterize its business operations and therefore denies the allegations contained in this Paragraph in their entirety.**

41. Some cargo loads involve "drop and hook" operations, that involve connecting the truck to a preloaded Amazon trailer (Amazon trailers are marked with the "AZNG" code) at the

warehouse pickup location to deliver to the destination, while others involve motor carriers or drivers supplying their own trailers.

**ANSWER: Amazon denies any attempt by Plaintiff in this Paragraph to characterize or mischaracterize its business operations and therefore denies the allegations contained in this Paragraph in their entirety.**

42. The payment amount by the Amazon Defendants for loads listed on their load board is non-negotiable and generally is preset for each assignment.

**ANSWER: Amazon denies any attempt by Plaintiff in this Paragraph to characterize or mischaracterize its business operations and therefore denies the allegations contained in this Paragraph in their entirety.**

43. Once a motor carrier or driver books an assignment, the carrier must then assign a driver through the Amazon Relay app (or similar app) which then appears on the driver's Amazon Relay phone app or similar app.

**ANSWER: Amazon denies any attempt by Plaintiff to characterize or mischaracterize the functionality of its mobile applications and therefore denies said allegations. Amazon denies the allegations contained in this Paragraph in their entirety.**

44. Through the Amazon Defendants mobile-based Relay app for iOS and Android devices, drivers can view and manage load status, report delays, and use commercial navigation provided through the Amazon Relay app or similar app.

**ANSWER: Amazon denies any attempt by Plaintiff to characterize or mischaracterize the functionality of its mobile applications and therefore denies said allegations. Amazon denies the allegations contained in this Paragraph in their entirety.**

45. Pursuant to the Amazon Defendants' custom and practice of recruiting truck drivers and/or motor carriers with little or no experience who will work for less than market rates, the Amazon Defendants recruited and entered an arrangement with an entity called "AAF555" or an entity called "Northwest Express," which was one incarnation of a chameleon carrier described herein, and Justin Nzaramba.

**ANSWER: Amazon admits only to entering into a contractual agreement with a third-party independent contractor, Defendant AAF555. Amazon denies the remaining allegations contained in this Paragraph their entirety.**

46. On information and belief, the "AAF555" entity was formed February 8th, 2021, with a principal office address at a randomized single-family residence at 3989 Wiltshire Road, Moreland Hills, OH 44022. Defendant AAF555 was granted motor property common carrier authority on March 10th, 2021. The practice of using randomized single-family residences as the principal office address is done for the express intent and purpose of escaping scrutiny of FMCSA scrutiny that might otherwise recognize incarnations of "chameleon carriers" if the same address was used to register multiple motor carrier authorities.

**ANSWER: Amazon lacks knowledge or information sufficient to admit or deny the allegations contained in this Paragraph and therefore denies them.**

47. According to the State of Ohio Certificate issued by the Ohio Secretary of State, Bakhtier Azzizkhodjaev was the incorporator and registered agent for service of process for Defendant AAF555.

**ANSWER: Amazon lacks knowledge or information sufficient to admit or deny the allegations contained in this Paragraph and therefore denies them.**

48. On information and belief, the "Northwest Express" entity was formed February 24th, 2021, with a principal office address at a single-family residence at 10190 S. Valleydale St., Magnolia, Ohio 44643. Defendant Northwest Express was granted motor property common carrier authority on March 26th, 2021.

**ANSWER: Amazon lacks knowledge or information sufficient to admit or deny the allegations contained in this Paragraph and therefore denies them.**

49. According to the State of Ohio Certificate issued by the Ohio Secretary of State, Bakhtier Azzizkhodjaev was the incorporator and registered agent for service of process for

Defendant Northwest Express and is also believed to share control over the other non-Amazon Defendant transportation companies.

**ANSWER: Amazon lacks knowledge or information sufficient to admit or deny the allegations contained in this Paragraph and therefore denies them.**

50. At or near that time, it was known to the Amazon Defendants or should have been known in the exercise of reasonable diligence, that Bakhtier Azzizkhodjaev and/or his affiliates had been engaged in a pattern indicative of operating "chameleon carriers."

**ANSWER: Amazon denies the allegations contained in this Paragraph in their entirety.**

51. A "chameleon carrier" is a series of trucking companies that operate for short periods of time until their motor carrier authority is involuntarily revoked by the Federal Motor Carrier Safety Administration. Thereafter, chameleon carriers reopen or shift trucking operations under different names or entities.

