Grant H. Lawson, WSB #6-4260
Metier Law Firm, LLC
4828 S. College Ave.
Fort Collins, CO 80525
(307)237-3800 Office
(970)225-1476 Fax
grant@metierlaw.com

Matthew E. Wright
*Admitted pro hac vice*
The Law Firm for Truck Safety, LLP
840 Crescent Centre Drive, Suite 310
Franklin, Tennessee 37067
(615)455-3588 Office
(615)468-4540 Fax
matt@truckaccidents.com

George "Jed" Chronic
*Admitted pro hac vice*
Maschka, Riedy, Ries & Frentz
151 Saint Andrews Court, Building 1010
Mankato, MN  56001
(507)625-6600 Office
(507)625-4002 Fax
jchronic@mrr-law.com

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| KIMBERLY DEBEER, surviving spouse and wrongful death personal representative of DANIEL DEBEER, deceased,<br><br>    Plaintiff,<br><br>v.<br><br>AMAZON LOGISTICS, INC., d/b/a PRIME,  AMAZON.COM, INC., AMAZON.COM SERVICES, LLC, AAF555 LLC,  NORTHWEST EXPRESS LLC, ASD EXPRESS, LLC and JUSTIN NZARAMBA,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action #2:23-cv-33-ABJ<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

Plaintiff Kimberly DeBeer, by and through counsel, for her response in opposition to Defendants' Motion for Protective Order states as follows:

1

**ISSUE PRESENTED**

Documents and materials are not shielded from discovery based on assertions of confidentiality by parties, but for **good cause** established by the **movant**, courts may enter a protective order. To establish good cause, the movant must establish the disclosure of the information sought **will** result in a "**clearly defined and very serious injury**." Amazon seeks entry of a protective order of nearly every item Plaintiff has sought in discovery or that is otherwise required to be produced by Amazon under mandatory initial disclosure requirements. Amazon seeks entry of a protective order based on a conclusory statement that "Defendants agree that information, documents, and other materials disclosed during discovery "may" contain confidential and "sensitive" information, which should not be disclosed outside this litigation."

Amazon's unsupported assertion falls far short of establishing the "clearly defined and very serious injury" the law requires for courts to enter protective orders and the motion should be denied. Alternatively, Plaintiff has proposed an agreed protective order that whereby the burden would remain with Amazon to establish entry of a protective order is warranted, if Plaintiff should object to its application and also includes a provision whereby the Plaintiff can share discovery materials obtained with other similarly situated plaintiffs.

Plaintiff respectfully requests this Court deny Amazon's Motion or, otherwise, enter the proposed protective order that has been submitted by the Plaintiff.

**BACKGROUND**

Although Amazon has failed to meet its required burden with respect to entry of a protective order and their Motion should be denied on that basis alone, Plaintiff does not oppose the entry of a reasonable protective order which balances Defendants' concerns regarding the

production of confidential information with the interest of the parties and public policy that court proceedings should be open and not cloaked in secrecy.

Plaintiff provided proposed revisions to Defendants' proposed protective order on August 18, 2023. (Ex. 1 – Plaintiff's Proposed Protective Order). As of the date of filing this response, the Amazon Defendants have not responded to Plaintiff's proposed revisions.

There are 4 potential areas of dispute between Defendants' and Plaintiff's proposed language:

   a. Whether there should be two categories for the designation of Confidential Information?
   b. Whether the protective order should contain a "sharing provision" for similarly situated litigants?
   c. If a party challenges the designation of confidential, what the procedure should be implemented and whether the burden of establishing the necessary factors remain with movant?
   d. How confidential information should be handled in court proceedings and, more specifically, at the trial of this matter?

## ARGUMENT AND AUTHORITIES

**1. Defendants must demonstrate "good cause" for their proposed protective order**

Whether to enter a protective order is within the sound discretion of the court. *Thomas v. IBM,* 48 F.3d 478, 482 (10th Cir.1995). Fed.R.Civ.P. 26(c) provides that the court, upon a showing of good cause, "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The party seeking a protective order has the burden to show good cause for it. *Sentry Ins. v. Shivers,* 164 F.R.D. 255, 256 (D.Kan.1996). To establish good cause, that party must submit "a particular and specific

3

demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard,* 452 U.S. 89, 102 n. 16, (1981). To establish good cause, the initial inquiry for courts is to determine whether the movant has established that the disclosure of the information sought "will result in a clearly defined and very serious injury." *Stewart v. Mitchell Transp.*, No. 01-2546-JWL, 2002 U.S. Dist. LEXIS 12958, at *18 (D. Kan. July 11, 2002) (*citing Zapata v. IBP, Inc.*, 160 F.R.D. 625, 627 (D. Kan. 1995) (*internal citations omitted*). Amazon has failed to show disclosure of any information sought by Plaintiff in discovery would result in a clearly defined and very serious injury to anyone.

