**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

| | | |
|---|---|---|
| KIMBERLY DEBEER, surviving spouse and wrongful death personal representative of DANIEL DEBEER, deceased, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil No. 23-CV-33-ABJ |
| | ) | |
| AMAZON LOGISTICS, INC. d/b/a PRIME, AMAZON.COM, INC., AMAZON.COM SERVICES LLC, AAF555 LLC, NORTHWEST EXPRESS, LLC, ASD EXPRESS, LLC, and JUSTIN NZARAMBA | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

---

**STIPULATED PROTECTIVE ORDER**

---

The Court, having reviewed the stipulation of the parties, enters the following Protective Order governing the disclosure of Confidential Discovery Material by a Producing Party to a Receiving Party in this Action.

1. **Definitions**. As used in this Order:

   a. "Action" refers to the above-captioned litigation.

   b. "Discovery Material" includes all information exchanged between the parties, whether gathered through informal requests or communications between the parties or their counsel or gathered through formal discovery conducted in this Action pursuant to the FEDERAL RULES OF CIVIL PROCEDURE ("Rule" or "Rules") 26 through 37 and/or Wyoming Statutes and shall include, but is not limited to, information within documents, depositions, deposition exhibits, answers to interrogatories, responses to other discovery requests, and other written, recorded,

computerized, electronic or graphic matter, copies, and excerpts or summaries of documents within the scope of the Rules.

c.      A "Producing Party" is a party to this litigation, or a non-party either acting on a party's behalf or responding to discovery pursuant to a subpoena, that produces Discovery Material in this Action.

d.      A "Receiving Party" is a party to this litigation that receives Discovery Material from a Producing Party in this Action.

e.      "Confidential Information" shall mean all Discovery Material and testimony, and all information contained therein, and other information designated as confidential, including, documents or testimony containing trade secrets, proprietary business information, competitively sensitive information or other information the disclosure that would, in the good faith judgment of the Party or, as appropriate, nonparty designating the material as confidential, be detrimental to the conduct of that Party's or nonparty's business or the business of any of that Party's or nonparty's customers or clients, which may include, but is not limited to, data, computer code and associated comments and revision histories, formulas, engineering specifications, or other information that may define or otherwise describe in detail the algorithms or structure of software, mobile applications, or hardware designs, confidential research and development, financial, technical, marketing, or information capable of being utilized for the preparation or prosecution of a patent application dealing with such subject matter.

2.      **Confidential Discovery Material**. This Protective Order applies to all Confidential Discovery Material and Confidential Information produced or obtained in this case. For the purposes of this Protective Order, Confidential Discovery Material shall include:

a.       Commercial information relating to any party's business including, but not limited to, tax data, financial information, financial or business plans or projections, proposed strategic transactions or other business combinations, internal audit practices, procedures, and outcomes, trade secrets or other commercially sensitive business or technical information, proprietary business and marketing plans and strategies, studies or analyses by internal or outside experts, competitive analyses, customer or prospective customer lists and information, profit/loss information, product or service pricing or billing agreements or guidelines, and/or confidential project-related information;

b.       Personnel data of the parties or their employees, including but not limited to, information regarding employment applications; employment references; wages and income; benefits; employee evaluations; medical evaluation and treatment and related records; counseling or mental health records; educational records; and employment counseling, discipline, or performance improvement documentation;

c.       Information concerning settlement discussions and mediation, including demands or offers, arising from a dispute between a party and a non-party;

d.       Medical or mental health information;

e.       Records restricted or prohibited from disclosure by statute; and

f.       Any information copied or extracted from the previously described materials, including all excerpts, summaries, or compilations of this information or testimony, and documentation of questioning, statements, conversations, or presentations that might reveal the information contained within the underlying Confidential Discovery Material.

