CAUSE NO.  21-DCV-286864

| | | |
|---|---|---|
| **ROBERT DE LA VICTORIA** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff* | § | |
| | § | |
| **VS.** | § | **FORT BEND COUNTY, TEXAS** |
| | § | |
| **SOFFE ABRAHAM RUIS ARAUJO,** | § | |
| **RYDER TRUCK RENTAL, BLAZAR** | § | |
| **SOLUTIONS, LLC, AMAZON.COM** | § | |
| **SERVICES, LLC** | § | **400TH JUDICIAL DISTRICT COURT** |
| *Defendants.* | | |

## CONFIDENTIALITY PROTECTIVE ORDER

1.    **Scope.** The protections conferred by this Confidentiality Protective Order ("Order") shall cover all documents, all responses to discovery requests, all deposition testimony and deposition exhibits, and any other materials which may be subject to discovery (hereinafter collectively "documents") produced in discovery by any Party. All such documents shall be subject to this Order concerning "Confidential Information" as set forth below. The protections conferred by this Order cover not only documents (as defined above), but also (1) any "Confidential Information" copied or extracted from documents; (2) all copies, excerpts, summaries, or compilations of "Confidential Information"; and (3) any testimony, conversations, or presentations by parties or their Counsel that might reveal "Confidential Information".

2.    **Dissemination/Disclosure.** Any person or entity subject to this Order, as set forth below, shall not disseminate or disclose documents designated as "CONFIDENTIAL," or the information contained therein, except as permitted by this Order. As used in this Order, the term "disseminate" shall include, but not be limited to, sharing, speaking about, or paraphrasing the contents of confidential documents; posting through electronic means, the internet, or social media, the contents of confidential documents; and copying, photographing, scanning, streaming, videotaping, transcribing, retyping, reproducing, or reprinting by any means whatsoever, any documents designated

1

as "CONFIDENTIAL." The parties and counsel shall be subject to all restrictions on dissemination and disclosure set forth in this Order.

3.     **Form and Timing of Designation.** Confidential documents shall be so designated by placing or affixing the word "CONFIDENTIAL" on the documents in a manner which will not interfere with the legibility of the documents, and which will permit complete removal of the "CONFIDENTIAL" designation, if necessary. Documents shall be designated "CONFIDENTIAL" prior to, or contemporaneously with, the production or disclosure of the documents.

4.     **Documents Which Are Entitled to "CONFIDENTIAL" Designation.** Any party may designate documents as "CONFIDENTIAL" if the documents fall within one or more of the following categories:

a.   Protected from disclosure by statute;

b.   Sensitive personal information;

c.   Personal Identifying Information;

d.   Medical information concerning any individual;

e.   Tax returns (including attached schedules and forms) and tax forms including, but not limited to, W-2 forms and 1099 forms; or

f.   Personnel or employment records of any person.

Information or documents which are available in the public sector may not be designated as "CONFIDENTIAL."

5.     **Documents Entitled to "CONFIDENTIAL" Designation as Trade Secrets.** Any party may seek to designate other documents as "CONFIDENTIAL" if the Party contends the documents contain extremely sensitive confidential information, the public disclosure of which would create a substantial risk of serious harm to the business or competitive position of the designating party that could not be avoided by less restrictive means. Documents subject to treatment as

"CONFIDENTIAL" under this paragraph shall be defined as documents or materials containing information which has been determined by counsel for a party, in good faith, to fall within one or more of the following categories:

a.  Trade secrets;

b.  Research, technical, commercial, or financial information that the producing party has maintained as confidential;

c.  Non-public information maintained by a third party as confidential that the producing party receives, obtains, or is provided access to that the producing party has maintained as confidential;

d.  Information consisting of, reflecting, or representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs;

e.  Information consisting of, reflecting, or representing raw data generation, collection, receipt, access, processes, analyses, and storage;

f.  Information consisting of, reflecting, or representing analytics or metrics derivative of raw data;

g.  Business, enterprise, or operational data architecture, data modeling, data infrastructure, data management, data analytics, or data metrics, and any associated proprietary systems, software, networks, platforms, or databases;

h.  Sensitive business information, including highly sensitive financial or marketing information not otherwise in the public domain;

i.  Competitive technical information, including technical analyses of products or services;

3

      j.      Competitive business information, including non-public financial and marketing analyses, comparisons of products or services, and strategic product or service expansion plans;

      k.      Vendor or business partner relationships or documents that fall within one or more of the aforementioned categories defined in this Paragraph 4, sub-paragraphs (a) - (g); or

      l.      Any other commercially sensitive information the public disclosure of which the producing party reasonably and in good faith believes would likely cause harm.

