Matthew E. Wright
Admitted *pro hac vice*
The Law Firm for Truck Safety, LLP
840 Crescent Centre Drive, Suite 310
Franklin, Tennessee 37067
(615)455-3588 Office
(615)468-4540 Fax
matt@truckaccidents.com
*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

KIMBERLY DEBEER, surviving spouse
and wrongful death personal
representative of
DANIEL DEBEER, deceased,

    Plaintiff,

v.                                                                              Civil Action #2:23-cv-33-ABJ
                                                                                                JURY DEMAND

AMAZON LOGISTICS, INC.,
d/b/a PRIME,  AMAZON.COM, INC.,
AMAZON.COM SERVICES, LLC,
AAF555 LLC, NORTHWEST EXPRESS
LLC, ASD EXPRESS, LLC and
JUSTIN NZARAMBA,

    Defendants.

## PLAINTIFF'S MOTION TO IMPOSE SANCTIONS AGAINST DEFENDANTS AAF555, LLC AND NORTHWEST EXPRESS, LLC

Plaintiff, Kimberly DeBeer, by and through her undersigned counsel, hereby files this Motion to Impose Sanctions Against Defendants Northwest Express, Inc., and AAF55 LLC pursuant to Fed. R. Civ. P. 37 and the inherent power of this Court, for having failed to comply with the Order of this Court, and despite having been given numerous opportunities to respond to valid discovery requests.

**I.**

1

**PROCEDURAL HISTORY**

1. On February 28, 2023, Plaintiff filed suit against Northwest Express LLC and AAF555LLC, among others, asserting direct negligence and gross negligence claims.

2. This case is governed by an Order on Initial Pretrial Conference (ECF #37) and is set for trial on September 9, 2024.

3. Pursuant to Fed. R. Civ. P. Rules 33 and 34 Plaintiff served her First Interrogatories and Requests for Production of Documents upon Defendants Northwest and AAF555 on July 25, 2023, and due to a service issue raised by Counsel for Northwest and AAF555, again on October 9, 2023.

4. On November 30, 2023, this Court held an informal telephonic discovery conference to discuss Plaintiff's concerns with the failure of Northwest Express, LLC and AAF555 LLC's to respond to discovery.

5. After hearing argument of counsel, this Court and subsequently entered a Text-Only Order (ECF No. 51), ordering Defendants Northwest Express, LLC and AAF555 LLC to respond to all outstanding discovery requests on or before **December 13, 2023**.

6. As of the date of this motion and in violation of this Court's November 30, 2023 Order, Northwest and AAF555 have failed and/or refused to produce Answers to Plaintiff's First Set of Interrogatories or Responses to Plaintiff's First Requests for Production.

**II.**
**ARGUMENT & AUTHORITIES**

**A.    Legal Standard.**

Fed. R. Civ. P. 37(b)(2) provides:

Sanctions Sought in the District Where the Action is Pending.

(A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

A court is authorized to impose sanctions when a party fails to cooperate in discovery and/or obey a discovery order. *Beilue v. Int'l Bhd. of Teamsters, Local No. 492*, 13 Fed. Appx. 810, 814 (10th Cir. 2001) (the imposition of the sanctions is within the inherent power of the court and depends on "how the parties conduct themselves during the litigation.") District Courts have broad discretion to use sanctions where necessary to ensure the "expeditious and sound management of the preparation of cases for trial." *Lee v. Max, Int'l, LLC,* 638 F.3d 1318, 1320 (10th Cir. 2011). The available sanctions include dispositive ones that may be imposed for failing of a party to answer discovery. *Echo v. Sackett,* 809 Fed. App'x 468, 473 (10th Cir. 2020) (upholding the

3

district court's order finding certain facts deemed admitted for the failure of a party to properly answer interrogatories.)

Here, both Defendants, after several requests from Plaintiff, have continued to refuse to answer any written discovery and requests for production of documents, which are attached hereto as Collective Exhibit 1. Plaintiff has complied with the requirements of this Court by holding an informal telephonic conference with the Magistrate Judge and an order was issued requiring these Defendants to answer discovery by December 14th, 2023. (ECF #51) Defendants failed to comply with this Order.

