Stuart Day, W.S.B. # 5-2244
Keith J. Dodson, W.S.B. # 6-4254
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 North Wolcott, Suite 400 (82601)
Casper, Wyoming 82602
Telephone:      (307) 265-0700
Facsimile:      (307) 266-2306
Emails:         sday@wpdn.net;
                kdodson@wpdn.net

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| KIMBERLY DEBEER, surviving spouse and wrongful death personal representative of DANIEL DEBEER, deceased,<br><br>  Plaintiff,<br><br>v.<br><br>AMAZON LOGISTICS, INC. d/b/a PRIME, AMAZON.COM, INC., AMAZON.COM SERVICES LLC, AAF555 LLC, NORTHWEST EXPRESS, LLC and JUSTIN NZARAMBDA,<br><br>  Defendants. | Civil Action No. 23-CV-33-ABJ |

**AMAZON DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO IMPOSE SANCTIONS AGAINST DEFENDANTS AAF555, LLC AND NORTHWEST EXPRESS, LLC**

Defendants Amazon Logistics, Inc., Amazon.com, Inc., and Amazon.com Services LLC (hereinafter collectively referred to as "Amazon"), by and through their undersigned counsel, hereby respond to *Plaintiff's Motion to Impose Sanctions Against Defendants AAF555, LLC and Northwest Express, LLC* (ECF 64) (hereinafter "Motion for Sanctions"), as follows:

### I.  INTRODUCTION

This action arises from a motor-vehicle accident that occurred on March 31, 2021 on Interstate 80 in Wyoming. Plaintiff has pursued a theory that Amazon controlled the actions of

Defendants AAF55, LLC ("AAF55") and Northwest Express, LLC ("Northwest") by contracting with them to transport its goods to purchasers. Plaintiff seeks to further that theory in its Motion for Sanctions by requesting this Court enter sanctions against AAF55 and Northwest in the form of striking their Answers and precluding them from disputing "any of the allegations and facts contained in Plaintiff's Complaint," and having the Court find that the allegations and facts in the Complaint "shall be deemed established as to these Defendants" and read to the jury. ECF 64, p. 4. Plaintiff ignores that because of the language of its Complaint, such a sanction would be unduly prejudicial, even though Amazon is not at fault for any discovery violation. Moreover, Plaintiff has not established she cannot obtain the discovery from another source.

The Court should also decline to enter default judgment given that Plaintiff has not demonstrated irreparable prejudice. Further default judgment is inappropriate where there are multiple defendants, such as is the case here.

## II. STATEMENT OF FACTS

On March 31, 2021, Justin Nzaramba ("Mr. Nzaramba") was operating a tractor-trailed on Interstate 80 in Wyoming when he collided with the truck driven by Daniel DeBeer, which resulted in Mr. DeBeer's death. ECF 31, p. 2. Plaintiff brought suit against Mr. Nzaramba, Amazon, AAF55, and Northwest alleging that AAF55 and Northwest "either individually or collectively entered into an arrangement with the Amazon Defendants to haul cargo with driver Justin Nzaramba on behalf of those Amazon Defendants, including the cargo load and trip that forms the basis of the Plaintiff's claims." ECF 1, ¶ 21.

Specifically, Plaintiff contends that Justin Nzaramba entered into an arrangement with the Defendants to transport cargo and "was trained, supervised and monitored on the interest routes," and that Amazon "assume[d] the full right to control product handling and the transport of goods

sold through Amazon prime." *Id*. at ¶ 22, 26, 60.  Plaintiff further contends Amazon controls the work of contractors by "using a variety of tools, including internal compliance teams and a third-party compliance monitoring service, to continually monitor motor carrier compliance with their policies and to make sure the companies deliver goods on time." *Id*. at ¶ 36, ¶ 62.  Plaintiff also alleges that this schedule creates unrealistic delivery times which "increases the risk of drivers operating commercial vehicles while fatigued or distracted such that the drivers' continued operation of commercial motor vehicles is unsafe and increases the risk of harm to the motoring public." *Id*. at ¶ 33 - 34.

In this vein, the majority of allegations in Plaintiff's Complaint detail Amazon's alleged business practices, alleged failure to investigate contractors, and contracting requirements.  *Id*. at ¶ 35, ¶ 38.  For example, Plaintiff asserts that Amazon "routinely enter[s] arrangements with other parties to deliver cargo and specifically have targeted persons with little or no transportation experience.  The purpose of …[Amazon's] targeting people with little or no experience in trucking is because those persons are more likely to perform transportation services at lower than market rates," which results in "disincentivizing competent, safe drivers and motor carriers to transport cargo at the rates [Amazon is] willing to pay." *Id*. at ¶ 31, 32, 37.  Plaintiff further alleges that consistent with this alleged practice, Amazon "recruited and entered an arrangement with" AAF55 and Northwest and that Amazon should have known that AAF55 and Northwest were "chameleon carriers" with no "significant assets, employees or experience in the trucking or transportation industries" and thus were "a fleet of inexperienced, unsafe drivers lacking any established safety history." *Id*. at ¶ 45, 50, 52, 53.