**ANSWER: Amazon lacks knowledge or information sufficient to admit or deny the allegations contained in this Paragraph and therefore denies them.**

52. A simple internet search would have revealed that on February 24th, 2021 Bakhtier Azzizkhodjaev incorporated in the State of Ohio entities under the following names in order to solicit and accept bids for cargo and for which to use in the event one or more entities should lose motor carrier authority: "Northwest Express, LLC," "Inter Cargo LLC," "Freightmovers LLC, " "Ontime Express LLC," "Optima Freight LLC" and numerous others, on information and belief, that discovery should reveal.

**ANSWER: Amazon lacks knowledge or information sufficient to admit or deny the allegations contained in this Paragraph and therefore denies them.**

53. The entities listed above were shells with no significant assets, employees, or experience in the trucking or transportation industries and the Amazon Defendants use them to

conduct its transportation operations a fleet of inexperienced, unsafe drivers lacking any established safety history.

**<u>ANSWER:</u> Amazon denies this Paragraph to the extent it alleges use of "a fleet of inexperienced, unsafe drivers lacking any established safety history." Answering further, Amazon lacks knowledge or information sufficient to admit or deny the remaining allegations contained in this Paragraph and therefore denies them**

54. By March 25th, 2021, the Amazon Defendants accepted tender of a cargo shipment (Amazon Prime packages from an Amazon warehouse) under the motor carrier authority of Amazon Logistics, Inc. and bound the Amazon Defendants to transport the cargo.

**<u>ANSWER:</u> Amazon denies the allegations contained in this Paragraph in their entirety.**

55. 49 C.F.R. § 373.101 provides "[e]very motor carrier subject to 49 C.F.R. § 373.100 shall issue a receipt or bill of lading for property tendered for transportation in interstate commerce containing the following information: (a) Names of consignor and consignee. (b) Origin and destination points. (c) Number of packages. (d) Description of freight. (e) Weight, volume, or measurement of freight (if appliable to the rating of the freight)."

**<u>ANSWER:</u> Amazon admits only the existence of the federal regulation cited in this Paragraph, but denies its applicability to Amazon in this case.**

56. The Amazon Defendants, on information and belief, generated a "Bill of Lading" (a contract for carriage) with number "TEB9_B012_9a0366a3-9183-4942-8fel-85e2001c95e5" dated March 25th, 2021 and listed the carrier as "ALUGU" which, on information and belief, is the internal code from Amazon Logistics, Inc. and listed "AZNG" which in the standard code for an Amazon leased, owned and/or controlled trailer, listed as trailer "21630."

**<u>ANSWER:</u> Amazon admits only to generating a Bill of Lading on or about March 25, 2021. Amazon denies any attempt by Plaintiff in this Paragraph to characterize or mischaracterize the Bill of Lading or its contents and therefore denies the remaining allegations contained in this Paragraph in their entirety.**

57. The AZNG trailer 21630 was a trailer owned, leased, and/or controlled by the Amazon Defendants, during transit, was attached to vehicle for this trip and was covered under a policy of insurance issued to the Amazon Defendants.

**ANSWER: Amazon lacks knowledge or information sufficient to admit or deny the allegations of this Paragraph as it relates to any insurance coverage determination and therefore denies said allegations. Answering further, Amazon admits only that it leased the trailer involved in the incident alleged in the Complaint and to maintaining insurance; and denies the remaining allegations contained in this Paragraph as pleaded.**

58. The Bill of Lading listed the shipper as "Amazon Fulfillment Services" and the load origin as an Amazon warehouse facility at 601 Randolph Road, Somerset, N.J. 08873, destined to an Amazon Fulfillment Center facility at 5295 E. Franklin Road, Nampa, Idaho 83687 and consisted of 2106 cartons of packages ("Cargo") with a weight of 22946.45 pounds.

**ANSWER: Amazon admits only to generating a Bill of Lading on or about March 25, 2021. Amazon denies any attempt by Plaintiff in this Paragraph to characterize or mischaracterize the Bill of Lading or its contents and therefore denies the remaining allegations contained in this Paragraph in their entirety.**

59. One or more of the Amazon Defendants legally bound itself to transport this Cargo and had the authority to do so under registered motor carrier authority.