Notwithstanding, Plaintiff does not oppose the entry of a proposed protective order (Ex. 1 hereto) which balances Defendants' desire to protect information they deem "confidential and/or sensitive" with the policy considerations of open courts and the free exchange of information "to secure the just, speedy, and inexpensive determination of every action." F.R.C.P. 1. *See, Cipollone v. Liggett Group Inc., 113 F.R.D. 86, 91 (D.N.J.1986), aff'd. 822 F.2d 335, 345 (3rd Cir.1987).*

**2. There is no justification or authority for two separate categories for the designation of Confidential Information.**

Federal Rule of Civil Procedure 26(c)(1)(G) addresses the discovery of "trade secret[s] or other confidential research, development, or commercial information" in the context of a protective order. Defendants' proposed protective order contains classifications for "Confidential Information" and "Confidential Attorneys' Eyes Only Information." There is no legal basis under the Rule for two separate categories of confidential information in a protective order, as proposed by Defendants. Any information properly identified as "Confidential Information" will receive necessary protection under the remainder of the protective order and thus there is no need or justification for the additional "Confidential Attorneys' Eyes Only Information" designation.

**3. The inclusion of a sharing provision is appropriate and promotes the fair administration of justice while protecting Defendants' legitimate interests.**

Federal courts have long recognized the policy reasons to allow for sharing of discovery materials among individual plaintiffs asserting similar allegations of wrongdoing against a corporate defendant. *See, Cipollone*, 113 F.R.D. at 91; *see also*, *Wilk v. American Medical Ass'n*, 635 F.2d 1295 (7th Cir. 1980)(use of discovery in collateral litigation materially eases the tasks of courts and litigants and speeds up what may otherwise be a lengthy process); *U.S. v. Hooker Chemicals & Plastics Corp.* 90 F.R.D. 421 (W.D. New York 1981)(use of discovery fruits disclosed in one lawsuit in connection with other litigation, and even in collaboration among plaintiffs' attorneys, comes squarely within the purposes of the Federal Rules of Civil Procedure).

In Garcia v. Peeples, 734 S.W.2d 343 (Tex. 1987), the Texas Supreme Court held that the trial court's order limiting the plaintiff's ability to share discovery with similarly situated litigants was overbroad. The court held that allowing litigants to share and exchange discovery materials makes discovery "more truthful." *Id*. at 347. The court stated that allowing the sharing of discovery materials "is an effective means to insure full and fair disclosure. Parties subject to a number of suits concerning the same subject matter are forced to be consistent in their responses by the knowledge that their opponents can compare those responses." *Id*. The court reasoned that the plaintiff would be able to prepare effectively for trial through an exchange of information with other litigants.

By requiring each plaintiff in every similar action to run the same gauntlet over and over again serves no useful purpose other than to create barriers and discourage litigation against the Defendants. Plaintiff's proposed sharing provision requires any similarly situated litigant to bind themselves to the parameters of the protective order and submit to the jurisdiction of this Court. As such, adequate protection is provided by the oversight of this Court to control shared discovery materials with other similarly situated litigants.

Finally, Amazon entities have entered into protective orders in other jurisdictions which contain sharing provisions like the one proposed by Plaintiff in this case. (Ex. 2 – Protective Order in *De La Victoria v. Amazon.com Services, LLC et al.,* Fort Bend County Texas District Court 21-DCV-286864).

**4. The Producing Party should file a motion for determination of the appropriateness of a confidential designation within 7 days of the parties meet and confer process.**

Any protective order "must preserve the plaintiffs' right to challenge the designations of individual documents and require the defendant to meet its burden of showing good cause for continued protection." *Deford v. Schmid Products Co.*, 120 F.R.D. 648 (D. Maryland 1987).

Plaintiff's proposed revision to Defendants' Protective Order clarifies the producing party has the burden of bringing a motion before the Court (after a meet and confer process) as opposed to Defendants' suggested method of the challenging party having to bring the motion. If a party seeks to have discovery information deemed to be "Confidential" and protected, then that party should have to bring the necessary motion.