3.       **Manner of Confidential Designation**. A Producing Party shall affix a "CONFIDENTIAL" designation to any Confidential Discovery Material produced in this Action.

a. For documentary information (defined to include paper or electronic documents, but not transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix the legend "CONFIDENTIAL" to each page that contains protected material.

b. If only a portion or portions of the information on a document page qualifies for protection, the Producing Party must clearly identify the protected portion(s) (*e.g.*, by using highlighting, underlining, or appropriate markings in the margins).

c. If it is not feasible to label Confidential Discovery Material as "CONFIDENTIAL" the Producing Party shall indicate via cover letter or otherwise at the time of production that the material being produced is confidential.

d. At the time of a deposition or within 14 days after receipt of the deposition transcript, a party may designate as confidential specific portions of the transcript which contain confidential matters under the standards set forth in Section 2 above. This designation shall be in writing and served upon all counsel. No objection shall be interposed at deposition that an answer would elicit confidential information. Transcripts will be treated as confidential for this 14-day period. Any portions of a transcript designated confidential shall thereafter be treated as confidential in accordance with this Order. The confidential portion of the transcript and any exhibits referenced solely therein shall be bound in a separate volume and marked "CONFIDENTIAL" by the reporter.

4. **Timing of Confidential Designation**.

a. Except as otherwise stipulated or ordered, or where discovery is made available for inspection before it is formally disclosed, Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

b.      If the Producing Party responds to discovery by making Discovery Material available for inspection, the Producing Party need not affix confidential designations until after the Receiving Party has selected the material it wants to receive. During the inspection and before the designation, all material made available for inspection is deemed confidential. After the Receiving Party has identified the Discovery Material it wants produced, the Producing Party must determine which materials, or portions thereof, qualify for protection under this Order, and designate the materials as "CONFIDENTIAL" as required under this order.

5.      **Qualified Recipients**. For the purposes of this Protective Order, the persons authorized to receive Confidential Discovery Material (hereinafter "Qualified Recipient") are:

a.      The Parties, including any members, council members, officers, board members, directors, employees, or other legal representatives of the parties;

b.      Legal counsel representing the parties, and members of the paralegal, secretarial, or clerical staff who are employed by, retained by, or assisting such counsel; including vendors who are retained to copy documents or electronic files, provide technical, litigation support, or mock trial services, or provide messenger or other administrative support services;

c.      Any non-expert witness during any deposition or other proceeding in this Action, and counsel for that witness;

d.      Potential witnesses and their counsel, but only to the extent reasonably related to the anticipated subject matter of the potential witness's deposition, trial, or hearing testimony for this Action;

e.      Consulting or testifying expert witnesses who will be providing professional opinions or assistance for this Action based upon a review of the confidential information, and the staff and assistants employed by the consulting or testifying experts;

f.      Any mediator or arbitrator retained by the parties to assist with resolving and/or settling the claims of this Action and members of the arbitrator's or mediator's staff and assistants;

g.      The parties' insurers for this Action, and their staff and assistants, members, officers, board members, directors or other legal representatives;

h.      Court reporters for depositions taken in this Action, including persons operating video recording equipment and persons preparing transcripts of testimony;

i.      The Court and its staff, any court reporter or typist recording or transcribing hearings and testimony, and jurors;

j.      Any auditor or regulator of a party entitled to review the Confidential Discovery Material due to contractual rights or obligations, or federal or state laws, or court orders, but solely for such contractual or legal purposes; and

k.      Attorneys (and their employees) of other "Similarly Situated Litigants" who have been retained to represent client(s) against Producing Party and/or are currently in litigation against the Producing Party with claims alleging the "Similarly Situated Litigants" were injured in a crash involving allegations the Producing Party is liable for damages. Such disclosure may only be made after the counsel for the "Similarly Situated Litigant" agrees in writing to be bound by the provisions of this agreement by signing Appendix A

6.     **Dissemination by the Receiving Party**.

a.      Before receiving Confidential Discovery Material, each Qualified Recipient who is not included in Sections 5(a) and 5(b) above, shall: (i) review and agree to the terms of this Protective Order and (ii) execute a copy of the Agreement attached hereto as Appendix A.

      b.      The prohibition on disclosing information designated as "CONFIDENTIAL" exists and is enforceable by the Court even if the person receiving the information fails or refuses to sign the Appendix A Agreement.