6.      If any party objects to the designation of documents as "CONFIDENTIAL", the parties shall schedule a meet and confer to discuss the objection. If the meet and confer process does not resolve the objection, then the designating party shall file a motion seeking to approve the "CONFIDENTIAL" designation under the applicable Rules within seven (7) days after conclusion of the meet and confer process. The designating party bears the burden of proof to show the documents are properly designated "CONFIDENTIAL" pursuant to TRCP 76(a) and 192.6. Any non-designating party shall file their opposition in accordance with the Rules or the Orders of the Court.

7.      **Depositions.**  All depositions shall be deemed "CONFIDENTIAL" for a period of fourteen (14) days after receipt of the transcript. No later than fourteen (14) days after delivery of the transcript, any party wishing to maintain the "CONFIDENTIAL" designation of any deposition exhibit or testimony must serve a designation, by reference to specific page and line numbers, of those portions of the transcript the party wishes to remain "CONFIDENTIAL." If no party moves for any "CONFIDENTIAL" designation prior to the expiration of fourteen (14) days, the entire transcript and all exhibits utilized therein shall no longer be treated as "CONFIDENTIAL."  Any non-designating party may object to any "CONFIDENTIAL" designation at any time. In the event of an objection, the

designating party must move the Court for an Order confirming their designation within seven days of receiving the objection.

7.    **Protection of "CONFIDENTIAL" Material.**

a.    **General Protections.** Documents designated "CONFIDENTIAL" under this Order shall not be used, disclosed, or disseminated by the parties, counsel for the parties, their agents (such as paralegals, secretaries, or stenographers), or any other persons identified below (¶ 7.b.) for any purpose whatsoever other than preparing for and conducting the litigation in which the documents were disclosed (including any appeal of that litigation).

b.    **Limited Third-Party Disclosures of "CONFIDENTIAL" Material.** The parties, counsel for the parties, and their agents, shall not disclose or permit the disclosure of any documents designated "CONFIDENTIAL" under the terms of this Order to any other person or entity except as set forth in subparagraphs (1)-(3) below, and then only after the person to whom disclosure is to be made has executed an acknowledgment (in the form set forth at Attachment A hereto), that he or she has read and understands the terms of this Order and is bound by it. Subject to these requirements and other requirements of this Order below, disclosure of documents designated "CONFIDENTIAL" may be made to the following categories of persons:

(1)    consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit;

(2)    attorneys of other "Similarly Situated Litigants" (and specifically *excluding* experts retained by said "Similarly Situated Litigants"), who are currently involved in litigation against the designating party where the

allegations of wrongdoing, claims of liability, or legal issues are the same or substantially similar; and

(3)    other persons only upon consent of the designating party or upon order of the Court and on such conditions as are agreed to or ordered.

c.    **Control of Documents.** All those subject to the terms of this Order shall take reasonable efforts to prevent unauthorized disclosure of documents designated as "CONFIDENTIAL" or dissemination of the confidential information contained therein, pursuant to the terms of this Order. Counsel shall maintain a record of any expert, "similarly situated litigant" or other third party who has reviewed or been given access to the documents, along with the original of the form signed by those persons acknowledging their obligations under this Order.

d.    **Copies.** All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies"), of documents designated as "CONFIDENTIAL" under this Order or any portion of such a document, shall be immediately affixed with the designation "CONFIDENTIAL" if the word or words do not already appear on the copy. All such copies shall be afforded the full protection of this Order.