Plaintiff has or will suffer significant prejudice at trial or otherwise because many of the documents and data that have been requested of Defendants likely are not obtainable form other sources, including but not limited to, information about driver qualifications and safety history of Justin Nzaramba (driver qualification file), whether he had any training, whether he was driving while fatigued or distracted (Hours of service logbooks and other electronic applications/data) and other similar items requested in Exhibit 1.

This Court should exercise its inherent authority and impose sanctions against Defendants for the repeated failures of Defendants to answer discovery and for the failure to comply with the Court's Order. Appropriate sanctions Plaintiff seeks include:

(1) This Court should strike the Answers of Defendants Northwest Express and AAF555;

(2) These Defendants should be precluded from disputing, or attempting to dispute, any of the allegations and facts contained in Plaintiffs Complaint and the same shall be deemed established as to these Defendants; which may be read to the jury;

(3) The Court should reserve the issue of whether to enter default judgment at a later date and for damages to be determined by the trier of fact at trial.

### III.
### CERTIFICATE OF CONFERENCE

Counsel for Plaintiff hereby certifies for the Court that prior to the filing of this motion he conferred with counsel for Northwest Express and AAF555 in an effort to reach an agreement and that such attempts were unsuccessful. The Parties have also previously engaged in a discovery dispute conference with the Court and the Court issued an Order (ECF #51) that required "Defendants AAF555 LLC and Northwest Express LLC to respond to all outstanding discovery requests on or before December 13, 2023…"Plaintiff may file a motion, if necessary, to address any remaining discovery issues after the December 13, 2023, deadline."

### IV.
### CONCLUSION

For all the foregoing reasons, Plaintiff Kimberly DeBeers respectfully requests this Court grant her Motion and enter an Order pursuant to Rule 37 of the Federal Rules of Civil Procedure and this Court's inherent authority granting the relief specified herein and other relief as may deemed appropriate.

DATED this 7th day of February 2024

**THE LAW FIRM FOR TRUCK SAFETY, LLP**

*/ss/ Matthew E. Wright*
Matthew E. Wright, TN #022596
*Admitted Pro Hac Vice*
840 Crescent Centre Drive, Suite 310
Franklin, Tennessee 37067
615-455-3588
615-468-4540 (fax)
matt@truckaccidents.com

Grant H. Lawson, #6-4260
Joseph P. Chenchar, #7-5576
**METIER LAW FIRM, LLC**
259 S. Center, Suite 301
Casper, WY 82601
Mailing: 4828 South College Avenue
Fort Collins, CO 80525
(307 237-3800
(930) 225-1476 (fax)
grant@metierlaw.com
joe@metierlaw.com

George "Jed" Chronic
*Admitted Pro Hac Vice*
Maschka, Riedy, Ries & Frentz
151 Saint Andrews Court,
Building 1010
Mankato, MN  56001
(507)625-6600
(507)625-4002 (fax)
jchronic@mrr-law.com

*Attorneys for Plaintiff, Kimberly DeBeer, surviving spouse of and wrongful death representative of Daniel DeBeer*

6

**CERTIFICATE OF SERVICE**

   I hereby certify that on February 7th 2024, a true and correct copy of the foregoing was served via the Court's ECF which provides notice to the following:

| | |
|---|---|
| Zenith S. Ward<br>Buchhammer & Ward, PC<br>1821 Logan Avenue<br>P.O. Box 568<br>Cheyenne, WY 82003-0568<br>zsw@wyoming.com<br>Attorney for Defendant Northwest Express, LLC and Justin Nzaramba | Stuart R. Day<br>WILLIAMS PORTER DAY & NEVILLE<br>159 North Wolcott, Suite 400<br>P.O. Box 10700<br>Casper, WY 82602<br>sday@wpdn.net<br>Attorney for Amazon Logistics, Inc., d/b/a Prime; Amazon.com, Inc. and Amazon Services, LLC |
| Grant H. Lawson<br>Joseph P. Chenchar<br>Metier Law Firm, LLC<br>259 S. Center, Suite 301<br>Casper, WY 82601<br>grant@metierlaw.com<br>joe@metierlaw.com | George "Jed" Chronic<br>*Admitted Pro Hac Vice*<br>Maschka, Riedy, Ries & Frentz<br>151 Saint Andrews Court,<br>Building 1010<br>Mankato, MN  56001<br>(507)625-6600 Office<br>(507)625-4002 Fax<br>jchronic@mrr-law.com |

               */ss/Matthew E. Wright*
               Matthew E. Wright