While the majority of Plaintiff's allegations set forth under the "Facts" section contain general conclusory statements that are not specific to the facts of this case, Plaintiff also alleges

that the transportation at-issue had to be completed by the driver "within a strict deadline and subject to different penalties if not timely completed." *Id*. at ¶ 61. Further, Plaintiff asserts that "[t]hrough real time telematics," Amazon would have immediately known about a prior crash in Iowa and "been aware that [Mr. Nzaramba] was fatigued or distracted and that his continued operation of a nearly 80,000-pound loaded tractor-trailed constituted an increased risk of harm to the motoring public," but disregarded this knowledge and allowed the truck to continue to its destination. *Id*. at ¶ 68, 69.

Plaintiff's Complaint also contains numerous legal conclusions couched as factual allegations, including that the driver at issue "operated under the authority of" Amazon, AAF555, and Northwest and those entities are therefore "liable for his acts and/or omissions, either as a company driver or under the doctrine of statutory employer…, under agency theory, respondeat superior, mater/servant and negligent entrustment." *Id*. at ¶ 65. Plaintiff further asserts that Amazon "assumed legal possession, control and use of the equipment [at-issue] including the trucktractor involved in the crash," and is "liable (vicariously and otherwise) for the acts of its agent/borrowed servant and statutory employee[s]" Northwest and AAF555. *Id*. at ¶ 77, 77. Finally, Plaintiff alleges Amazon "aided and abetted violations of the Federal Motor Carrier Safety Regulations and engaged in civil conspiracy to circumvent those regulations." *Id*. at ¶ 79.

Plaintiff served discovery upon AAF555 and Northwest, including Requests for Admission, Interrogatories, and Requests for Production of Documents, but asserts that AAF555 and Northwest have failed to respond in any meaningful way, even after ordered to respond by the Court. ECF 64, 64-1. Plaintiff subsequently filed her Motion for Sanctions and seeks the following relief:

(1) This Court should strike the Answers of Defendants Northwest Express and AAF555;

(2) These Defendants should be precluded from disputing, or attempting to dispute, any of the allegations and facts contained in Plaintiff's Complaint and the same shall be deemed established as to these Defendants; which may be read to the jury;

(3) The Court should reserve the issue of whether to enter default judgment at a later date and for damages to be determined by the trier of fact at trial.

ECF 64, p. 3-4.  Plaintiff contends that such harsh sanctions are necessary because "many of the documents and data that have been requested of Defendants *likely are not obtainable* from other sources, including but not limited to, information about driver qualifications and safety history of Justin Nzaramba (driver qualification file), whether he had any training, whether he was driving while fatigued or distracted (Hours of service logbooks and other electronic applications/data) and other similar items requested in Exhibit 1." *Id*. at p. 4 (emphasis supplied).

Amazon has responded to extensive discovery requests that sought information regarding its corporate practices and policies, safety information, contracting requirements, contracting with AAF555 and Northwest, telemetric data, and other requested information.  *See* Amazon's Discovery Responses[1], attached hereto as "Exhibit 1."  Further, Mr. Nzaramba is defending this action and has responding to discovery requests issued by Plaintiff.  *See* Defendant Justin Nzaramba's Discovery Responses[2], attached hereto as "Exhibit 2."  In this regard, Mr. Nzaramba responded to discovery requests regarding the events leading up to the accident and whether he was paying attention when the accident occurred.  *Id*. at p. 6, 11.

---

[1] Consisting of Amazon's Objections and Responses to Production Requests Under Federal Rule of Civil Procedure 30(b)(2), Amazon Defendants' Objections and Answers to Plaintiff's First Set of Interrogatories, Amazon.Com, Inc.'s Objections and Answers to First Set of Requests for Admission, Amazon Logistics, Inc.'s Objections and Answers to First Set of Requests for Admission, and Amazon.Com Services, LLC's Objections and Answers to First Set of Requests for Admission.

[2] Consisting of Responses to Plaintiff's First Interrogatories, Defendant Justin Nzaramba's Responses to Plaintiff's First Requests for Admission, Defendant Justin Nzaramba's Responses to Plaintiff's First Set of Requests for Production of Documents.

### III.   ARGUMENT.

#### A.   PLAINTIFF'S PROPOSED SANCTIONS ARE NOT RELATED TO THE FACTUAL ISSUES UPON WHICH DISCOVERY WAS SOUGHT AND WOULD BE UNDULY PREJUDICIAL.