**ANSWER: The allegations contained in this Paragraph state legal conclusions to which no response is required. To the extent a response is required, Amazon denies the allegations of this Paragraph in its entirety.**

60. One or more of the Amazon Defendants entered an arrangement with Defendant Northwest Express, Defendant AAF555, ASD Express, or other related entities and driver Justin Nzaramba to haul the cargo on the Amazon Defendants' behalf and for which they retained the right to control many of the key aspects of the delivery of the Cargo, and for which the Amazon Defendants retained the right to penalize the driver for late deliveries.

**ANSWER: Amazon admits only to entering into a contractual agreement with a third-party independent contractor, Defendant AAF555, to haul a trailer/cargo on its behalf. Amazon denies the remaining allegations contained in this Paragraph their entirety.**

61. This route and trip originated at an Amazon warehouse located at 601 Randolph Road, Somerset, New Jersey, 08873 and was intended for delivery across the country to another Amazon facility a fulfillment center located at 5295 E. Franklin Road Nampa, Idaho 83687. The trip was approximately 2,476 miles and was to be completed by Justin Nzaramba within a strict deadline and subject to different penalties if not timely completed. The pick-up was to occur on March 25, 2021 at the Amazon warehouse in Somerset, New Jersey.

**ANSWER: Amazon admits only that the shipment related to the allegations of the Complaint originated at an Amazon facility in Somerset, New Jersey on or about March 25, 2021 and had a final destination of an Amazon facility in Nampa, Idaho. Amazon denies the remaining allegations contained in this Paragraph in their entirety as pleaded.**

62. To ensure the strict time deadlines were met by its drivers, the Amazon Defendants maintained sophisticated telematics systems on their branded Prime trailers and had real time access to global positioning data and knew or should have known the position of the equipment and whether the tractor-trailer was on track to meet or miss the delivery deadlines.

**ANSWER: Amazon admits only to the existence of certain telematics in connection with the shipment of certain trailers loaded with Amazon packages and/or cargo. Amazon denies any attempt by Plaintiff to characterize or mischaracterize the use or functionality of said telematics systems and therefore denies such allegations in their entirety.**

63. Defendant Justin Nzaramba had been driving on I-80 West, generally, a 2018 Volvo truck-tractor connected to a white "AZNG" (Amazon) Stoughton trailer registered in Wisconsin # 686761 and the 2018 Volvo Truck was registered in Ohio under # PWG6920 and VIN # 4V4NC9EH7JJN899142.

**ANSWER: Amazon admits only that the tractor operated by Defendant Nzaramba was hauling a Stoughton trailer. Amazon lacks knowledge or information sufficient to admit or deny the allegations contained in this Paragraph and therefore denies them.**

64. On March 27, 2021, Justin Nzaramba failed to control the tractor-trailer, driving it into the median of Highway 80 and was cited for "Failure to maintain control" of the tractor-trailer

in Iowa on the same route. This crash occurred **before** the fatal crash occurred that killed Daniel DeBeer in the days thereafter. It is believed a combination of fatigue, distraction, or both contributed to cause this first incident of loss of control of the eighteen-wheeler.

**ANSWER: Amazon lacks knowledge or information sufficient to admit or deny the remaining allegations contained in this Paragraph and therefore denies them.**

65. Justin Nzaramba operated under the authority of the Amazon Defendants, Defendant Northwest Express, Defendant AAF555, and/or Defendant ASD Express and these Defendants are liable for his acts and/or omissions, either as a company driver or under the doctrine of statutory employer. 49 C.F.R. § 390.5, 49 C.F.R. § 376.12; 49 C.F.R. § 14102(a), under agency theory, *respondent superior*, mater/servant and negligent entrustment.

**ANSWER: Amazon specifically denies that Defendant Nzaramba operated the subject power unit under its motor carrier authority. Answering further, in addition to being improperly group-pleaded, the remaining allegations of this Paragraph state a legal conclusion to which no response is required. To the extent a response is required, Amazon denies the allegations contained in this Paragraph in their entirety.**

66. The tractor-trailer operated by Justin Nzaramba was a 2018 Volvo, which was hauling a trailer *en route*, on information and belief, for delivery on the business of a motor carrier, shipper and/or broker.

**ANSWER: Amazon admits only that the tractor operated by Defendant Nzaramba was hauling a trailer on its behalf. Amazon lacks knowledge or information sufficient to admit or deny the remaining allegations contained in this Paragraph and therefore denies them.**

67. The first crash that occurred in Iowa placed the trip significantly behind schedule and required repairs to be performed on the truck-tractor, on information and belief.