**5. The issue of how confidential information will be handled at trial is a separate consideration which should be addressed at that time.**

There is a strong public policy interest for allowing general access to Court records. *See American Tel. & Tel. Co. v. Grady*, 594 F.2d 594, 596-97 (7th Cir. 1978). The Supreme Court recognizes a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (citations omitted). This right is based on "the citizen's desire to keep a watchful eye on the workings of public agencies," *Id.* at 598, and it helps "preserv[e] the integrity of the law enforcement and judicial processes." *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985). As a result, "there is a 'strong presumption in favor of public access.'" *United States v. Pickard*,

733 F.3d 1297, 1302 (10th Cir. 2013) (*quoting Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)). This "strong presumption" is heightened when the information subject to a request to seal or redact provides the basis for a court's decision on the merits of the litigation. *Id.*

Considering this "strong presumption" Plaintiff has proposed adding a paragraph to the protective order which specifically establishes that the handling of confidential information/sealing records at trial is reserved for ruling by the Court at that time. (¶ 11 of Plaintiff's Proposed Protective Order).

## **CONCLUSION**

Amazon has the burden of showing the disclosure of the information sought **will** result in a "**clearly defined and very serious injury**" and has failed to do so. A statement that "Defendants agree that information, documents, and other materials disclosed during discovery may contained (sic) confidential and sensitive information" falls far short of meeting this burden.

Plaintiff respectfully requests this Court deny Amazon's Motion for entry of a protective order entirely or, alternatively, enter the protective order proposed by Plaintiff (Ex. 1 hereto) whereby the burden would remain with Amazon to establish the materials sought are proper for entry of protective order remains with Amazon, if disputed by Plaintiff. The order proposed by Plaintiff also contains reasonable provisions for sharing information with similarly situated plaintiffs and eliminates some other unreasonable provisions.

7

**THE LAW FIRM FOR TRUCK SAFETY, LLP**

*/s/ Jed Chronic*
George "Jed" Chronic
*Admitted Pro Hac Vice*
Maschka, Riedy, Ries & Frentz
151 Saint Andrews Court,
Building 1010
Mankato, MN  56001
(507)625-6600
(507)625-4002 (fax)
jchronic@mrr-law.com

Matthew E. Wright, TN #022596
*Admitted Pro Hac Vice*
840 Crescent Centre Drive, Suite 310
Franklin, Tennessee 37067
615-455-3588
615-468-4540 (fax)
matt@truckaccidents.com

Grant H. Lawson, #6-4260
Joseph P. Chenchar, #7-5576
METIER LAW FIRM, LLC
259 S. Center, Suite 301
Casper, WY 82601
Mailing: 4828 South College Avenue
Fort Collins, CO 80525
(307 237-3800
(930) 225-1476 (fax)
grant@metierlaw.com
joe@metierlaw.com

*Attorneys for Plaintiff, Kimberly DeBeer, surviving spouse of and wrongful death representative of Daniel DeBeer*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 29, 2023, a true and correct copy of the foregoing was served by electronic service via the CM/ECF system to the following:

Zenith S. Ward
Buchhammer & Ward, PC
1821 Logan Avenue
P.O. Box 568
Cheyenne, WY 82003-0568
zsw@wyoming.com
Attorney for Defendant Northwest Express, LLC and Justin Nzaramba

Stuart R. Day
WILLIAMS PORTER DAY & NEVILLE
159 North Wolcott, Suite 400
P.O. Box 10700
Casper, WY 82602
sday@wpdn.net
Attorney for Amazon Logistics, Inc., d/b/a Prime; Amazon.com, Inc. and Amazon Services, LLC

Grant H. Lawson
Joseph P. Chenchar
Metier Law Firm, LLC
259 S. Center, Suite 301
Casper, WY 82601
grant@metierlaw.com
joe@metierlaw.com

George "Jed" Chronic
*Admitted Pro Hac Vice*
Maschka, Riedy, Ries & Frentz
151 Saint Andrews Court,
Building 1010
Mankato, MN 56001
(507)625-6600 Office
(507)625-4002 Fax
jchronic@mrr-law.com

　　　　　　　　　　　　　　　*/s/Jed Chronic*_____
　　　　　　　　　　　　　　　George "Jed" Chronic