7.      **Limitations on Use**. Discovery Material designated as "CONFIDENTIAL" shall be held in confidence by each Qualified Recipient to whom it is disclosed, shall be used only for purposes of this action, and shall not be disclosed to any person who is not a Qualified Recipient. Nothing herein prevents disclosure beyond the terms of this Protective Order if the party claiming confidentiality consents in writing to such disclosure.

8.      **Docket Filings**. A party seeking to file documents containing Confidential Discovery Material under seal must comply with the Court's rules and electronic docketing procedures for filing motions for leave to file under seal.

9.      **Challenges to Confidentiality Designations**. A Receiving Party that questions the Producing Party's confidentiality designation will, as an initial step, contact the Producing Party and confer in good faith to resolve the dispute. If the parties are unable to resolve the dispute without court intervention, the Producing Party shall file a motion with the Court for a determination as to whether the designation is appropriate within 7 days of the conclusion of the meet and confer process. The party that designated as "CONFIDENTIAL" bears the burden of proving it was properly designated. Any Receiving Party shall file their opposition in accordance with the Rules or Orders of the Court. The party challenging a "CONFIDENTIAL" designation must obtain a court order before disseminating the information to anyone other than Qualified Recipients.

10.     **Use at Court Hearings**. Subject to the FEDERAL RULES OF EVIDENCE, Discovery Material designated as "CONFIDENTIAL" may be offered and received into evidence at trial or at any

hearing or oral argument. A party agreeing to the entry of this order does not thereby waive the right to object to the admissibility of the material in any proceeding, including trial. Any party may move the Court for an order that Discovery Material designated as "CONFIDENTIAL" be reviewed *in camera* or under other conditions to prevent unnecessary disclosure.

11.     **Use at Trial.** This Protective Order shall not apply to the disclosure of Discovery Material designated as "CONFIDENTIAL" or the information contained therein at the time of trial, through receipt of Discovery Material designated as "CONFIDENTIAL" into evidence or through the testimony of witnesses. The closure of trial proceedings and sealing of the record of a trial involves considerations not presently before the Court. These issues may be taken up as a separate matter upon the motion of any of the parties at the trial in this matter. A party agreeing to the entry of this order does not thereby waive the right to object to the admissibility of the material at trial.

12.     **Return or Destruction of Documents**. Upon final termination of this Action, including all appeals, each party shall make reasonable efforts to destroy all Discovery Material designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY". The destroying party shall notify the producing party when destruction under this provision is complete. If a party is unable to destroy all Discovery Material designated as "CONFIDENTIAL" that material shall be returned to the Producing Party or the Producing Party's counsel. This Protective Order shall survive the final termination of this action, and it shall be binding on the parties and their legal counsel in the future.

13.     **Use by Similarly Situated Litigants After Conclusion of Litigation.** Notwithstanding the above requirements for persons identified under paragraph 12 to return or destroy documents, any counsel for "Similarly Situated Litigants" (as defined in 5(k)) may only retain materials designated as "CONFIDENTIAL" provided said counsel has agreed to be bound by the terms of

this Order, including their agreement not to disclose "CONFIDENTIAL" documents or information with counsel's client, expert, or any other person, except as provided for in this paragraph. An attorney may not use his or her copy of any materials designated as "CONFIDENTIAL", including any work product referring or relating to any "CONFIDENTIAL" materials, in subsequent or ongoing litigation involving the designating party unless the designating party denies the existence of the "CONFIDENTIAL" documents in said litigation. In the event of such a denial, the attorney may disclose the "CONFIDENTIAL" materials to rebut the denial of the existence of said documents in said litigation, only.