8.    **Filing of "CONFIDENTIAL" Materials.**  In the event a non-designating party needs to file any "CONFIDENTIAL" material that with the court, absent extraordinary circumstances making prior consultation impractical or inappropriate, the non-designating party shall first consult with counsel for the designating party to determine if some measure less restrictive than filing the document under seal may serve to provide adequate protection including: (1) filing a redacted document with the consent of all parties; (2) where appropriate (*e.g.* in relation to discovery and evidentiary motions), submitting the documents solely for *in camera* review. Upon notice from a non-designating party, the designating party may consent to the proposed filing or agree to a less restrictive

6

measure. If no agreement is reached, the designating party shall seek permission to file the documents under seal pursuant to the procedural steps set forth in rule 76a of the Texas Rules of Civil Procedure, or such other rule or procedure as may apply in the relevant jurisdiction. If a motion to file under seal becomes necessary, the designating party shall consent to an extension or suspension of any deadline to file that is applicable to the non-designating party while the motion to file under seal is pending. If the Court denies the motion to file under seal, the non-designating party may file the "CONFIDENTIAL" documents without concern for their prior designation. Nothing in this Order shall be construed as a prior directive to the Clerk of Court to allow any document to be filed under seal. The parties understand that documents may be filed under seal only with the permission of the Court after proper motion pursuant to Rule 76a of the Texas Rules of Civil Procedure.

9.      Notwithstanding the foregoing, if a designating party makes any court filing which puts "CONFIDENTIAL" material or documents into issue, any non-designating party may file any "CONFIDENTIAL" materials necessary to respond to the issue raised without consideration of any prior "CONFIDENTIAL" designation.

10.     **Challenges to Designation as "CONFIDENTIAL."**   Any "CONFIDENTIAL" designation is subject to challenge at any time. The following procedures shall apply to any such challenge:

a.      The burden of proving the necessity and propriety of a "CONFIDENTIAL" designation remains with the designating party.

b.      A non-designating party who challenges any documents designated "CONFIDENTIAL" shall give written notice to the designating party of the specific basis for the challenge. The designating party shall have fourteen (14) days from service of the written notice to resolve the dispute without judicial intervention or move for an Order confirming the "CONFIDENTIAL" designation.

c.      Notwithstanding any challenge to the designation of documents as "CONFIDENTIAL," all documents designated "CONFIDENTIAL" shall continue to be treated as subject to the full protections of this Order until one of the following occurs:

(1)      the designating party withdraws its "CONFIDENTIAL" designation in writing;

(2)      the designating party fails to move timely for an Order confirming the designation as "CONFIDENTIAL" as set forth above; or

(3)      the Court rules that the documents should no longer be designated as "CONFIDENTIAL."

d.      Challenges to "CONFIDENTIAL" designations of documents may be made at any time and are not waived by the failure to raise the challenge at the initial time of designation.

11.      **Treatment on Conclusion of Litigation.**

a.      **Order Remains in Effect.** All provisions of this Order restricting the use of documents designated "CONFIDENTIAL" shall continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered.

b.      **Return or Destruction of "CONFIDENTIAL" Documents.** Within thirty (30) days after the conclusion of the litigation, including conclusion of any appeal, all documents treated as "CONFIDENTIAL" under this Order, including copies provided to persons identified under ¶7.b, shall be returned to the attorney who provided the documents to the identified persons, unless: (1) the document has been entered as evidence or filed in the Court's record (unless introduced or filed under seal); or (2) the parties receiving the copies stipulate to destruction in lieu of return. Counsel described in subparagraph "c", below,  may retain documents in their files after the conclusion of the litigation.

c.      **Use by Similarly Situated Litigants After Conclusion of Litigation.** Notwithstanding the above requirements for persons identified under ¶11.b to return or destroy documents, any

counsel for a Similarly Situated Litigant (as that term is defined in Paragraph 7.b(2)) may **only** retain materials designated as "CONFIDENTIAL" provided said counsel has agreed to by bound by the terms of this Order, including their agreement not to disclose "CONFIDENTIAL" documents or information with counsel's client, expert, or any other person, except as provided for in this paragraph. An attorney may not use his or her copy of any materials designated as "CONFIDENTIAL", including any work product referring or relating to any "CONFIDENTIAL" materials, in subsequent or ongoing litigation involving the designating party **unless** the designating party denies the existence of the "CONFIDENTIAL" documents in said litigation. In the event of such a denial, the attorney may disclose the "CONFIDENTIAL" materials to rebut the denial of the existence of said documents in said litigation, only.