It is well-settled that district courts have discretion to grant or deny a motion to compel or award sanctions pursuant to FED. R. CIV. P. 37. *See Breen v. Black*, 2016 WL 4257438, at *5 (D. Wyo. July 22, 2016) (*citing Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999); *Freddie v. Marten Transport, Ltd.*, 428 Fed. Appx. 801, 803 (10th Cir. 2011)); *see also Black Card, LLC v. Visa USA Inc.*, 2020 WL 13328679 (D. Wyo. August 13, 2020) (stating "the imposition of sanctions is one of many matters within a trial court's broad discretion"). Determining whether sanctions are appropriate, and which sanction is correct, is a "fact-specific inquiry that the district court is best qualified to make." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920-21 (10th Cir. 1992).

In conducting the fact-specific inquiry necessary to impose sanctions, "[c]ourts weigh the following factors…(1) the prejudice or surprise to the party, (2) the ability of the party to cure the prejudice, and (3) the moving party's bad faith." *Breen*, 2016 W; 4257438, at *5 (*citing Tom v. S.B., Inc.*, 280 F.R.D. 603, 611, 621 (D.N.M. 2021)). "The district court's discretion to choose a sanction is limited in that the chosen sanction must be both 'just' and 'related to the particular 'claim'' which was at issue in the order to provide discovery." *Ehrenhaus*, 965 F.2d at 920-21. (*quoting Insurance Corp. of Ireland v. Compagie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982)); *see also* 10A Fed. Proc., L. Ed. §26:760: Facts taken as established as discovery violation (stating that "[u]se of the sanction of taking certain facts as established by the discovering party enables a court to carefully tailor its order to address the specific information sought by discovery and improperly withheld by the responding party").

In *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, the Supreme Court approved

of discovery sanctions that ordered certain facts be deemed established against the discovery violator. 456 U.S. at 708-09. However, the facts that were deemed established were limited to those connected to the discovery violation, not every fact at-issue in the litigation. *Id*. The sanction of finding personal jurisdiction was established in the plaintiff's favor was sufficiently tailored because the discovery violation concerned the existence of personal jurisdiction. *Id*. (stating "[t]he sanction took as established the facts – contacts with Pennsylvania – that [the plaintiff] was seeking to establish through discovery"). By contrast, in a recent case before the United States District Court for the District of Kansas, the district court determined that the cumulative effect of sanctions which took facts to be established in the moving party's favor "would avoid critical aspects of" the plaintiff's claim. *CCA Recordings 2255 Litig. U.S.*, 2020 WL 6077623, at * 6 (D. Kan. Oct. 15, 2020). There, the district court found that "all but one of the requests [for facts to be taken as established] are unrelated to the particular ESI discovery orders," and thus declined to find all of the proposed facts to be established were appropriate as sanctions. *Id*.

Here, Plaintiff contends she will be prejudiced because she may be unable to acquire information "about driver qualifications and safety history of Justin Nzaramba (driver qualification file), whether he had any training, whether he was driving while fatigued or distracted (Hours of service logbooks and other electronic applications/data)." ECF 64, p. 4. However, the relief she seeks is much broader than the discovery that she contends is "likely…not obtainable from other sources." *Id*. (emphasis supplied). Indeed, a review of Plaintiff's Complaint reflects that the majority of her allegations relate to Amazon and its alleged business practices and practices, and whether Amazon controlled the actions of the driver and AAF555 and Northwest, not merely the driver's qualifications, hours of service logbooks and electronic applications. To allow a determination of *all* the factual allegations in the Complaint be taken in Plaintiff's favor, regardless

of whether related to the driver's qualifications and whether the driver was fatigued or distracted, would fail to ensure that the sanction was "related to the particular claim which was at issue in the order to provide discovery." *Ehrenhaus*, 965 F.2d at 920-21. (*quoting Insurance Corp. of Ireland*, 456 U.S. at 707.

Moreover, allowing *every* factual allegation in the Complaint to be taken as established would be unduly prejudicial to Amazon, especially given Plaintiff's assertions that Amazon is vicariously liable for AAF555 and Northwest. As discussed above, the majority of the factual allegations in the Complaint pertain to Amazon and its alleged business practices and exertion of control over contractors. ECF 1. However, Plaintiff has not argued that she cannot obtain discovery on the majority of the factual allegations in the Complaint, and such an argument would be contradicted by the extensive discovery that Plaintiff has engaged in with Amazon. Ex. 1. While Plaintiff may argue that she only seeks the Complaint's factual allegations be taken as established against AAF555 and Northwest, she also seeks to have the allegations and facts which are "deemed established as to" AAF555 and Northwest read to the jury. ECF 64, p. 4. The practical effect would be for the jury to conclude that every fact and allegation in the Complaint is to also be taken against Amazon, as the majority of the Complaint's allegations relate to Amazon. Even if the Court were to issue a limiting instruction, the risk of confusion and mistake would be significant given that Plaintiff will argue that Amazon is vicariously liable for AAF555 and Northwest's conduct.