**ANSWER: Amazon lacks knowledge or information sufficient to admit or deny the remaining allegations contained in this Paragraph and therefore denies them.**

68. Through real time telematics, the Amazon Defendants would have immediately known about this dangerous crash in Iowa and been aware that Justin Nzaramba was fatigued or

distracted and that his continued operation of a nearly 80,000-pound loaded tractor-trailer constituted an increased risk of harm to the motoring public.

**ANSWER: Amazon admits only to the existence of certain telematics in connection with the shipment of certain trailers loaded with Amazon packages and/or cargo. Amazon denies any attempt by Plaintiff to characterize or mischaracterize the use or functionality of said telematics systems and therefore denies the allegations of this Paragraph in their entirety.**

69. Despite this actual or constructive knowledge, the Defendants permitted and allowed Justin Nzaramba to continue to operate the truck to the scheduled destination.

**ANSWER: This Paragraph is improperly group-pleaded. Amazon specifically denies any relationship with Defendant Nzaramba and therefore denies the allegations contained in this Paragraph in their entirety.**

70. On March 31st, 2021, at or around 3:10 pm, Justin Nzaramba was driving a tractor-trailer headed generally West on Interstate 80 (I-80) in Wyoming near mile marker 104 at highway speeds when he -- either impaired by fatigue or distraction or both veered off the roadway left (for a **second** time on this trip) and into and across the center median. At that time, roadway conditions were clear and unobstructed.

**ANSWER: Amazon lacks knowledge or information sufficient to admit or deny the allegations contained in this Paragraph and therefore denies them.**

71. The tractor-trailer operated by Justin Nzaramba crossed the center median entirely and traveled into the oncoming lane of traffic headed East on 1-80. At that same time, Daniel DeBeer was traveling in a 2007 Peterbilt truck tractor pulling a flatbed trailer loaded with farm equipment.

**ANSWER: Amazon lacks knowledge or information sufficient to admit or deny the allegations contained in this Paragraph and therefore denies them.**

72. The Volvo truck collided and smashed head-on with Daniel DeBeer in his 2007 Peterbilt truck, causing both the 2007 Peterbilt and 2018 Volvo to become engulfed in flames.

**ANSWER: Amazon lacks knowledge or information sufficient to admit or deny the**

**allegations contained in this Paragraph and therefore denies them.**

73. Daniel DeBeer was killed as a direct result of the fiery crash caused when the eighteen-wheeler slammed into his truck.

**ANSWER: Amazon lacks knowledge or information sufficient to admit or deny the allegations contained in this Paragraph and therefore denies them.**

74. 49 U.S.C. § 13901(c) requires "for each agreement to provide transportation or service for which registration is required under this chapter, the registrant shall specify, in writing, the authority under which the person is providing such transportation or service."

**ANSWER: Amazon admits only the existence of the federal regulation cited in this Paragraph, but denies its applicability to Amazon in this case.**

75. Pursuant to the Bill of Lading issued by the Amazon Defendants accepted the tender of the Cargo, Defendant Amazon Logistics, Inc. specified in writing Defendant Amazon Logistics, Inc. was providing transportation or services under carrier authority.

**ANSWER: The allegations contained in this Paragraph state legal conclusions to which no response is required. To the extent a response is required, Amazon denies the allegations contained in this Paragraph in their entirety. Answering further, Amazon specifically denies that Defendant Nzaramba operated the subject power unit under its motor carrier authority.**

76. Defendant Amazon Logistics, Inc. is a "motor carrier providing transportation...that uses motor vehicles not owned by it to transport property under an arrangement with another party" 49 U.S.C. § 14102(a) and is bound to comply with all applicable provisions of the Federal Motor Carrier Safety Regulations.

**ANSWER: Amazon admits only the existence of the federal regulation cited in this Paragraph, but denies its applicability to Amazon in this case.**

77. When the Amazon Defendants entered into an arrangement with Defendant Northwest Express, Defendant AAF555, Defendant ASD Express and/or Defendant Justin Nzaramba to use vehicles not owned by them to transport property, the Defendant Amazon

Logistics, Inc. assumed legal possession, control and use of the equipment including the truck-tractor involved in the crash under 49 U.S.C. § 14102(a); 49 C.F.R. § 376.11-376.12(c); 49 C.F.R. § 376.26; 49 C.F.R. § 390.5 (defining employer and employee to include independent contractors).