14.     **Modification**. This Stipulated Protective Order is entered without prejudice to the right of any party to ask the Court to order additional protective provisions, or to modify, relax or rescind any restrictions imposed by this Stipulated Protective Order. Disclosure other than as provided for herein shall require the prior written consent of the Producing Party, or a supplemental Protective Order of the Court.

15.     **Additional Parties to Litigation**. In the event additional parties are joined in this action, they shall not have access to Discovery Material as "CONFIDENTIAL" until the newly joined party, by its counsel, has executed and, at the request of any party, filed with the Court, its agreement to be fully bound by this Stipulated Protective Order.

16.     **Inadvertent Disclosure of Protected Discovery Material**. The inadvertent, unintentional, or *in camera* disclosure of a confidential document and information shall not generally be deemed a waiver, in whole or in part, of any party's claims of confidentiality. If at any time prior to trial, a producing party realizes that some portion(s) of the discovery material that the party produced should be designated as confidential, the party may so designate by

apprising all parties in writing, and providing that the material has not already been published or otherwise disclosed, such portion(s) shall thereafter be treated as confidential under this Order.

17.     **Jurisdiction**. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

**SO STIPULATED:**

_/s/ Grant H. Lawson_____
Grant H. Lawson
Joseph P. Chenchar
Metier Law Firm, LLC
259 S. Center, Suite 301
Casper, WY 82601
Mailing: 4828 South College Avenue
Fort Collins, CO 80525
(307) 237-3800 Phone
(930) 225-1476 Fax
grant@metierlaw.com
joe@metierlaw.com

*Attorneys for Plaintiff*

/s/ George Chronic_____
George "Jed" Chronic, *Pro Hac Vice*
Maschka, Riedy, Ries & Frentz
151 Saint Andrews Court, Building 1010
Mankato, MN 56001
(507) 625-6600 Phone
(507) 625-4002 Fax
jchronic@mrr-law.com

*Attorneys for Plaintiff*

/s/ Matthew E. Wright_____
Matthew E. Wright, *Pro Hac Vice*
The Law Firm for Truck Safety, LLP
840 Crescent Centre Drive, Suite 310
Franklin, Tennessee 37067
(615) 455-3588
matt@truckaccidents.com

*Attorneys for Plaintiff*

/s/ Zenith S. Ward_____
Zenith S. Ward
Buchhammer & Ward, P.C.
1821 Logan Ave.
P.O. Box 568
Cheyenne, WY 82003-0568
(307) 634-2184 Phone
zsw@wyoming.com

*Attorneys for Defendants Northwest Express, LLC, AAF555, LLC and Justin Nzaramba*

/s/ Stuart R. Day_____
Stuart R. Day, #5-2244
Williams, Porter, Day & Neville, P.C.
159 N. Wolcott, Suite 400
Casper, WY 82601
(307) 265-0700
(307) 266-2306 (fax)
sday@wpdn.net

*Attorneys for Amazon Defendants*

**IT IS SO ORDERED this _____ day of _____, 2023 by:**

_____
HONORABLE ALAN B. JOHNSON
UNITED STATES JUDGE

## APPENDIX A

## AGREEMENT WITH REGARD TO CONFIDENTIAL INFORMATION

1. My name is_____.

2. My address is_____.

3. My present occupation or job description is_____

_____.

4. I have received a copy of the Stipulated Protective Order (the "**Stipulation**") entered in the matter of *Kimberly DeBeer, et al. v. Amazon Logistics, Inc., et al.*, United States District Court for the District of Wyoming, Case Number 23-CV-33-ABJ.

5. By executing this Agreement below, I acknowledge and agree that I have carefully read and understand the provisions of the Stipulation and will comply with all of the provisions of the Stipulation.

6. I acknowledge and agree that I will hold in confidence, will not disclose to anyone not qualified under the Stipulation, and will use only for purposes of this action, any Confidential Information that is disclosed to me.

7. I acknowledge and agree that I will return all Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information.

8. I hereby submit to the jurisdiction of this court for the purpose of enforcement of the Stipulation in this action.

Signature: _____ Dated: _____