12.     **Order Subject to Modification.** This Order shall be subject to modification on motion of any party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Order. The Order shall not, however, be modified until the parties shall have been given notice and an opportunity to be heard on the proposed modification.

13.     **No Judicial Determination.** This Order shall not be construed to shift the burden of proof away from any designating party seeking judicial approval of a "CONFIDENTIAL" designation. The designating party always bears the burden of proof regarding the propriety of any "CONFIDENTIAL" designation. No Party may designate as "CONFIDENTIAL" any information or documents which are publicly available from any source. This Order is entered based solely on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated as "CONFIDENTIAL" by counsel is subject to protection under Rule 192.6

of the Texas Rules of Civil Procedure or otherwise until such time as a document-specific ruling shall have been made.

14.     **Persons Bound.** This Order shall take effect when entered and shall be binding upon: (1) counsel who signed below and their respective law firms (including paralegals, secretaries, or other officer personnel); (2) their respective clients; and (3) any third parties, such as experts or Similarly Situated Litigants, as defined in this Order.


**AGREED AS TO FORM AND SUBSTANCE:**


*/s/ Matthew A. Elwell*
**R. James Amaro**
**Matthew A. Elwell**
**Amaro Law Firm**
2500 E.T.C. Jester Blvd., Ste. 525
Houston, Texas 77008
Telephone 713-864-1941
fax@amarolawfirm.com
**ATTORNEYS FOR PLAINTIFF**


/s/   *Scott McCormick*
**Scott McCormick**
Newton, Jones, & McNeely
Houston, Texas 77027
Telephone: 713-493-7619
smccormick@newton-lawyers.com
dnewton@newton-lawyers.com
**ATTORNEYS FOR DEFENDANTS BLAZAR SOLUTIONS, SOFFE ABRAHAM RUIZ ARAUJO, AND AMAZON.COM SERVICES, LLC**


/s/  *Mark Flanagan* (Signed with permission)
Mark Flanagan
404 Heights Blvd.,
Houston, Texas 77007
Telephone: (832) 590-3144

**ATTORNEY FOR DEFENDANT RYDER TRUCK RENTAL, INC.**

**CAUSE NO. 21-DCV-286864**

| | | |
|---|---|---|
| **ROBERT DE LA VICTORIA** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff* | § | |
| | § | |
| **VS.** | § | **FORT BEND COUNTY, TEXAS** |
| | § | |
| **SOFFE ABRAHAM RUIS ARAUJO,** | § | |
| **RYDER TRUCK RENTAL, BLAZAR** | § | |
| **SOLUTIONS, LLC, AMAZON.COM** | § | |
| **SERVICES, LLC** | § | **400TH JUDICIAL DISTRICT COURT** |
| *Defendants.* | | |

**ATTACHMENT A**
**ACKNOWLEDGMENT OF UNDERSTANDING**
**AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he or she has read the foregoing Confidentiality Protective Order in the above-captioned action, understands the terms thereof, and agrees to be bound by such terms. The undersigned submits to the jurisdiction of the District Court of Fort Bend County, Texas, 400th Judicial District, in matters relating to the Confidentiality Protective Order and understands that the terms of this Confidentiality Protective Order obligate him/her to use discovery materials designated as "CONFIDENTIAL" solely for the purposes of the above-captioned action (or, if the undersigned is not a party to the above captioned litigation, only as permitted by paragraph 11.c of this Order), and not to disclose any such "CONFIDENTIAL" documents or information to any other person, firm, or organization unless specifically authorized by the terms of this Confidentiality and Protective Order.

The undersigned acknowledges that violation of the foregoing Confidentiality Protective Order may result in penalties for contempt of court.

Printed Name: _____

Job Title: _____

Employer: _____

Business Address: _____

Signature: _____   Date: _____

11