Finally, Plaintiff failed in her Motion for Sanctions to establish she will be prejudiced by AAF555 and Northwest's actions. While Plaintiff asserts that "many of the documents and data that have been requested…[are] likely not obtainable from other sources," Plaintiff fails to acknowledge that Mr. Nzaramba is actively defending this action and participating in discovery.

Plaintiff offers no explanation as to why she cannot depose Mr. Nzaramba to obtain information regarding his driver qualifications and safety history, training, and whether he was fatigued or distracted prior to the accident. ECF 64, p. 4. Thus, Plaintiff has failed to establish prejudice resulting from AAF555 and Northwest's conduct.

The Court should deny Plaintiff's Motion for Sanctions because it would be inappropriate to strike AAF555 and Northwest's Answers and deem as admitted *every* factual allegations set forth in the Complaint when Plaintiff has made no effort to tie every factual allegation in the Complaint to its inability to obtain information "about driver qualifications and safety history of Justin Nzaramba (driver qualification file), whether he had any training, whether he was driving while fatigued or distracted (Hours of service logbooks and other electronic applications/data)," and because such a ruling would be unduly prejudicial to Amazon, who has complied with extensive discovery requests. ECF 64, p. 4.

### B. ENTRY OF DEFAULT JUDGMENT IS INAPPROPRIATE UNDER THESE CIRCUMSTANCES.

The Court should also decline to enter default judgment against AAF555 and Northwest because such a sanction is unduly harsh. Although such sanctions are authorized, courts recognize that dispositive rulings represent an extreme sanction which is "appropriate only in cases of willful misconduct," and that lesser sanctions will still "deter the errant party from further misconduct." *Ehrenhaus*, 965 F.2d at 920-21. Indeed, "[w]here lesser sanctions are imposed, the rights of the parties to a trial on the merits are not completely defeated. Lesser sanctions serve a different purpose than dispositive sanctions." *Gates Rubber Co. v. Bando Chem. Indus., Ltd.*, 167 F.R.D. 90, 108-09 (D. Colo. 1996).

Here, Plaintiff has failed to establish she is prejudiced in that she can obtain the discovery from another sources. Moreover, entering default judgment against AAF555 and Northwest would

risk contradictory judgments because the Plaintiff has asserted vicariously liability.  In *General Steel Domestic Sales, LLC v. Chumley*, the United States District Court for the District of Colorado explained that "[w]hen one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against him until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted."  306 F.R.D. 666, 668 (D. Colo. 2014) (*citing Frow v. De La Vega*, 82 U.S. 552, 554 (1972)).  The need to avoid entering default judgment when there are multiple defendants that may be jointly liable arises because "[o]therwise, a court might enter contradictory judgments resulting in an "absurdity."  *Id.*; *see also McGarvin-Moberly Const. Co. v. Welden*, 897 P.2d 1310, 1317 (Wyo. 1995) (stating the court "perceive[s] a parallel absurdity under our comparative negligence statute in which the jury potentially could find more than fifty percent fault on the part of a plaintiff and, yet, the ruling would be that a defaulting defendant is responsible for all of the damage").

The Court should deny the Motion for Sanctions and deny Plaintiff's request for default judgment because it is overly harsh and could result in potentially contradictory judgments because Plaintiff is pursuing vicarious liability claims amongst the Defendants.

### IV.    CONCLUSION

**WHEREFORE**, Defendants Amazon Logistics, Inc., Amazon.com, Inc., and Amazon.com Services, LLC, by and through their counsel, respectfully request the Court deny Plaintiff's *Motion to Impose Sanctions Against Defendants AAF555, LLC and Northwest Express, LLC* (ECF 64), for the reasons set forth above.

**DATED** this 21st day of February, 2024.

                AMAZON LOGISTICS, INC., AMAZON.COM, INC., AND AMAZON.COM SERVICES LLC, Defendants

By:   /s/ Stuart R. Day
       Stuart R. Day, WSB 5-2244
       Keith J. Dodson, WSB 6-4254
       WILLIAMS, PORTER, DAY & NEVILLE, P.C.
       159 North Wolcott, Suite 400 (82601)
       P. O. Box 10700
       Casper, Wyoming 82601
       Telephone:  (307) 265-0700
       Facsimile:  (307) 266-2306
       Email:  sday@wpdn.net
              kdodson@wpdn.net

*Attorneys for Amazon Defendants*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing was served upon all counsel of record by electronic service via the CM/ECF system this 21st day of February, 2024.

                /s/ Stuart R. Day
                Stuart R. Day