**ANSWER: The allegations contained in this Paragraph state legal conclusions to which no response is required. To the extent a response is required, Amazon denies the allegations contained in this Paragraph in their entirety.**

78. The Amazon Defendants are liable (vicariously and otherwise) for the acts of its agent/borrowed servant and statutory employee, Defendant Northwest Express, Defendant AAF555, Defendant ASD Express, and/or Justin Nzaramba.

**ANSWER: Amazon denies the allegations contained in this Paragraph in their entirety.**

79. The Amazon Defendants aided and abetted violations of the Federal Motor Carrier Safety Regulations and engaged in civil conspiracy to circumvent those regulations.

**ANSWER: The allegations contained in this Paragraph state legal conclusions to which no response is required. To the extent a response is required, Amazon denies the allegations contained in this Paragraph in their entirety.**

## CLAIMS FOR RELIEF

### WRONGFUL DEATH

80. All allegations and causes of action in this Complaint, pled above and below, are incorporated into this claim for relief by reference.

**ANSWER: Amazon restates and incorporates its answers to Paragraphs 1-79 as if fully set forth herein.**

81. Plaintiff brings this Cause of Action under Wyoming's Wrongful Death Statute, found at WY Stat. § 1-38-102 (2021) against all Defendants.

**ANSWER: Amazon lacks knowledge or information sufficient to admit or deny the allegations contained in this Paragraph and therefore denies them.**

82. As a direct and proximate result of the negligence of all Defendants, Daniel DeBeer's next of kin and beneficiaries, including his wife Kimberly DeBeer and his three (3)

minor sons, have experienced loss of support; loss of services; loss of inheritance; loss of his society, including loss of companionship, consortium, care, love, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education; along with mental pain, anguish and emotional trauma.

**ANSWER: Amazon denies the allegations contained in this Paragraph in their entirety.**

83. Daniel DeBeer's next of kin have experienced past grief, mental anguish and bereavement as a result of his death and will experience the same in the future, proximately and directly caused by the negligence of all Defendants, as set forth in greater detail herein.

**ANSWER: Amazon denies the allegations contained in this Paragraph in their entirety.**

**COMMON CLAIMS FOR RELIEF AGAINST DEFENDANTS AMAZON LOGISTICS, INC., AMAZON.COM, INC., DEFENDANT NORTHWEST EXPRESS, LLC, DEFENDANT AAF555, LLC, DEFENDANT ASD EXPRESS**

84. All allegations and causes of action in this Complaint, pled above and below, are incorporated into these claims for relief by reference.

**ANSWER: Amazon restates and incorporates its answers to Paragraphs 1-83 as if fully set forth herein.**

85. The Amazon Defendants and Defendant Northwest Express, Defendant AAF555, Defendant ASD Express owed non-delegable duties to the motoring public and as set forth under Restatement (2d) of Torts, § 428, § 414 and other applicable law.

**ANSWER: This Paragraph is improperly group-pleaded as to all defendants and states legal conclusions to which no response is required. To the extent that a response is required, Amazon admits only that it is bound by applicable duties, if any, imposed by Wyoming law, and denies all remaining allegations contained in this Paragraph.**

86. Plaintiff brings the following claims for relief against the Amazon Defendants and Defendant Northwest Express, LLC, Defendant AAF555 and Defendant ASD Express:

a. Negligence;

b. Negligence of by the Amazon Defendants in the selection and hiring of Defendant Northwest Express, Defendant AAF555, Defendant ASD Express and/or Justin Nzaramba and under Restatement of Torts (2nd) § 411;

c. Negligence in the hiring, retention, supervision, and training of Defendant Justin Nzaramba;

d. Negligence in the entrustment of the equipment (truck and trailer) to Defendant Justin Nzaramba;

e. Vicarious liability for the acts, omissions and negligence of its agent and borrowed servant Defendant Justin Nzaramba;

f. Joint venture/enterprise liability;

g. Master/servant liability, respondeat superior, vicarious liability;

h. Liability as statutory employer of Defendant Justin Nzaramba and as having exclusive possession, control, use and complete responsibility for the equipment and complete responsibility for its operation under 49 U.S.C. § 14102(a), 49 C.F.R. §§ 376.11-12(c); 376.26; 49 C.F.R. § 390.5;

i. Coercion of driver(s) to operate under unsafe conditions and while fatigued or distracted under 49 C.F.R. § 390.6, 49 C.F.R. § 390.11, 49 C.F.R. § 390.13 (aiding and abetting); and

j. Civil conspiracy.

**ANSWER: This Paragraph is improperly group-pleaded as to all defendants and furthermore fails to comply with federal pleading standards as set forth in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and their progeny. Answering further, Amazon denies the allegations contained in this Paragraph, including, subparts (a)-(c), in their entirety.**

87. As a legal and proximate result of Defendants' acts or omissions, negligence, coercion, aiding and abetting, and civil conspiracy, the Amazon Defendants, Defendant Northwest Express, Defendant AAF555, Defendant ASD Express are liable for their acts and omissions under borrowed servant, joint servant, agency, master/servant, statutory employment, negligent entrustment, and negligence. Daniel DeBeer was killed and he and his survivors suffered injuries and damages as a proximate and legal result thereof and for which his surviving family members and beneficiaries are entitled to recover, as set forth more fully below.

**ANSWER: This Paragraph is improperly group-pleaded as to all defendants and furthermore fails to comply with federal pleading standards as set forth in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and their progeny. Answering further, Amazon denies the allegations contained in this Paragraph, including, subparts (a)-(c), in their entirety.**

88. The Amazon Defendants and Defendant Northwest Express, Defendant AAF555, and Defendant ASD Express had duties to act reasonably in hiring, instructing, training, supervising, and retaining all drivers operating under their federal motor carrier operating authority and other employees and agents, including Justin Nzaramba, and to promulgate and enforce policies, procedures, and rules to ensure that its drivers and vehicles were reasonably safe. The Amazon Defendants and Defendant Northwest Express, Defendant AAF555, and Defendant ASD Express had duties to the motoring public and Plaintiff to exercise reasonable care in all their actions related to the transportation of the cargo at issue and had duties to exercise reasonable care in entrusting their equipment and vehicles to responsible, competent, safe, and qualified drivers.

**ANSWER: This Paragraph is improperly group-pleaded as to all defendants and states legal conclusions to which no response is required. To the extent that a response is required, Amazon admits only that it is bound by applicable duties, if any, imposed by Wyoming law, and denies all remaining allegations contained in this Paragraph. Answering further, Amazon specifically denies any employment relationship or agency relationship with Defendant Nzaramba and demands strict proof.**

89. The Amazon Defendants and Defendant Northwest Express, Defendant AAF555, and Defendant ASD Express failed in the above-mentioned duties and were therefore negligent.

**ANSWER: This Paragraph is improperly group-pleaded as to all defendants and states legal conclusions to which no response is required. To the extent that a response is required, Amazon denies the allegations contained in this Paragraph in their entirety.**

90. The Amazon Defendants and Defendant Northwest Express, Defendant AAF555 and Defendant ASD Express' negligence were the direct and proximate cause of the injuries and death of Daniel DeBeer, and the damages described in this Complaint.

**ANSWER: This Paragraph is improperly group-pleaded as to all defendants and states**

**legal conclusions to which no response is required. To the extent that a response is required, Amazon denies the allegations contained in this Paragraph in their entirety.**

91. The Amazon Defendants and Defendant Northwest Express, Defendant AAF555 and Defendant ASD Express' actions demonstrated a conscious disregard for the rights and safety of Daniel DeBeer and the rest of the motoring public, acting with reckless indifference to the consequences to others despite being aware of its conduct and knowing there was a great probability of causing substantial harm. Accordingly, Plaintiff demands punitive damages against Defendants, as set forth more fully below.

**ANSWER: This Paragraph is improperly group-pleaded as to all defendants as to all defendants and contains legal conclusions to which no response is required. To the extent that a response is required, Amazon denies the allegations contained in this Paragraph in their entirety.**

**NEGLIGENCE OF DEFENDANT JUSTIN NZARAMBA**

Plaintiff's cause of action for "Negligence of Defendant Justin Nzaramba" is not pleaded against Amazon and therefore no answer is required. To the extent that Amazon is required to Plaintiff's cause of action for "Negligence of Defendant Justin Nzaramba", Amazon incorporates and restates its answers to Paragraphs 1-91 as if fully stated herein and otherwise denies the cause of action for "Negligence of Defendant Justin Nzaramba" in its entirety and all allegations asserted therein.

**DAMAGES**

101. All allegations and causes of action in this Complaint, pled above and below, are incorporated into these claims for relief by reference.

**ANSWER: Amazon restates and incorporates its answers to Paragraphs 1-91 as if fully set forth herein.**

102. As a direct and proximate result of the negligence of all Defendants, Daniel DeBeer's next of kin and beneficiaries, including without limitation his wife Kimberly DeBeer and his three (3) minor sons, have experienced loss of support; loss of services; loss of inheritance;

loss of his society, including loss of companionship, consortium, care, love, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education; along with mental pain, anguish and emotional trauma.

**ANSWER: This Paragraph is improperly group-pleaded as to all defendants. Amazon denies the allegations contained in this Paragraph in their entirety.**

103. As a direct and proximate result of the negligence of all Defendants, Daniel DeBeer's next of kin have experienced past grief, mental anguish and bereavement as a result of his death and will experience the same in the future.

**ANSWER: This Paragraph is improperly group-pleaded as to all defendants. Amazon denies the allegations contained in this Paragraph in their entirety.**

## AMAZON'S AFFIRMATIVE DEFENSES

NOW COMES Defendant Amazon, by and through its attorneys, and for its Affirmative Defenses to Plaintiff's Complaint and Jury Demand, states as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim for relief that can be granted by the Court.

### SECOND AFFIRMATIVE DEFENSE

Amazon denies that it breached any duty owed to Plaintiff or Plaintiff's decedent Daniel DeBeer.

### THIRD AFFIRMATIVE DEFENSE
**(Sole Proximate Cause)**

As for a separate and second affirmative defense, Amazon alleges that the sole proximate cause of injury to Decedent Daniel DeBeer, if any, was the negligent acts and/or omissions of Decedent, Defendant AAF555, Defendant Northwest Express, LLC, Defendant Justin Nzaramba, and/or other third parties, and not the conduct of Amazon, which did not employ nor have an agency relationship with the Defendant Northwest Express, LLC or Defendant Justin Nzaramba.

Further, Amazon had no employee or agent present at the alleged occurrence, and was not responsible for the activities of any of the other defendant and/or non-party to this litigation.

**FOURTH AFFIRMATIVE DEFENSE**
**(Contributory Negligence)**

As for a separate and first affirmative defense, if the allegations contained in Plaintiff's Complaint are true, which Amazon denies, Decedent Daniel DeBeer was contributorily negligent or assumed the risk of his behavior by failing to exercise caution, attention, and due care while operating his truck on the date of the accident.

**FIFTH AFFIRMATIVE DEFENSE**
**(Act of Third Parties)**

As for a separate and first affirmative defense, Amazon alleges that Plaintiff's claims against Amazon are barred, in whole or in part, because no Amazon employee or agent was present or had a duty or knowledge of any causative conditions leading to the incident. Furthermore, Decedent Daniel DeBeer's alleged injuries, if any, were the result of action or inaction of Defendant Justin Nzaramba, his employer Defendant AAF555 and/or Defendant Northwest Express, LLC, or independent third parties over whom Amazon had no control.

**SIXTH AFFIRMATIVE DEFENSE**
**(Comparative Fault)**

1. As for a separate and first affirmative defense, Amazon alleges that if liability is assessed in any respect, then fault of all parties, entities, and actors, whether or not joined as parties to this lawsuit, must be evaluated and liability apportioned among all persons, entities, and actors in proportion to their respective fault pursuant to W.S. 1-1-109.

## ADDITIONAL AFFIRMATIVE DEFENSES

Amazon states that these named Affirmative Defenses are based on, and therefore necessarily limited by, the records and information presently recollected and thus far discovered. Amazon reserves its right to assert additional affirmative defenses that are revealed during the course of its investigation of this matter.

WHEREFORE, Defendants Amazon Logistics, Inc., Amazon.com, Inc., and Amazon.com Services LLC, respectfully requests that this Honorable Court enter judgment on its behalf and against Plaintiff and award Amazon its costs and such other and further relief as this Court deems just and proper.

DATED this 24th day of March, 2023.

Respectfully submitted,

**AMAZON LOGISTICS, INC. AMAZON.COM, INC., AND AMAZON.COM SERVICES LLC**

/s/ Stuart R. Day
Stuart R. Day, WSB 5-2244
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 North Wolcott, Suite 400 (82601)
P. O. Box 10700
Casper, WY 82601
307-265-0700 telephone
307-266-2306 facsimile
Email: sday@wpdn.net

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing was served upon all counsel of record by electronic service via the CM/ECF system this 24th day of March, 2023.

/s/ Stuart R. Day
Stuart R. Day