**EXHIBIT**
**1**

Stuart R. Day, W.S.B. # 5-2244
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 North Wolcott, Suite 400 (82601)
P. O. Box 10700
Casper, WY 82602
307-265-0700 telephone
307-266-2306 facsimile
sday@wpdn.net

*Attorneys for Amazon Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| KIMBERLY DEBEER, surviving spouse and wrongful death personal representative of DANIEL DEBEER, deceased, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil No. 23-CV-33-ABJ |
| AMAZON LOGISTICS, INC. d/b/a PRIME, AMAZON.COM, INC., AMAZON.COM SERVICES LLC, AAF555 LLC, NORTHWEST EXPRESS, LLC, ASD EXPRESS, LLC, and JUSTIN NZARAMBA, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## AMAZON'S OBJECTIONS AND RESPONSES TO PRODUCTION REQUESTS UNDER FEDERAL RULE OF CIVIL PROCEDURE 30(b)(2)

Pursuant to Rules 26, 30(b)(2) and 34 of the Federal Rules of Civil Procedure, Defendants Amazon Logistics, LLC, Amazon.com, Inc., Amazon.com Services, LLC (collectively, "Amazon"), by and through its undersigned attorneys, hereby provide their objections and responses to Plaintiff's document production requests under Federal Rule Civil Procedure 30(b)(2) contained in the *Notice of Videotaped 30(b)(6) Deposition of Defendant, Amazon Logistics, Inc. d/b/a Prime with Document Production*, as follows:

## PRELIMINARY STATEMENT

Amazon, by and through its counsel, is still conducting discovery, investigation, and

analysis of the matters relating to this case. These Objections and Answers are therefore based upon information and documents collectively known or believed by Amazon at the time of answering these discovery requests. Since Amazon's investigation remains ongoing, and will continue, it provides these answers without prejudice to its right to modify and/or supplement the answers, and to introduce evidence, up to the time of trial, as its further investigation warrants.

Certain documents to be produced by Amazon in the future are of a confidential and/or proprietary nature. The documents are therefore produced in anticipation of a Protective Order to be presented and entered by the Court. Plaintiff is directed to refrain from disseminating any documents to any third party until a Protective Order is entered by the Court.

## **GENERAL OBJECTIONS**

Amazon makes the following General Objections, which are incorporated into each and every answer and response set forth below as if each is fully set forth therein:

1. **Unduly Burdensome / Vague / Ambiguous.** Amazon objects to each request to the extent that they are generally unduly burdensome, harassing, vague, overly broad, insufficiently tailored in scope and/or time to enable Amazon to answer and/or provide a response to the request, and do not reasonably seek to limit the time frame or scope of information sought.

2. **The Attorney-Client Privilege / Work Product Doctrine.** Amazon objects to each request to the extent it seeks information that is protected by one or more of the following:

   (a) The attorney-client privilege;

   (b) The work product doctrine, including the mental impressions, conclusions, opinions, legal theories of Amazon's legal counsel, employees, agents and/or representatives;

(c) The confidentiality of materials prepared in anticipation of litigation; or

(d) Other privileges and protections recognized by law.

3. **Confidential and Proprietary Business Documents and Personal Information.** Amazon objects to each request to the extent it seeks information or documents which contain confidential, proprietary, trade secret, sensitive business, commercial or other technical information the uncontrolled release of which would cause Amazon harm, competitive or otherwise. Any and all company documents produced by Amazon will be considered confidential and subject to the terms and conditions of a confidentiality agreement and/or Protective Order to be issued by the Court. Amazon further objects to each request for production that unnecessarily seeks personal contact and/or financial information.

4. **Relevance of Request.** Amazon objects to each request to the extent it seeks the production of information that is not relevant to the issues in this litigation or is not reasonably calculated to lead to evidence or information that is relevant to the issues in this litigation.

5. **Equal Access / Custody and Control.** Amazon objects to each request to the extent it seeks information/documents that Plaintiff(s) have equal access to and/or is not within the possession, custody or control of Amazon or that are part of the record in any public, administrative, or judicial proceeding, on the grounds that such information/documents are publically available and are as equally accessible to Plaintiff(s) as they are to Amazon. No legitimate purpose would be served by requiring Amazon to incur the time and expense required to produce such documents. Amazon also objects to each and every request to the extent that it seeks information not within its possession, custody or control.

6. **Reservation of Rights.** By responding to any interrogatories and/or request and producing any documents or information in response, Amazon does not stipulate or otherwise admit that any

such materials are relevant or admissible at trial. Amazon reserves the right to challenge the competency, relevancy or admissibility at trial, or any other subsequent proceeding, in this or any other action, of any response to these discovery requests.

7. **Inadvertent and/or Unintentional Production of Documents.** Amazon will not divulge any information or produce any documents protected by the attorney-client privilege, work product doctrine, joint defense privilege or any applicable protection. To the extent Amazon inadvertently, or unintentionally, produce any protected document(s), it reserves the right to ask any party in this litigation to immediately return the original document(s), and all copies, to counsel for Amazon.

8. **Privilege Log.** Given the nature of various discovery requests issued by Plaintiff(s), certain documents may be protected from discovery under the attorney-client privilege, the work product doctrine, are generally confidential and/or proprietary, or are otherwise confidential. Amazon will prepare a Privilege Log if an agreement as to same is reached by the parties, or otherwise ordered by the Court.

9. **Outside the Scope of Permissible Discovery.** Amazon objects to each and every request to the extent it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence and is not relevant to the subject matter of this specific lawsuit, or is otherwise outside the scope of permissible discovery pursuant to the Federal Rules of Civil Procedure.

10. **Instructions for Responding.** Amazon objects to Plaintiff's Instructions for Responding, and in particular subparts (c) and (d), to the extent that they seek to impose duties or obligations upon Amazon that are broader in scope than those imposed by the Federal Rules of Civil Procedure.

**AS TO GENERAL OBJECTIONS:**

_____

Stuart R. Day

Each of the foregoing objections are hereby incorporated in each and every one of the following responses to Plaintiff's document production requests under Federal Rule Civil Procedure 30(b)(2) contained in the *Notice of Videotaped 30(b)(6) Deposition of Defendant, Amazon Logistics, Inc. d/b/a Prime with Document Production*, whether or not they are specifically identified.

## OBJECTIONS AND RESPONSES TO RULE 30(b)(2) REQUESTS

### A.    DOCUMENTS REGARDING COMPANY PRACTICES, TERMS AND CONDITIONS OF DELIVERY

1.  All agreements, contracts, Amazon Relay carrier Terms of Service, Freight Partner/Delivery Service Partner Program Agreements and/or Motor Carrier Transportation Agreements between AAF555 LLC/Northwest Express, LLC (and its agents) and Amazon Logistics, Inc. (and its agents) in effect as of March 31, 2021 with respect to the delivery at issue).

**OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to this request as overly broad, argumentative and seeks information relating to Northwest Express, LLC that is not relevant to any claim or defense.  Objecting further, this request seeks confidential business information and/or materials designated as confidential on their face. Amazon did not have a contractual relationship with Northwest Express, LLC on the date of loss, but rather AAF555 accepted the shipment/load hauled by Justin Nzaramba on or about March 31, 2021 from the Amazon Relay Board pursuant to the applicable Amazon Relay carrier Terms of Service (hereinafter, "Amazon Relay agreement") and Program Policies and then apparently assigned, sold, subcontracted or otherwise brokered or double-brokered the shipment/load to Northwest Express, LLC without Amazon's knowledge, permission or consent.  Notwithstanding, in the spirit of cooperation, Amazon will produce copies of the applicable Amazon Relay agreement(s) and Program Policies as to AAF555 and Northwest Express, LLC, which Northwest Express, LLC entered into *after* March 31, 2021, subject to entry of a protective order.**

Objections by:    _____
                          Stuart R. Day

2.    All transportation service agreements for the delivery at issue with any shipper, motor carrier, and/or receiver.

**OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to this**

request as the term "transportation service agreement" is vague, ambiguous and overly broad.

Subject to and without waiving these objections and its General Objections, please see objections and response to Request No. 1.

Objections by: _____

Stuart R. Day

3.      Quarterly Business Review (QBR) PowerPoint Presentations from March 31st, 2020 – March 31st, 2021 (please provide these both in pdf format and in Microsoft PowerPoint files).

OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to this request as overly broad and not relevant to any claim or defense as it appears to seek materials that do not exist within the Amazon Relay program; are inapplicable to motor carriers participating in the Amazon Relay program; and/or that are not related to the incident alleged in the Complaint.

Subject to and without waiving these objections and its General Objections, as it relates to AAF555 LLC, the relevant Relay carrier that accepted the shipment/load hauled by Justin Nzaramba on or about March 31, 2021, or Northwest Express, LLC (a motor carrier that applied to the Amazon Relay program *after* March 31, 2021), no responsive documents exist.

Objections by: _____

Stuart R. Day

4.      Monthly Business Review (MBR) PowerPoint Presentations from March 31st, 2020 – March 31st, 2021 (please provide these both in pdf format and in Microsoft PowerPoint files).

OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to this request as overly broad and not relevant to any claim or defense as it appears to seek materials that do not exist within the Amazon Relay program; are inapplicable to motor carriers participating in the Amazon Relay program; and/or that are not related to the incident alleged in the Complaint.

Subject to and without waiving these objections and its General Objections, as it relates to AAF555 LLC, the relevant Relay carrier that accepted the shipment/load hauled by Justin Nzaramba on or about March 31, 2021, or Northwest Express, LLC (a motor carrier that applied to the Amazon Relay program *after* March 31, 2021), no responsive documents exist.

Objections by: _____
                     Stuart R. Day

5.      All data related to AAF555 LLC/Northwest Express, LLC referred to as Performance Metrics Violations and/or "R4dmetrics.Excel" – please produce this both in excel format and pdf format for the period March 31st, 2020 – March 31st, 2021.

**OBJECTION/RESPONSE: In addition to their General Objections, Amazon objects to the scope of this request as overly broad as to "all data" and not sufficiently limited in time. Objecting further, this request seeks information that are not relevant to any claim or defense and/or that is disproportionate to the needs of the case. Electronically stored information (ESI) subject to this request for the period of March 31, 2020 through March 31, 2021 is not reasonably accessible because of undue burden and/or cost.**

**Subject to and without waiving these objections and its General Objections, as it relates to AAF555 LLC, the relevant Relay carrier that accepted the shipment/load hauled by Justin Nzaramba on or about March 31, 2021, or Northwest Express, LLC (a motor carrier that applied to the Amazon Relay program *after* March 31, 2021), Amazon will produce responsive materials relating to the shipment/load hauled by Justin Nzaramba on or about March 31, 2021 upon entry of a protective order. By way of further response, Amazon is not aware of any responsive document entitled "Performance Metrics Violations".**

Objections by: _____
                     Stuart R. Day

6.      Amazon Accident Packet/Amazon Accident Hotline details in effect for March 31st, 2021.

**OBJECTION/RESPONSE: In addition to their General Objections, Amazon objects to the phrase "details in effect" because it is vague and ambiguous. Objecting further, as written, this request seeks information that is not relevant to any claim or defense. Amazon also objects to this request to the extent that it seeks confidential business information and/or materials that are kept confidential in the ordinary course of business.**

**Subject to and without waiving these objections and its General Objections, Amazon does not have within its possession, custody or control documentation entitled "Amazon Accident Packet/Amazon Accident Hotline." Notwithstanding, in the spirit of cooperation, Amazon will produce materials reflecting incident reporting applicable on or near March 31, 2021, if any, upon entry of a protective order.**

Objections by: 

Stuart R. Day

7.      All in camera footage (including in vehicle) for the crash at issue.

**OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to this request as overly broad. Amazon did not employ, own, operate, or control any person or vehicle involved in the accident, nor was Amazon present at the scene or even notified by AAF555 LLC that its driver had been involved in an incident on March 31, 2021 (on the date the incident occurred).**

**Subject to and without waiving these objections and its General Objections, Amazon only possesses publicly-available materials responsive to this request obtained from law enforcement. Please see the responsive information identified with bates numbers AMAZON_DEBEER00035-481.**

Objections by: 

Stuart R. Day

8.      Carrier Terms of Service in effect for March 31st, 2021 for any entity or person involved with the delivery of the load at issue.

**OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to this request as overly broad as to "person involved with the delivery of the load at issue." Amazon does not contract with motor carrier drivers. Objecting further, this request seeks confidential business information and/or materials that are kept confidential in the ordinary course of business.**

**Subject to and without waiving these objections and its General Objections, Amazon will produce a copy of the Amazon Relay agreement and Program Policies applicable to AAF555 LLC upon entry of a protective order.**

Objections by: 

Stuart R. Day

9.      Amazon Relay Program Policies Overview in effect on March 31st, 2021.

**OBJECTION/RESPONSE:  In addition to their General Objections, please see objections and response to Request No. 8.**

Objections by: _____
Stuart R. Day

10.     ATS_Safety.xlsx documents related to AAF555 LLC and/or Northwest Express, LLC for the period March 31st, 2021 to March 31st, 2022.

**OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to the scope of this request because it is overly broad as to "Northwest Express, LLC" and "the period March 31st, 2021 to March 31st, 2022". Objecting further, this request seeks information that are not relevant to any claim or defense.**

**Subject to and without waiving these objections and its General Objections, as it relates to AAF555 LLC, the relevant Relay carrier that accepted the shipment/load hauled by Justin Nzaramba on or about March 31, 2021, or Northwest Express, LLC (a motor carrier that applied to the Amazon Relay program *after* March 31, 2021), Amazon is not in aware of any responsive document titled "ATS_Safety.xlsx" or similar.**

Objections by: _____
Stuart R. Day

11.     Operations Manual in effect for March 31st, 2021.

**OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to this request because it is overly broad and not relevant to any claim or defense as it appears to seek materials that do not exist within the Amazon Relay program; are inapplicable to motor carriers participating in the Amazon Relay program; and/or that are not related to the incident alleged in the Complaint.**

**Subject to and without waiving these objections and its General Objections, as it relates to AAF555 LLC, the relevant Relay carrier that accepted the shipment/load hauled by Justin Nzaramba on or about March 31, 2021, or Northwest Express, LLC (a motor carrier that applied to the Amazon Relay program *after* March 31, 2021), no responsive documents exist.**

Objections by: _____
Stuart R. Day

12.     Any background check performed on any driver related to the delivery of the load at issue.

**OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to the term "any driver related to the delivery of the load at issue" as it is vague and ambiguous. Amazon understands this litigation to involve a shipment/load hauled by Justin Nzaramba on or about March 31, 2021. Objecting further, this request is overly broad. Amazon does not perform "background checks" on motor carrier drivers.**

**Subject to and without waiving these objections and its General Objections, no responsive documents exist.**

Objections by:  _____
Stuart R. Day

13. Driver Portal Materials from March 31st, 2021.

**OBJECTION/RESPONSE: In addition to their General Objections, Amazon objects to the term "Driver Portal Materials" as it is vague, ambiguous and undefined.**

**Subject to and without waiving these objections and its General Objections, as it relates to AAF555 LLC, the relevant Relay carrier that accepted the shipment/load hauled by Justin Nzaramba on or about March 31, 2021, or Northwest Express, LLC (a motor carrier that applied to the Amazon Relay program *after* March 31, 2021), Amazon is not in aware of any responsive documents titled "Driver Portal Materials" or similar.**

Objections by:  _____
Stuart R. Day

14.      Any surveillance video from the fulfillment center or distribution center depicting the trailer and/or truck at issue for the period March 31st, 2021 and the 1-week period before it.

**OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to this request as it seeks information that is not relevant to any claim or defense and/or that is disproportionate to the needs of the case.**

**Subject to and without waiving these objections and its General Objections, to the extent that materials responsive to this request exist, such materials (if any) are in the possession of the Amazon Fulfillment Center in Somerset, New Jersey and not readily accessible at this time. Amazon reserves the right to supplement or amend its narrative response and any related document production subject to ongoing investigation.**

Objections by:  _____
Stuart R. Day

15.    Bi-Monthly safety reports for the period March 31st, 2020 – March 31st, 2022

**OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to the term "safety reports" and the specific subject matter, if any, of this request as vague, ambiguous and undefined.  Objecting further, the breadth, scope and range (March 31, 2020 through March 31, 2022) of this request is overly broad and unduly burdensome as it does not relate to any specific motor carrier, nor is it limited to motor carriers operating within the Amazon Relay program.**

**Subject to and without waiving these objections and its General Objections, as it relates to AAF555 LLC, the relevant Relay carrier that accepted the shipment/load hauled by Justin Nzaramba on or about March 31, 2021, or Northwest Express, LLC (a motor carrier that applied to the Amazon Relay program *after* March 31, 2021), Amazon is not in aware of any responsive documents titled "Bi-Monthly safety reports" or similar.**

Objections by:    _____
Stuart R. Day

16.    All GPS tracking data on the driver at issue described in the Plaintiffs' Complaint.

**OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to this request because it is overly broad as it relates to "the driver at issue." Objecting further, this request seeks information that is not relevant to any claim or defense.**

**Subject to and without waiving these objections and its General Objections, no responsive documents exist. Amazon does not capture GPS tracking data on motor carrier drivers. Notwithstanding, in the spirit of cooperation, Amazon will produce GPS data relating to any telematics equipped on the leased trailer to the extent that it exists.**

Objections by:    _____
Stuart R. Day

17.    Dashboard showing the map of the driver's route (to be produced in the native format responses to Plaintiff's and all audio files in .mp4.)

**OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to this request because it is vague, ambiguous and overly broad to the extent that it appears to seek screenshots of audio files in .mp4, which do not exist.**

**Subject to and without waiving these objections and its General Objections, as Amazon understands this request, please see objections and response to Request No. 16.**

Objections by: _____
Stuart R. Day

18.    List of prior crashes involving Amazon branded "Prime" trailers to March 31st, 2021 and the 5 years prior and whether this data was trending up or down.

**OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to this request as it seeks to impose duties or obligations upon Amazon that are greater than those imposed by the Federal Rules of Civil Procedure 34. Amazon is not required to create documents or draw conclusions ("trending up or down"). Objecting further, this request seeks information that is not relevant to any claim or defense. The incident alleged in the Complaint did not involve an Amazon branded "Prime" trailer, but rather an unbranded trailer that Amazon leased from Stoughton Trailers, LLC.  Amazon also objects to this request as overly broad, unduly burdensome and disproportionate to the needs of the case in breadth, time and scope to the extent that it is not limited to the motor carriers or drivers at issue, the Amazon Relay program, any reasonable geographic area, and/or a reasonable period of time when viewed in context with the volume of loads/shipments within the requested timeframe. Amazon further objects to the scope of this request to the extent that it seeks ESI, if any, which is not reasonably accessible because of undue burden or cost.**

Objections by: _____
Stuart R. Day

19.    Predictive analytics for motor carriers with whom Amazon Logistics, Inc. and/or its affiliates does business with for the period March 31st, 2020 – March 31st, 2022.

**OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to the phrase "predictive analytics" as it is vague, ambiguous and undefined. Objecting further, this request seeks information that is not relevant to any claim or defense and/or that is disproportionate to the needs of the case.  Amazon also objects to this request as overly broad and unduly burdensome in breadth, time and scope to the extent that it is not limited to the motor carriers or drivers at issue, the Amazon Relay program, any reasonable geographic area, and/or a reasonable period of time. Amazon further objects to the scope of this request to the extent that it seeks ESI, if any, which is not reasonably accessible because of undue burden or cost. Amazon objects to the extent that this request seeks proprietary and/or confidential business information the burden of disclosure of which outweighs any marginal benefit to Plaintiff in a lawsuit concerning a motor vehicle accident in Wyoming.**

Objections by: _____
Stuart R. Day

20.    DDU PowerPoint slides (both in pdf and PowerPoint formats).

**OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to the phrase "DDU PowerPoint slides" as it is vague, ambiguous, overly broad and undefined. Objecting further, this request is not relevant to any claim or defense as it appears to seek materials that do not exist within the Amazon Relay program; are inapplicable to motor carriers participating in the Amazon Relay program; and/or that are not related to the incident alleged in the Complaint. At all times relevant to the allegations of the Complaint, AAF555, LLC and Northwest Express, LLC were not Amazon DDUs.**

Objections by:    _____
Stuart R. Day


21.    Terms of Service in effect as of March 31, 2021.

**OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to this request as duplicative. Please see objections and response to Requests No. 8.**

Objections by:    _____
Stuart R. Day


22.    Payment History, including payment terms, from March 1, 2021 through March 31, 2021 with any entity or person involved with the delivery at issue.

**OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to this request as it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Objecting further, this request is not sufficiently limited in time.**

**Subject to and without waiving these objections and its General Objections, as it relates to the AAF555 LLC, the Relay carrier to whom Amazon tendered the load at issue to, Amazon will produce the applicable Amazon Relay carrier Terms of Service, which may contain responsive information, upon entry of a protective order. Amazon will also produce payment information for the load at issue subject to entry of a protective order.**

Objections by:    _____
Stuart R. Day


23.    Bills of lading from March 1, 2021 through March 31, 2021.

**OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to this**

request because it is vague, overly broad and unduly burdensome in breadth, time and scope to the extent that it is not limited to the motor carriers or drivers at issue, the Amazon Relay program, and/or a reasonable period of time. Amazon further objects to the scope of this request to the extent that it seeks ESI, if any, which is not reasonably accessible because of undue burden or cost.

Subject to and without waiving these objections and its General Objections, as it relates to the AAF555 LLC, the Relay carrier to whom Amazon tendered the load at issue to, Amazon will produce Bill of Lading# TEB9_DOI2_9a0366a3-9183-4942-8fe1-85e2001c95e5, which is attached hereto and bates number AMAZON_DEBEER000034.

Objections by:    _____
                              Stuart R. Day

24.    Load confirmations from March 1, 2021 through March 31, 2021.

OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to this request because it is vague, overly broad and unduly burdensome in breadth, time and scope to the extent that it is not limited to the motor carriers or drivers at issue, the Amazon Relay program, and/or a reasonable period of time. Amazon further objects to the scope of this request to the extent that it seeks ESI, if any, which is not reasonably accessible because of undue burden or cost.

Subject to and without waiving these objections and its General Objections, Amazon will produce data sufficient to show AAF555, LLC's acceptance from the Amazon Relay Load Board (i.e., "load confirmation") of the shipment/load hauled by Justin Nzaramba on or about March 31, 2021.

Objections by:    _____
                              Stuart R. Day

25.    Dispatch documents, dispatch records and/or dispatch information from March 1, 2021 through March 31, 2021.

OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to this request because it is vague, ambiguous, and undefined. Objecting further, this request is overly broad and unduly burdensome in breadth, time and scope to the extent that it is not limited to the motor carriers or drivers at issue, the Amazon Relay program, and/or a reasonable period of time. Amazon also objects to this request as seeking information that is not relevant to any claim or defense.

Subject to and without waiving these objections and its General Objections, no responsive documents exist. Amazon did not utilize a "dispatcher" in relation to the shipment/load

hauled by Justin Nzaramba on or about March 31, 2021. Notwithstanding, in the spirit of cooperation, upon information and belief, one or more defendants utilized a dispatcher in relation to the subject shipment/load and therefore this request is better directed to other parties.

Objections by: _____
Stuart R. Day

26.     Approval, hiring, qualification and/or screening of drivers and all documents evidencing what the criteria was for the period March 1st, 2021 to March 31st, 2021.

**OBJECTION/RESPONSE: In addition to their General Objections, Amazon objects to this request because it is vague, ambiguous, and undefined. Objecting further, this request is overly broad and unduly burdensome in breadth, time and scope to the extent that it is not limited to the motor carriers or drivers at issue, the Amazon Relay program, and/or a reasonable period of time. Amazon also objects to this request to the extent that it seeks information that is not relevant to any claim or defense.**

**Subject to and without waiving these objections and its General Objections, relating to the shipment/load accepted by AAF555 LLC and hauled by Justin Nzaramba on or about March 31, 2021, no responsive documents exist. Amazon did not approve, hire, qualify and/or screen Justin Nzaramba or any other driver hauling the shipment/load at issue. At all times relevant to the allegations of the Complaint, Amazon did not approve, hire, qualify and/or screen drivers operating for motor carriers in the Amazon Relay program. Notwithstanding, in the spirit of cooperation, the Amazon Relay agreement and/or Program Policies applicable to AAF555 set forth terms and conditions relating to driver qualification for motor carriers operating in the Amazon Relay program.**

Objections by: _____
Stuart R. Day

27.     All documents evidencing what Amazon Logistics, Inc. did to determine whether motor carriers hauling cargo and doing business with Amazon Logistics, Inc. were safe and not opening and/or closing down to reopen under different names.

**OBJECTION/RESPONSE: In addition to their General Objections, Amazon objects to this request as argumentative. Objecting further, this request is overly broad and unduly burdensome to the extent that it seeks to impose cost and expense upon Amazon relating to discovery of matters or theories directed more toward annoyance, embarrassment and/or oppression than discovery of materials that are relevant to any claim or defense.**

Objections by: _____

Stuart R. Day

28.    Weekly Routing Reports from March 1, 2021 through March 31, 2021.

**OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to this request as it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence as it seeks information not related to the incident at issue. Objecting further, this request is not sufficiently limited in time.**

**Objection, the phrase "Weekly Routing Reports" is vague, ambiguous and undefined. Objecting further, this request is overly broad and unduly burdensome in breadth, time and scope to the extent that it is not limited to the motor carriers or drivers at issue, the Amazon Relay program, and/or a reasonable period of time. Amazon also objects to this request to the extent that it seeks information that is not relevant to any claim or defense and/or that is disproportionate to the needs of the case. Amazon further objects to the scope of this request to the extent that it seeks ESI, if any, which is not reasonably accessible because of undue burden or cost.**

**Subject to and without waiving these objections and its General Objections, as it relates to AAF555 LLC, the relevant Relay carrier that accepted the shipment/load hauled by Justin Nzaramba on or about March 31, 2021, or Northwest Express, LLC (a motor carrier that applied to the Amazon Relay program *after* March 31, 2021), Amazon is not in aware of any responsive document titled "Weekly Routing Reports" or similar.**

Objections by:    _____
                  Stuart R. Day

29.    Relay Program documents not already produced.

**OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to this request because it is vague, ambiguous, undefined, overly broad and unduly burdensome in breadth, time and scope to the extent it seeks materials that are not subject to any pending document request and/or materials that are not relevant to any claim or defense. Objecting further, this request is disproportionate to the needs of the case.  The unrestricted cost and expense to Amazon of producing all documents, data or ESI relating to the Amazon Relay program from inception to present outweighs the marginal benefit to Plaintiff of such a sweeping disclosure in this lawsuit concerning a motor vehicle accident in Wyoming.**

Objections by:    _____
                  Stuart R. Day

30.    Code of Business Conduct and Ethics.

**OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to this**

request as it seeks information that is not relevant to any claim or defense and/or disproportionate to the needs of the case.  Objecting further, this request is overly broad and unduly burdensome in breadth, time and scope to the extent that it is not limited to the motor carriers or drivers at issue, the Amazon Relay program, and/or a reasonable period of time. Subject to and without waiving these objections and its General Objections, as it relates to the claims, issues and defenses asserted in this case and/or the motor carrier defendants, Amazon is not in aware of any responsive document titled "Code of Business Conduct and Ethics" or similar.

Objections by: _____
Stuart R. Day

31.     Freight Partner/Delivery Service Partner (DSP) Program, including marketing documents.

OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to this request because it is vague, ambiguous, overly broad and undefined.  Objecting further, this request is not relevant to any claim or defense as it appears to seek materials that do not exist within the Amazon Relay program; are inapplicable to motor carriers participating in the Amazon Relay program; and/or that are not related to the incident alleged in the Complaint. At all times relevant to the allegations of the Complaint, AAF555, LLC and Northwest Express, LLC were not Amazon Delivery Service Partners or Amazon Freight Partners.

Objections by: _____
Stuart R. Day

32.     Application process, initial contact application and underwriting documents from the time they were first approved until March 31, 2021.

OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to this request because it is vague, ambiguous, and undefined. Objecting further, this request is not relevant to any claim or defense as it appears to seek materials that do not exist within the Amazon Relay program; are inapplicable to motor carriers participating in the Amazon Relay program; and/or that are not related to the incident alleged in the Complaint.

Subject to and without waiving these objections and its General Objections, the onboarding process for motor carriers interested in applying to and/or participating in the Amazon Relay program are documented at https://relay.amazon.com/faq.

Objections by: _____
Stuart R. Day

33.    Onboarding process and documents.

**OBJECTION/RESPONSE:  In addition to their General Objections, please see objections and response to Request No. 32.**

Objections by:  _Stuart R. Day_____
                 Stuart R. Day

34.    Training process and documents.

**OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to this request because it is vague, ambiguous, and undefined. Objecting further, this request is not relevant to any claim or defense as it appears to seek materials that do not exist within the Amazon Relay program; are inapplicable to motor carriers participating in the Amazon Relay program; and/or that are not related to the incident alleged in the Complaint.**

**Subject to and without waiving these objections and its General Objections, no responsive documents exist. Amazon does not "train" third-party motor carrier drivers, motor carrier operators, motor carriers and/or carrier brokers.**

Objections by:  _Stuart R. Day_____
                 Stuart R. Day

35.    Owners Experience Week.

**OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to this request because it is vague, ambiguous, and undefined. Objecting further, this request is not relevant to any claim or defense as it appears to seek materials that do not exist within the Amazon Relay program; are inapplicable to motor carriers participating in the Amazon Relay program; and/or that are not related to the incident alleged in the Complaint.**

**Subject to and without waiving these objections and its General Objections, no responsive documents exist as it relates to AAF555 LLC, the relevant Relay carrier that accepted the shipment/load hauled by Justin Nzaramba on or about March 31, 2021; Northwest Express, LLC (a motor carrier that applied to the Amazon Relay program *after* March 31, 2021); or any other motor carrier defendant in this litigation.**

Objections by:  _Stuart R. Day_____
                 Stuart R. Day

36.    Business Coach documents for AAF555 LLC, Northwest Express, LLC.

**OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to this request because it is vague, ambiguous, and undefined. Objecting further, this request is not relevant to any claim or defense as it appears to seek materials that do not exist within the Amazon Relay program; are inapplicable to motor carriers participating in the Amazon Relay program; and/or that are not related to the incident alleged in the Complaint.**

**Subject to and without waiving these objections and its General Objections, no responsive documents exist as it relates to AAF555 LLC, the relevant Relay carrier that accepted the shipment/load hauled by Justin Nzaramba on or about March 31, 2021; Northwest Express, LLC (a motor carrier that applied to the Amazon Relay program *after* March 31, 2021); or any other motor carrier defendant in this litigation.**

Objections by:  _Stuart R. Day_

37.     Relay App data for March 1, 2021 through March 31, 2021 for AAF555 LLC, Northwest Express, LLC.

**OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to this request because it is vague, ambiguous, and undefined. Objecting further, this request is not relevant to any claim or defense as it appears to seek materials that do not exist within the Amazon Relay program; are inapplicable to motor carriers participating in the Amazon Relay program; and/or that are not related to the incident alleged in the Complaint.**

**Subject to and without waiving these objections and its General Objections, as written, no responsive documents exist. Notwithstanding, in the spirit of cooperation, Amazon will produce materials reflecting Justin Nzaramba's use of the Amazon Relay application on or about March 31, 2021, upon entry of a protective order.**

Objections by:  _Stuart R. Day_

38.     Flex App data for March 1, 2021 through March 31, 2021 for AAF555 LLC, Northwest Express, LLC.

**OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to this request because it is vague, ambiguous, and undefined. Objecting further, this request is not relevant to any claim or defense as it appears to seek materials that do not exist within the Amazon Relay program; are inapplicable to motor carriers participating in the Amazon Relay program; and/or that are not related to the incident alleged in the Complaint.**

**Subject to and without waiving these objections and its General Objections, no responsive**

documents exist as it relates to AAF555 LLC, the relevant Relay carrier that accepted the shipment/load hauled by Justin Nzaramba on or about March 31, 2021; Northwest Express, LLC (a motor carrier that applied to the Amazon Relay program *after* March 31, 2021); or any other motor carrier defendant in this litigation.

Objections by: _____
Stuart R. Day

39.    Mentor App data for March 1, 2021 through March 31, 2021 for AAF555 LLC, Northwest Express, LLC.

**OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to this request because it is vague, ambiguous, and undefined. Objecting further, this request is not relevant to any claim or defense as it appears to seek materials that do not exist within the Amazon Relay program; are inapplicable to motor carriers participating in the Amazon Relay program; and/or that are not related to the incident alleged in the Complaint.**

**Subject to and without waiving these objections and its General Objections, no responsive documents exist as it relates to AAF555 LLC, the relevant Relay carrier that accepted the shipment/load hauled by Justin Nzaramba on or about March 31, 2021; Northwest Express, LLC (a motor carrier that applied to the Amazon Relay program *after* March 31, 2021); or any other motor carrier defendant in this litigation.**

Objections by: _____
Stuart R. Day

40.    GroundCloud software system data for March 1, 2021 through March 31, 2021 for AAF555 LLC, Northwest Express, LLC.

**OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to this request because it is vague, ambiguous, and undefined. Objecting further, this request is not relevant to any claim or defense as it appears to seek materials that do not exist within the Amazon Relay program; are inapplicable to motor carriers participating in the Amazon Relay program; and/or that are not related to the incident alleged in the Complaint. Amazon also objects to the scope of this request to the extent that it seeks ESI, if any, which is not reasonably accessible because of undue burden or cost. Amazon objects to the extent that this request seeks proprietary and/or confidential business information.**

**Subject to and without waiving these objections and its General Objections, as it relates to AAF555 LLC, the relevant Relay carrier that accepted the shipment/load hauled by Justin Nzaramba on or about March 31, 2021; Northwest Express, LLC (a motor carrier that applied to the Amazon Relay program *after* March 31, 2021), Amazon is not in aware of any responsive documents/data relating to the "GroundCloud software system."**

Objections by: _____
Stuart R. Day

41.     Rabbit data for March 1, 2021 through March 31, 2021.

**OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to this request because it is vague, ambiguous, and undefined. Objecting further, this request is not relevant to any claim or defense as it appears to seek materials that do not exist within the Amazon Relay program; are inapplicable to motor carriers participating in the Amazon Relay program; and/or that are not related to the incident alleged in the Complaint.**

**Subject to and without waiving these objections and its General Objections, no responsive documents exist as it relates to AAF555 LLC, the relevant Relay carrier that accepted the shipment/load hauled by Justin Nzaramba on or about March 31, 2021; Northwest Express, LLC (a motor carrier that applied to the Amazon Relay program after March 31, 2021); or any other motor carrier defendant in this litigation.**

Objections by: _____
Stuart R. Day

42.     Action Tracking System data for March 1, 2021 through March 31, 2021 for AAF555 LLC, Northwest Express, LLC.

**OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to this request because it is vague, ambiguous, and undefined.**

**Subject to and without waiving these objections and its General Objections, as Amazon understands this request, Amazon will produce responsive data relating to the Relay carrier accounts for AAF555 LLC and Northwest Express, LLC upon entry of a protective order.**

Objections by: _____
Stuart R. Day

43.     Amazon Logistics Provided Equipment for AAF555 LLC, Northwest Express, LLC.

**OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to this request because it is vague, ambiguous, and undefined. Objecting further, this request is not relevant to any claim or defense as it appears to seek materials that do not exist within the**

Amazon Relay program; are inapplicable to motor carriers participating in the Amazon Relay program; and/or that are not related to the incident alleged in the Complaint.

Subject to and without waiving these objections and its General Objections, no responsive documents exist.

Objections by: _____
Stuart R. Day

44.    Amazon Logistics Required Technology for AAF555 LLC, Northwest Express, LLC.

OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to this request because it is vague, ambiguous, and undefined. Objecting further, this request is not relevant to any claim or defense as it appears to seek materials that do not exist within the Amazon Relay program; are inapplicable to motor carriers participating in the Amazon Relay program; and/or that are not related to the incident alleged in the Complaint.

Subject to and without waiving these objections and its General Objections, as Amazon understands this request, other than the Amazon Relay agreement and Program Policies applicable to AAF555, LLC and Northwest Express, LLC, which define "Required Technology," no responsive documents exist.

Objections by: _____
Stuart R. Day

45.    Amazon Logistics Safety and Compliance Team, including Amazon Execution Manager for AAF555 LLC, Northwest Express, LLC.

OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to this request because it is vague, ambiguous, and undefined. Objecting further, this request is not relevant to any claim or defense as it appears to seek materials that do not exist within the Amazon Relay program; are inapplicable to motor carriers participating in the Amazon Relay program; and/or that are not related to the incident alleged in the Complaint.

Subject to and without waiving these objections and its General Objections, as it relates to AAF555 LLC, the relevant Relay carrier that accepted the shipment/load hauled by Justin Nzaramba on or about March 31, 2021, or Northwest Express, LLC (a motor carrier that applied to the Amazon Relay program *after* March 31, 2021), Amazon is not in aware of any responsive document titled "Amazon Logistics Safety and Compliance Team" or similar.

Objections by: _____

Stuart R. Day

46.    Amazon Logistics Relay Operations Control Team for AAF555 LLC, Northwest Express, LLC.

**OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to this request because it is vague, ambiguous, and undefined. Objecting further, this request is not relevant to any claim or defense as it appears to seek materials that do not exist within the Amazon Relay program; are inapplicable to motor carriers participating in the Amazon Relay program; and/or that are not related to the incident alleged in the Complaint.**

**Subject to and without waiving these objections and its General Objections, as it relates to AAF555 LLC, the relevant Relay carrier that accepted the shipment/load hauled by Justin Nzaramba on or about March 31, 2021, or Northwest Express, LLC (a motor carrier that applied to the Amazon Relay program *after* March 31, 2021), Amazon is not in aware of any responsive document titled "Amazon Logistics Relay Operations Control Team" or similar.**

Objections by: _____

Stuart R. Day


47.    Ranking of their status and/or score as a Delivery Service Partner or freight partner for January 1, 2020 through March 31, 2021.

**OBJECTION/RESPONSE:  In addition to their General Objections, please see objections and response to Request No. 31.**

Objections by: _____

Stuart R. Day


48.    Amazon Logistics Efficiency Scores for January 1, 2020 through March 31, 2021 for AAF555 LLC, Northwest Express, LLC.

**OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to this request because it is vague, ambiguous, and undefined. Objecting further, this request is not relevant to any claim or defense as it appears to seek materials that do not exist within the Amazon Relay program; are inapplicable to motor carriers participating in the Amazon Relay program; and/or that are not related to the incident alleged in the Complaint. Amazon also objects to the scope of this request to the extent that it seeks ESI, if any, which is not reasonably accessible because of undue burden or cost. Amazon objects to the extent that this request seeks proprietary and/or confidential business information.**

**Subject to and without waiving these objections and its General Objections, as it relates to AAF555 LLC, the relevant Relay carrier that accepted the shipment/load hauled by Justin Nzaramba on or about March 31, 2021, or Northwest Express, LLC (a motor carrier that**

applied to the Amazon Relay program *after* March 31, 2021), Amazon is not in aware of any responsive document titled "Amazon Logistics Efficiency Scores" or similar.

Objections by: _____
Stuart R. Day

49.     Guidelines, handbooks, manuals, policies, procedures, Freight Partner Manual, DSP Operations Manual and/or DSP Fleet Safety Manual as of March 31, 2021.

**OBJECTION/RESPONSE:  In addition to their General Objections, please see objections and response to Request No. 31.**

Objections by: _____
Stuart R. Day

50.     List of available drivers provided to Amazon Logistics and routes assigned by Amazon from March 1, 2021 through March 31, 2021

**OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to this request because it is vague, ambiguous and undefined. Objecting further, this request is overly broad and unduly burdensome in breadth, time and scope to the extent that it is not limited to the motor carriers or drivers at issue, the Amazon Relay program, and/or a reasonable period of time. Amazon also objects to this request to the extent that it seeks information that is not relevant to any claim or defense and/or that is disproportionate to the needs of the case. Amazon further objects to the scope of this request to the extent that it seeks ESI, if any, which is not reasonably accessible because of undue burden or cost.**

**Subject to and without waiving these objections and its General Objections, as it relates to AAF555 LLC, the relevant Relay carrier that accepted the shipment/load hauled by Justin Nzaramba on or about March 31, 2021, or Northwest Express, LLC (a motor carrier that applied to the Amazon Relay program *after* March 31, 2021), Amazon will produce materials sufficient to show site users and/or the driver rosters, if any, uploaded to the Amazon Relay portal by AAF555, LLC and/or Northwest Express, LLC upon entry of a protective order.**

Objections by: _____
Stuart R. Day

51.     Rescue Program. Rescues and/or drivers requiring rescue from March 1, 2021 through March 31, 2021.

**OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to this**

request because it is vague, ambiguous, and undefined. Objecting further, this request is not relevant to any claim or defense as it appears to seek materials that do not exist within the Amazon Relay program; are inapplicable to motor carriers participating in the Amazon Relay program; and/or that are not related to the incident alleged in the Complaint. Amazon also objects to the scope of this request to the extent that it seeks ESI, if any, which is not reasonably accessible because of undue burden or cost. Amazon objects to the extent that this request seeks proprietary and/or confidential business information.

Subject to and without waiving these objections and its General Objections, as it relates to AAF555 LLC, the relevant Relay carrier that accepted the shipment/load hauled by Justin Nzaramba on or about March 31, 2021, or Northwest Express, LLC (a motor carrier that applied to the Amazon Relay program *after* March 31, 2021), Amazon is not in aware of any responsive document titled "Rescue Program" or similar.

Objections by: _____
Stuart R. Day

52.     All documents reviewed in selecting, hiring, or approving AAF555 LLC and Northwest Express, LLC and motor carriers.

OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to this request because it is vague and ambiguous. Objecting further, this request is overly broad and unduly burdensome in breadth, time and scope to the extent that it is not limited to the motor carriers or drivers at issue and/or a reasonable period of time.  Amazon also objects to this request to the extent that it seeks information that is not relevant to any claim or defense and/or that is disproportionate to the needs of the case.

Subject to and without waiving these objections and its General Objections, as Amazon understands this request, please see objection and response to Request No. 32.

Objections by: _____
Stuart R. Day

53.     All documents regarding recording of all GPS data, speed, load acceptance rate, hard break events, on time percentage rate, app usage rate and any other data reviewed for AAF555 LLC and Northwest Express LLC.

OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to this request because it is vague, ambiguous, overly broad and unduly burdensome in breadth, time and scope to the extent it seeks undefined materials over an undefined period of time relating to undefined shipment/loads. Objecting further, this request seeks information that is not relevant to any claim or defense and/or that is disproportionate to the needs of the case. The unrestricted cost and expense to Amazon of producing data or ESI in response to this

request outweighs the marginal benefit to Plaintiff of such a sweeping disclosure in this lawsuit concerning a motor vehicle accident in Wyoming.

Subject to and without waiving these objections and its General Objections, as it relates to the shipment/load accepted by AAF555, LLC and hauled by Justin Nzaramba on or about March 31, 2021, Amazon will produce documents sufficiently responsive to this request upon entry of a protective order.

Objections by: _____
Stuart R. Day

## B.   JUSTIN NZARAMBA – DOCUMENTS

1. Driver Qualification File

OBJECTION/RESPONSE: In addition to their General Objections, Amazon objects to this request as duplicative. Please see objections and response to Request No. 26 of section A herein.

Objections by: _____
Stuart R. Day

2. Background check and/or driver verification including documents from any third-party company used to qualify and verify drivers.

OBJECTION/RESPONSE: In addition to their General Objections, Amazon objects to this request as duplicative. Please see objections and response to Request No. 12 of section A herein.

Objections by: _____
Stuart R. Day

3. Hiring

OBJECTION/RESPONSE: In addition to their General Objections, Amazon objects to this request as duplicative. Please see objections and response to Request No. 26 of section A herein.

Objections by: _____
Stuart R. Day

4.      Driver and DSP owner orientation including any documents related to Owners Experience Week

**OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to this request as duplicative and overly broad.  Please see objections and response to Request Nos. 31 and 35 of section A herein.**

Objections by:   _____
Stuart R. Day

5.      Personnel

**OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to this request because it is vague, ambiguous, overly broad and undefined.**

**Subject to and without waiving the foregoing objections and its General Objections, Amazon did not employ Justin Nzaramba and is not in possession, custody or control of documents responsive to this request.**

Objections by:   _____
Stuart R. Day

6.      Human Resources

**OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to this request because it is vague, ambiguous, overly broad and undefined.**

**Subject to and without waiving the foregoing objections and its General Objections, Amazon did not employ Justin Nzaramba and is not in possession, custody or control of documents responsive to this request.**

Objections by:   _____
Stuart R. Day

7.      DOT Medical

**OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to this request because it is vague, ambiguous, overly broad and undefined.**

**Subject to and without waiving the foregoing objections and its General Objections, Amazon**

**did not employ Justin Nzaramba and is not in possession, custody or control of documents responsive to this request.**

Objections by: _____
Stuart R. Day

8.      Drugs and Alcohol

**OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to this request because it is vague, ambiguous, overly broad and undefined.**

**Subject to and without waiving the foregoing objections and its General Objections, Amazon did not employ Justin Nzaramba and is not in possession, custody or control of documents responsive to this request.**

Objections by: _____
Stuart R. Day

9.      Safety

**OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to this request because it is vague, ambiguous, overly broad and undefined.**

**Subject to and without waiving the foregoing objections and its General Objections, Amazon did not employ Justin Nzaramba and is not in possession, custody or control of documents responsive to this request.**

Objections by: _____
Stuart R. Day

10.     Training

**OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to this request because it is vague, ambiguous, overly broad and undefined.**

**Subject to and without waiving the foregoing objections and its General Objections, Amazon did not employ Justin Nzaramba and is not in possession, custody or control of documents responsive to this request.**

Objections by: _____

Stuart R. Day

11.       Disciplinary Action/Reprimands/Warnings/Termination

**OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to this request because it is vague, ambiguous, overly broad and undefined.**

**Subject to and without waiving the foregoing objections and its General Objections, Amazon did not employ Justin Nzaramba and is not in possession, custody or control of documents responsive to this request.**

Objections by:      _____
Stuart R. Day

12.       Insurance verification/vetting

**OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to this request because it is vague, ambiguous, overly broad and undefined.**

**Subject to and without waiving the foregoing objections and its General Objections, Amazon did not employ Justin Nzaramba and is not in possession, custody or control of documents responsive to this request.**

Objections by:      _____
Stuart R. Day

13.       Accounting/Payroll

**OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to this request because it is vague, ambiguous, overly broad and undefined.**

**Subject to and without waiving the foregoing objections and its General Objections, Amazon did not employ Justin Nzaramba and is not in possession, custody or control of documents responsive to this request.**

Objections by:      _____
Stuart R. Day

14.       Delivery, dispatch, hours of service, load confirmation, and/or trip records from March 31, 2020 through March 31, 2022, for Justin Nzaramba, the vehicle he was operating, and/or the cargo he was delivering or transporting.

**OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to this request because it is vague, ambiguous, overly broad and unduly burdensome in breadth, time and scope to the extent it seeks materials that do not exist; not relevant to any claim or defense; and/or disproportionate to the needs of the case.  Objecting further, to the extent that this request seeks ESI relating to all shipment/loads hauled by Justin Nzaramba from March 31, 2020 through March 31, 2022, such materials are not reasonably accessible because of undue burden or cost.**

**Subject to and without waiving these objections and its General Objections, as it relates to the shipment/load accepted by AAF555, LLC and hauled by Justin Nzaramba on or about March 31, 2021, Amazon will produce documents sufficiently responsive to this request upon entry of a protective order.**

Objections by:     Stuart R. Day

15.     Proof of Delivery regarding trips made by Justin Nzaramba from March 31, 2020 through March 31, 2022, for Justin Nzaramba, the vehicle he was operating, and/or the packages he was delivering.

**OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to this request because it is vague, ambiguous, overly broad and unduly burdensome in breadth, time and scope to the extent it seeks materials that do not exist; not relevant to any claim or defense; and/or disproportionate to the needs of the case.  Objecting further, to the extent that this request seeks ESI relating to all shipment/loads hauled by Justin Nzaramba from March 31, 2020 through March 31, 2022, such materials are not reasonably accessible because of undue burden or cost.**

**Subject to and without waiving these objections and its General Objections, as it relates to the shipment/load accepted by AAF555, LLC and hauled by Justin Nzaramba on or about March 31, 2021, Amazon will produce documents sufficiently responsive to this request upon entry of a protective order.**

Objections by:     Stuart R. Day

16.     Relay App communication and data for March 31, 2020 through March 31, 2022, for Justin Nzaramba, the vehicle he was operating, and/or the packages he was delivering.

**OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to this request as duplicative.  Please see objections and response to Request No. 37 of section A herein.**

Objections by: _____
Stuart R. Day

17.     Flex App communication and data for March 31, 2020 through March 31, 2022, for Justin Nzaramba, the vehicle he was operating, and/or the packages he was delivering.

**OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to this request because it is vague, ambiguous, and undefined. Objecting further, this request is not relevant to any claim or defense as it appears to seek materials that do not exist within the Amazon Relay program; are inapplicable to motor carriers participating in the Amazon Relay program; and/or that are not related to the incident alleged in the Complaint.**

**Subject to and without waiving these objections and its General Objections, no responsive documents exist as it relates to the shipment/load hauled by Justin Nzaramba on or about March 31, 2021.**

Objections by: _____
Stuart R. Day

18.     Mentor App communication and data for March 31, 2020 through March 31, 2022, for Justin Nzaramba, the vehicle he was operating, and/or the packages he was delivering.

**OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to this request because it is vague, ambiguous, and undefined. Objecting further, this request is not relevant to any claim or defense as it appears to seek materials that do not exist within the Amazon Relay program; are inapplicable to motor carriers participating in the Amazon Relay program; and/or that are not related to the incident alleged in the Complaint.**

**Subject to and without waiving these objections and its General Objections, no responsive documents exist as it relates to the shipment/load hauled by Justin Nzaramba on or about March 31, 2021.**

Objections by: _____
Stuart R. Day

19.     GroundCloud software system communication and data for March 31, 2020 through March 31, 2022, for Justin Nzaramba, the vehicle he was operating, and/or the packages he was delivering.

**OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to this request because it is vague, ambiguous, and undefined. Objecting further, this request is not relevant to any claim or defense as it appears to seek materials that do not exist within the Amazon Relay program; are inapplicable to motor carriers participating in the Amazon Relay program; and/or that are not related to the incident alleged in the Complaint.**

**Subject to and without waiving these objections and its General Objections, Amazon is not aware of responsive documents/data exist as it relates to the shipment/load hauled by Justin Nzaramba on or about March 31, 2021.**

Objections by:  _____
Stuart R. Day

20.    Rabbit communication and data for March 31, 2020 through March 31, 2022, for Justin Nzaramba, the vehicle he was operating, and/or the packages he was delivering.

**OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to this request because it is vague, ambiguous, and undefined. Objecting further, this request is not relevant to any claim or defense as it appears to seek materials that do not exist within the Amazon Relay program; are inapplicable to motor carriers participating in the Amazon Relay program; and/or that are not related to the incident alleged in the Complaint.**

**Subject to and without waiving these objections and its General Objections, no responsive documents exist as it relates to the shipment/load hauled by Justin Nzaramba on or about March 31, 2021.**

Objections by:  _____
Stuart R. Day

21.    Action Tracking System data for March 31, 2020 through March 31, 2022, for Justin Nzaramba, the vehicle he was operating, and/or the packages he was delivering.

**OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to this request because it is vague, ambiguous, and undefined. Objecting further, this request is not relevant to any claim or defense as it appears to seek materials that do not exist within the Amazon Relay program; are inapplicable to motor carriers participating in the Amazon Relay program; and/or that are not related to the incident alleged in the Complaint.**

**Subject to and without waiving these objections and its General Objections, no responsive documents exist as it relates to the shipment/load hauled by Justin Nzaramba on or about March 31, 2021.**

Objections by:  _____

Stuart R. Day

22.     GPS data for March 31, 2020 through March 31, 2022, for Justin Nzaramba, the vehicle he was operating, and/or the packages he was delivering.

**OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to this request as duplicative.  Please see objections and response to Request No. 16 of section A herein.**

Objections by: _____
                         Stuart R. Day

23.     Communication records (messages, text messages, emails, Qualcomm, voicemails, phone calls, and notes from phone calls) from March 31, 2020 through March 31, 2022.

**OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to this request because it is vague, ambiguous and overly broad in breadth, scope and time. Objecting further, to the extent that this request seeks ESI relating to all shipment/loads hauled by Justin Nzaramba from March 31, 2020 through March 31, 2022, such materials are not reasonably accessible because of undue burden or cost.**

**Subject to and without waiving the foregoing objections and its General Objections, as it relates to the shipment/load hauled by Justin Nzaramba on or about March 31, 2021, Amazon will produce documents reflecting any "communications" upon entry of a protective order.**

Objections by: _____
                         Stuart R. Day

24.     The completed Driver Service Provider agreement under which Justin Nzaramba was employed.

**OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to this request because it is vague, ambiguous, and undefined. Objecting further, this request is not relevant to any claim or defense as it appears to seek materials that do not exist within the Amazon Relay program; are inapplicable to motor carriers participating in the Amazon Relay program; and/or that are not related to the incident alleged in the Complaint.**

**Subject to and without waiving these objections and its General Objections, no responsive documents exist as it relates to the shipment/load hauled by Justin Nzaramba on or about March 31, 2021.**

Objections by: _____

Stuart R. Day

25.     Daily driver score and/or FICO Score from March 31, 2020 through March 31, 2022.

**OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to this request because it is vague, ambiguous, and undefined. Objecting further, this request is not relevant to any claim or defense as it appears to seek materials that do not exist within the Amazon Relay program; are inapplicable to motor carriers participating in the Amazon Relay program; and/or that are not related to the incident alleged in the Complaint.**

**Subject to and without waiving these objections and its General Objections, no responsive documents exist as it relates to the shipment/load hauled by Justin Nzaramba on or about March 31, 2021.**

Objections by:     _____
                   Stuart R. Day


26.     Delivery Associates/Freight Partners screen capture or screenshot for Justin Nzaramba.

**OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to this request because it is vague, ambiguous, and undefined. Objecting further, this request is not relevant to any claim or defense as it appears to seek materials that do not exist within the Amazon Relay program; are inapplicable to motor carriers participating in the Amazon Relay program; and/or that are not related to the incident alleged in the Complaint.**

**Subject to and without waiving these objections and its General Objections, no responsive documents exist as it relates to the shipment/load hauled by Justin Nzaramba on or about March 31, 2021. By way of further response, please see objections and response to Request No. 31 of section A herein..**

Objections by:     _____
                   Stuart R. Day


## C.     MARCH 31, 2021 CRASH

1.     All communication between Amazon Logistics (and its agents) and AAF555 LLC and Northwest Express, LLC regarding the wreck.

**OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to this request because it is vague, ambiguous and argumentative as to the term "wreck".**

**Subject to and without waiving these objections and its General Objections, Amazon will**

produce responsive documents reflecting any "communications" with AAF555 LLC and Northwest Express, LLC regarding the March 31, 2021 incident alleged in the Complaint.

Objections by: _____
Stuart R. Day

2.      All communication between Amazon Logistics and Justin Nzaramba on March 31, 2021.

**OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to this request as duplicative.  Please see objections and response to Request No. 23 of section B above.**

Objections by: _____
Stuart R. Day

3.      All documents that show what, when, and how the crash happened.

**OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to this request because it is vague, ambiguous and overly broad. Amazon did not employ, own, operate, or control any person or vehicle involved in the accident, nor was Amazon present at the scene or even notified by AAF555 LLC that its driver had been involved in an incident on March 31, 2021 (on the date the incident occurred). Objecting further, this request seeks documents that are protective from disclosure by the attorney-client privilege, insurer-insured privilege and/or attorney work product doctrine.**

**Subject to and without waiving these objections and its General Objections, Amazon only possesses publicly-available materials responsive to this request obtained from law enforcement. Please see the responsive information identified with bates numbers AMAZON_DEBEER00035-481.**

Objections by: _____
Stuart R. Day

4.      All accident, incident, preventability and/or similar reports prepared by Amazon Logistics concerning the crash.

**OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to this request because is vague, ambiguous and overly broad. Amazon did not employ, own, operate, or control any person or vehicle involved in the accident, nor was Amazon present at the scene or even notified by AAF555 LLC that its driver had been involved in an incident**

on March 31, 2021 (on the date the incident occurred). Objecting further, this request seeks documents that are protective from disclosure by the attorney-client privilege, insurer-insured privilege and/or attorney work product doctrine.

Objections by: _____
Stuart R. Day

5.      All photographs and/or video recordings of the crash, scene of the crash, the vehicles involved, or the parties involved taken by or on behalf of Amazon Logistics.

**OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to this request because it is vague, ambiguous and overly broad. Amazon did not employ, own, operate, or control any person or vehicle involved in the accident, nor was Amazon present at the scene or even notified by AAF555 LLC that its driver had been involved in an incident on March 31, 2021 (on the date the incident occurred).**

**Subject to and without waiving these objections and its General Objections, no responsive documents exist.**

Objections by: _____
Stuart R. Day

6.      All documents detailing where Justin Nzaramba and/or the truck and trailer was coming from and headed to at the time of the March 31, 2021 crash.

**OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to the scope of this request as it is overly broad as it relates to "all documents" and/or data.**

**Subject to and without waiving these objections and its General Objections, Amazon will produce GPS data relating to any telematics equipped on the leased trailer to the extent that it exists in addition to data reflecting the route of the shipment/load hauled by Justin Nzaramba on or about March 31, 2021 upon entry of a protective order.**

Objections by: _____
Stuart R. Day

7.      All videos and photographs of the truck, trailer, Justin Nzaramba, and the crash from the time Justin Nzaramba began the trip in question until after the time of the March 31st, 2021 crash (including all photos and videos contained in the cloud or through a vendor – e.g., Netradyne).

**OBJECTION/RESPONSE: In addition to their General Objections, Amazon objects to this request because it is vague, ambiguous and overly broad. Amazon did not employ, own, operate, or control any person or vehicle involved in the accident, nor was Amazon present at the scene or even notified by AAF555 LLC that its driver had been involved in an incident on March 31, 2021 (on the date the incident occurred).**

**Subject to and without waiving these objections and its General Objections, Amazon only possesses publicly-available materials responsive to this request obtained from law enforcement. Please see the responsive information identified with bates numbers AMAZON_DEBEER00035-481.**

Objections by:   _____
                          Stuart R. Day

8.      All documents evidencing or depicting any incident in which Justin Nzaramba was involved on the trip in question, including any prior incident where he left the roadway on the trip in question.

**OBJECTION/RESPONSE: In addition to their General Objections, Amazon objects to the phrase "incident" is vague and ambiguous and "all documents" is overly broad.**

**Subject to and without waiving these objections and its General Objections, Amazon will produce responsive documents upon entry of a protective order.**

Objections by:   _____
                          Stuart R. Day

## D.      INSURANCE

1.      Any documents which may provide insurance coverage(s) on behalf of Amazon Logistics, any named Defendant, Justin Nzaramba and/or the truck and trailer involved in the March 31, 2021 crash, to include all policies, declaration pages, amendments, addendums, endorsements, exclusions, list of named insureds, list of additional insureds for any and all self-insured retention, liability, excess, umbrella, excess umbrella, directors & officers, or any other form of secondary coverage applicable, in effect at the time of the March 31, 2021 crash.

**OBJECTION/RESPONSE: In addition to their General Objections, Amazon objects to this request because it is vague, ambiguous and overly broad. Objecting further, this request seeks information that is not relevant to any claim or defense. Amazon specifically objects to the production of "any and all self-insured retention, liability, excess, umbrella, excess umbrella, directors & officers, or any other form of secondary coverage applicable," as disproportionate to the needs of the case.**

**Subject to and without waiving these objections and its General Objections, please see documents that will be produced in response to Federal Rule of Civil Procedure 26(a)(1)(A)(iv) upon entry of a protective order.**

Objections by: _____

Stuart R. Day

2.      Reservation of rights and/or coverage opinion correspondence regarding the whether any of the Defendants are covered under any insurance policy identified in C.1., above.

**OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to this request because it is vague, ambiguous and overly broad. Objecting further, this request seeks information that is not relevant to any claim or defense.**

**Subject to and without waiving these objections and its General Objections, no responsive documents exist.**

Objections by: _____

Stuart R. Day

3.      Indemnity agreements and/or demands for indemnity between Amazon Logistics and any of the Defendants.

**OBJECTION/RESPONSE:  In addition to their General Objections, Amazon objects to this request because it is vague, ambiguous and overly broad. Objecting further, this request seeks information that is not relevant to any claim or defense.**

**Subject to and without waiving these objections and its General Objections, as it relates to the AAF555 LLC, the relevant Relay carrier that accepted the shipment/load hauled by Justin Nzaramba on or about March 31, 2021, Amazon will produce the applicable Amazon Relay agreement and Program Policies upon entry of a protective order.**

Objections by: _____

Stuart R. Day

(Remainder of Page Left Blank Intentionally)

DATED this 25th day of August 2023.

AMAZON LOGISTICS, INC., AMAZON.COM,
INC., AND AMAZON.COM SERVICES LLC,
Defendants.

Stuart R. Day, WSB 5-2244
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 North Wolcott, Suite 400 (82601)
P. O. Box 10700
Casper, WY 82601
307-265-0700 telephone
307-266-2306 facsimile
Email:  sday@wpdn.net

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing was served upon all counsel of record, specifically provided below, by electronic service this 25th day of August 2023.

Grant H. Lawson
Joseph P. Chenchar
Metier Law Firm, LLC
259 S. Center, Suite 301
Casper, WY 82601
Mailing: 4828 South College Avenue
Fort Collins, CO 80525
(307) 237-3800 Phone
(930) 225-1476 Fax
grant@metierlaw.com
joe@metierlaw.com

*Attorneys for Plaintiff*

George "Jed" Chronic, *Pro Hac Vice*
Maschka, Riedy, Ries & Frentz
151 Saint Andrews Court, Building 1010
Mankato, MN 56001
(507) 625-6600 Phone
(507) 625-4002 Fax
jchronic@mrr-law.com

*Attorneys for Plaintiff*

Matthew E. Wright, *Pro Hac Vice*
The Law Firm for Truck Safety, LLP
840 Crescent Centre Drive, Suite 310
Franklin, Tennessee 37067
(615) 455-3588
matt@truckaccidents.com

*Attorneys for Plaintiff*

Zenith S. Ward
Buchhammer & Ward, P.C.
1821 Logan Ave.
P.O. Box 568
Cheyenne, WY 82003-0568
(307) 634-2184 Phone
zsw@wyoming.com

*Attorneys for Defendants Northwest Express, LLC and Justin Nzaramba*

_____
Stuart R. Day

Stuart Day WSB # 5-2244
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 North Wolcott, Suite 400 (82601)
P. O. Box 10700
Casper, WY 82602
307-265-0700 telephone
307-266-2306 facsimile
sday@wpdn.net

*Attorneys for Amazon Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| KIMBERLY DEBEER, surviving spouse and wrongful death personal representative of DANIEL DEBEER, deceased, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil No. 23-CV-33-ABJ |
| AMAZON LOGISTICS, INC. d/b/a PRIME, AMAZON.COM, INC., AMAZON.COM SERVICES LLC, AAF555 LLC, NORTHWEST EXPRESS, LLC, ASD EXPRESS, LLC, and JUSTIN NZARAMBA | ) ) ) ) ) ) | |
| Defendants. | ) | |

---

## AMAZON DEFENDANTS' OBJECTIONS AND ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

---

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule 26.1, Defendants Amazon Logistics, LLC, Amazon.com, Inc., Amazon.com Services, LLC (collectively, "Amazon"), by and through its undersigned attorneys, hereby provide their objections and answers *Plaintiffs' First Set of Interrogatories*, as follows:

### PRELIMINARY STATEMENT

Amazon, by and through its counsel, is still conducting discovery, investigation, and analysis of the matters relating to this case. These Objections and Answers are therefore based

upon information and documents collectively known or believed by Amazon at the time of answering these discovery requests. Since Amazon's investigation remains ongoing, and will continue, it provides these answers without prejudice to its right to modify and/or supplement the answers, and to introduce evidence, up to the time of trial, as its further investigation warrants.

Certain documents to be produced by Amazon in the future are of a confidential and/or proprietary nature. The documents are therefore produced in anticipation of a Protective Order to be presented and entered by the Court. Plaintiff is directed to refrain from disseminating any documents to any third party until a Protective Order is entered by the Court.

## **GENERAL OBJECTIONS**

Amazon makes the following General Objections, which are incorporated into each and every answer and response set forth below as if each is fully set forth therein:

**1. Unduly Burdensome / Vague / Ambiguous.** Amazon objects to each interrogatory to the extent that they are generally unduly burdensome, harassing, vague, overly broad, insufficiently tailored in scope and/or time to enable Amazon to answer and/or provide a response to the request, and do not reasonably seek to limit the time frame or scope of information sought.

**2. The Attorney-Client Privilege / Work Product Doctrine.** Amazon objects to each interrogatory to the extent it seeks information that is protected by one or more of the following:

(a) The attorney-client privilege;

(b) The work product doctrine, including the mental impressions, conclusions, opinions, legal theories of Amazon's legal counsel, employees, agents and/or representatives;

(c) The confidentiality of materials prepared in anticipation of litigation; or

(d) Other privileges and protections recognized by law.

**3.   Confidential and Proprietary Business Documents and Personal Information.**
Amazon objects to each interrogatory to the extent it seeks information or documents which contain confidential, proprietary, trade secret, sensitive business, commercial or other technical information the uncontrolled release of which would cause Amazon harm, competitive or otherwise. Any and all company documents produced by Amazon will be considered confidential and subject to the terms and conditions of a confidentiality agreement and/or Protective Order to be issued by the Court. Amazon further objects to each interrogatory for production that unnecessarily seeks personal contact and/or financial information.

**4.   Relevance of Request.** Amazon objects to each interrogatory to the extent it seeks the production of information that is not relevant to the issues in this litigation or is not reasonably calculated to lead to evidence or information that is relevant to the issues in this litigation.

**5.   Equal Access / Custody and Control.** Amazon objects to each interrogatory to the extent it seeks information/documents that Plaintiff(s) have equal access to and/or is not within the possession, custody or control of Amazon or that are part of the record in any public, administrative, or judicial proceeding, on the grounds that such information/documents are publically available and are as equally accessible to Plaintiff(s) as they are to Amazon. No legitimate purpose would be served by requiring Amazon to incur the time and expense required to produce such documents. Amazon also objects to each and every interrogatory to the extent that it seeks information not within its possession, custody or control.

**6.   Reservation of Rights.** By responding to any interrogatories and/or request and producing any documents or information in response, Amazon does not stipulate or otherwise admit that any such materials are relevant or admissible at trial. Amazon reserves the right to challenge the competency, relevancy or admissibility at trial, or any other subsequent proceeding, in this or any other action, of any response to these discovery requests.

**7.   Inadvertent and/or Unintentional Production of Documents.** Amazon will not divulge any information or produce any documents protected by the attorney-client privilege, work product doctrine, joint defense privilege or any applicable protection. To the extent Amazon inadvertently, or unintentionally, produce any protected document(s), it reserves the right to ask any party in this litigation to immediately return the original document(s), and all copies, to counsel for Amazon.

**8.   Privilege Log.** Given the nature of various discovery requests issued by Plaintiff(s), certain documents may be protected from discovery under the attorney-client privilege, the work product doctrine, are generally confidential and/or proprietary, or are otherwise confidential. Amazon will prepare a Privilege Log if an agreement as to same is reached by the parties, or otherwise ordered by the Court.

**9.   Outside the Scope of Permissible Discovery.** Amazon objects to each and every interrogatory to the extent it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence and is not relevant to the subject matter of this specific lawsuit, or is otherwise outside the scope of permissible discovery pursuant to the Federal Rules of Civil Procedure.

**10. Instructions for Responding.**  Amazon objects to Plaintiff's Instructions for Responding, and in particular subparts (c) and (d), to the extent that they seek to impose duties or obligations upon Amazon that are broader in scope than those imposed by the Federal Rules of Civil Procedure.

**AS TO GENERAL OBJECTIONS:**

Stuart R. Day

Each of the foregoing objections are hereby incorporated in each and every one of the following responses to *Plaintiffs' First Set of Interrogatories*, whether or not they are specifically

identified.

## OBJECTIONS AND ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1:**    Please identify by name and title every person who has answered or helped answer these interrogatories.

**OBJECTION/ANSWER:  In addition to their General Objections, Amazon objects to this Interrogatory on the grounds that it is overly broad.**

**Subject to and without waiving the foregoing objections and its General Objections, Ryan Sandefur, Senior Operations Manager, with the assistance of counsel.**

Objections by:    _____
Stuart R. Day

**INTERROGATORY NO. 2:**    State the full name and contact information of anyone who has or claims to have knowledge pertaining to any issue in this lawsuit, and the substance of the knowledge claimed by such individual, whether or not You intend to use that person to support Your claims and defenses.

**OBJECTION/ANSWER:  In addition to their General Objections, Amazon objects to this Interrogatory on the grounds that it vague as to "substance of knowledge," overly broad and duplicative of other discovery methods available under Federal Rule of Civil Procedure 26(a)(1).  Amazon further states that it did not employ, own, operate, or control any person or vehicle involved in the accident, nor was Amazon present at the scene.**

**Subject to and without waiving the foregoing objections and its General Objections, please see Amazon's disclosure in response to Federal Rule of Civil Procedure 26(a)(1)(A)(i) as supplemented on August 16, 2023.**

Objections by:    _____
Stuart R. Day

**INTERROGATORY NO. 3:**    Describe the criteria Amazon Logistics, Inc. used for the qualification, evaluation, screening, and selection of commercial motor carriers for the twelve months before March 31st, 2021 and the twelve months after and if this policy has been reduced to writing, please state so.

**OBJECTION/ANSWER:  In addition to their General Objections, Amazon objects to this**

**Interrogatory on the grounds that it is vague, ambiguous and overly broad. Amazon also objects to this Interrogatory to the extent that it seeks information that is not relevant to any claim or defense and/or that is disproportionate to the needs of the case. Amazon further objects to this Interrogatory to the extent that it seeks proprietary and/or confidential business information.**

**Subject to and without waiving the foregoing objections and its General Objections, as Amazon understands this Interrogatory, pursuant to Federal Rule of Civil Procedure 33(d), the answer to this Interrogatory can be derived or ascertained from the relevant version(s) of the Amazon Relay Carrier Terms of Service ("Amazon Relay agreement") and Program Policies applicable to the particular motor carrier hauling a shipment/load. Relevant to the claims, issues and defense here, AAF555 accepted the shipment/load hauled by Justin Nzaramba on or about March 31, 2021. A copy of the Amazon Relay agreement and Program Policies applicable to AAF555 will be produced upon entry of a protective order.**

Objections by:   _Stuart R. Day_

**INTERROGATORY NO. 4:**     List all websites, load boards, and other outlets in which You marketed the load and trip in question in this case. (e.g., Relay App., TruckStop.com)

**OBJECTION/ANSWER:  In addition to their General Objections, Amazon objects to this Interrogatory on the grounds that it is vague and ambiguous as to "marketed". Amazon also objects to this Interrogatory on the grounds that it is overly broad.**

**Subject to and without waiving the foregoing objections and its General Objections, as Amazon understands this Interrogatory, the shipment/load hauled by Justin Nzaramba on or about March 31, 2021 was made available on the Amazon Relay Load Board to motor carriers participating in the Amazon Relay program.**

Objections by:   _Stuart R. Day_

**INTERROGATORY NO. 5:**     Describe Your relationship with Defendants Northwest Express, LLC ("Northwest Express"), ASD Express, LLC ("ASD Express"), AAF555, LLC ("AAF555"), and/or Justin Nzaramba, prior to the crash forming the basis of this lawsuit, including the extent, how often, when, where, and under what circumstances that You had previously worked with any of these individuals or entities.

**OBJECTION/ANSWER:  In addition to their General Objections, Amazon objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and compound. Amazon also objects to this Interrogatory to the extent that it seeks that is not relevant to**

6

any claim or defense and/or that is disproportionate to the needs of the case.

Subject to and without waiving the foregoing objections and its General Objections, pursuant to Federal Rule of Civil Procedure 33(d), the answer to this Interrogatory as it relates to AAF555 can be derived or ascertained by materials Amazon will produce upon entry of a protective order, including, but not limited to the Amazon Relay agreement, Program Policies and Amazon data specific to AAF555 (e.g., carrier profile, site users, history/notes, insurance information, driver roster, certifications and carrier history). Answering further, at all times relevant to the allegations of the Complaint, Amazon did not have a business relationship or contractual relationship with Northwest Express, LLC, ASD Express, LLC or Justin Nzaramba.  Nonetheless, in the spirit of cooperation, Amazon will produce the same or similar materials relating to these individuals or entities (as Amazon will produce relating to AAF555) to the extent such materials exist and upon entry of a protective order.

Objections by:  _____
                Stuart R. Day

**INTERROGATORY NO. 6:**      List all motor carriers Amazon Logistics, Inc. knows to be a predecessor of, successor of, affiliate of, or overlapping ownership with Northwest Express, ASD Express, and/or AAF555.

**OBJECTION/ANSWER:  In addition to their General Objections, Amazon objects to this Interrogatory on the grounds that it is vague (as to time and scope), overly broad and argumentative as written.  Amazon also objects to this Interrogatory to the extent that it seeks information that is protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.**

**Subject to and without waiving the foregoing objections and its General Objections, Amazon is not in possession, custody or control of information responsive to this Interrogatory.**

Objections by:  _____
                Stuart R. Day

**INTERROGATORY NO. 7:**      Describe any communications representatives of Amazon Logistics, Inc. have had with Northwest Express, ASD Express, AAF555 and/or Justin Nzaramba regarding the shipment in question.

**OBJECTION/ANSWER:  In addition to their General Objections, Amazon objects to this Interrogatory on the grounds that it is vague, overly broad, unduly burdensome and compound.  Amazon also objects to this Interrogatory to the extent that it calls for a narrative response.**

**Subject to and without waiving the foregoing objections and its General Objections, pursuant to Federal Rule of Civil Procedure 33(d), the answer to this Interrogatory can be derived or ascertained from documents that Amazon will produce upon entry of a protective order reflecting communications related to the shipment/load hauled by Justin Nzaramba on or about March 31, 2021.**

Objections by: _____
                                          Stuart R. Day

**INTERROGATORY NO. 8:**     Was Amazon Logistics, Inc. operating under a lease, sublease, contract, or other agreement with any of the Defendants at the time of the crash, and if so, state the nature of the agreement, the date it was entered into and the signatory parties, as well as the dates and signatory parties to any amendments.

**OBJECTION/ANSWER:  In addition to their General Objections, Amazon objects to this Interrogatory on the grounds that it is vague and ambiguous.**

**Subject to and without waiving the foregoing objections and its General Objections, as Amazon understands this Interrogatory, at the time of the incident alleged in the Complaint, Amazon Logistics, Inc. was a party to a contractual agreement with AAF555 – the Amazon Relay agreement and Program Policies.  Pursuant to Federal Rule of Civil Procedure 33(d), Amazon will produce business records reflecting the date AAF555 applied to and was approved for participation in the Amazon Relay program and the contact information (i.e., "signatory") that AAF555 provided to Amazon in connection its application to participate in the Amazon Relay program.**

Objections by: _____
                                          Stuart R. Day

**INTERROGATORY NO. 9:**     If you had any policy in the twelve months prior to March 31st, 2021 to identify motor carriers you engaged to haul cargo had reopened under different names, please identify and state what the policy was.

**OBJECTION/ANSWER:  In addition to their General Objections, Amazon objects to this Interrogatory on the grounds that it is vague and ambiguous.**

**Subject to and without waiving the foregoing objections and its General Objections, as Amazon understands this Interrogatory, Amazon is not aware of a policy responsive to this Interrogatory in effect at or near March 31, 2021.  Amazon reserves the right to supplement or amend its narrative answer to this Interrogatory subject to ongoing investigation.**

Objections by: _____
Stuart R. Day

**INTERROGATORY NO. 10:** In the 24 months prior to the crash, state how many times Amazon Logistics, Inc. directly or indirectly engaged the services of Northwest Express, ASD Express and/or AAF555.

**OBJECTION/ANSWER: In addition to their General Objections, Amazon objects to this Interrogatory on the grounds that it is vague and overly broad and argumentative as to "indirectly." Amazon also objects to this Interrogatory on the grounds that it is unduly burdensome and compound. Amazon further objects to this Interrogatory to the extent that it seeks information that is not relevant to any claim or defense and/or that is disproportionate to the needs of the case.**

**Subject to and without waiving the foregoing objections and its General Objections, pursuant to Federal Rule of Civil Procedure 26(b)(2)(B) and 33(d), to the extent that data responsive to this Interrogatory is reasonably accessible without undue burden or cost, Amazon will produce documents from which the answer to this Interrogatory can be derived or ascertained upon entry of a protective order. Amazon further, specifically, reserves the right to supplement or amend its narrative answer to this Interrogatory subject to ongoing investigation.**

Objections by: _____
Stuart R. Day

**INTERROGATORY NO. 11:** In the 24 months prior to the crash, state how many times Amazon Logistics, Inc. arranged loads for Northwest Express, ASD Express and/or AAF555 and how many times Northwest Express, ASD Express and/or AAF555 transported goods at the behest of Amazon Logistics, Inc.

**OBJECTION/ANSWER: In addition to their General Objections, Amazon objects to this Interrogatory on the grounds that it is vague, overly broad and argumentative as to "behest." Amazon also objects to this Interrogatory on the grounds that it is unduly burdensome and compound. Amazon further objects to this Interrogatory to the extent that it seeks information that is not relevant to any claim or defense and/or that is disproportionate to the needs of the case.**

**Subject to and without waiving the foregoing objections and its General Objections, pursuant to Federal Rule of Civil Procedure 26(b)(2)(B) and 33(d), to the extent that data responsive to this Interrogatory is reasonably accessible without undue burden or cost, Amazon will produce documents from which the answer to this Interrogatory can be derived or ascertained upon entry of a protective order. Amazon further, specifically, reserves the**

9

right to supplement or amend its narrative answer to this Interrogatory subject to ongoing investigation.

Objections by: _____
Stuart R. Day

**INTERROGATORY NO. 12:**    Identify all persons who You believe were involved in brokering or arranging the load and shipment in question by providing each person's name, telephone number, address, position/job title, and employer.

**OBJECTION/ANSWER:  In addition to their General Objections, Amazon objects to this Interrogatory on the grounds that it is vague and ambiguous.  Amazon also objects to this Interrogatory to the extent that it seeks information that is protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.**

**Subject to and without waiving the foregoing objections and its General Objections, Amazon is not in possession, custody or control of information responsive to this Interrogatory. Answering further, upon information and belief, AAF555 – by and through unidentified employees, agents, or representatives – assigned, sold, subcontracted or otherwise brokered or double-brokered the shipment/load hauled by Justin Nzaramba on or about March 31, 2021.**

Objections by: _____
Stuart R. Day

**INTERROGATORY NO. 13:**    Describe the scope and details of the work that Northwest Express, ASD Express and/or AAF555 represented to You was needed for the shipment in question, including a specific description of the load to be transported, any special equipment required, and any instructions related thereto.

**OBJECTION/ANSWER:  In addition to their General Objections, Amazon objects to this Interrogatory on the grounds that it is vague, ambiguous, compound, unduly burdensome and argumentative as written.**

**Subject to and without waiving the foregoing objections and its General Objections, this Interrogatory appears to misstate the factual record and/or roles and responsibilities of Amazon and motor carriers operating within the Amazon Relay program.  Answering further, AAF555 accepted the shipment/load subject to the terms and conditions of the Amazon Relay agreement and Program Policies.  Pursuant to Federal Rule of Civil Procedure 33(d), the answer to this Interrogatory can be derived or ascertained from the Amazon Relay agreement, Program Policies and shipment/load specific data, which Amazon will produce upon entry of a protective order.  Among other things, the foregoing materials**

set forth the contractual terms and conditions applicable to AAF555's acceptance of the shipment/load hauled by Justin Nzaramba on or about March 31, 2021, including, as it relates to services, shipping documents, carrier equipment and "instructions related thereto."

Objections by: _____
Stuart R. Day

**INTERROGATORY NO. 14:**      Identify all of Your employees or any third party (individual or entity) that assisted with the qualification of Northwest Express, ASD Express and/or AAF555 or otherwise participated in the evaluation of the company or companies' fitness and competency as a commercial motor carrier by providing each person's name, address, telephone number, position/job title, employer, and a brief description of each person or entity's role in the evaluation and qualification process.

**OBJECTION/ANSWER:  In addition to their General Objections, Amazon objects to this Interrogatory on the grounds that it is vague, ambiguous and overly broad.  Amazon also objects to this Interrogatory to the extent that it seeks information that is not relevant to any claim or defense and/or that is disproportionate to the needs of not the case.**

**Subject to and without waiving the foregoing objections and its General Objections, as Amazon understands this Interrogatory, Amazon confirms initial and ongoing motor carrier compliance with the terms, conditions and requirements of the Amazon Relay agreement and Program Policies.  At all times relevant to the allegations of the Complaint, Amazon maintained an agreement with Registering Monitoring Insurance Services (RMIS), a third-party vendor, which was contracted to notify Amazon through an application programing interface (API) of public information maintained by the Federal Motor Carrier Safety Administration for a particular motor carrier operating in the Amazon Relay program, among other things, for the purpose of determining the motor carrier's initial compliance with the Amazon Relay agreement and Program Policies.  RMIS through an API also notified Amazon if any public information maintained by the Federal Motor Carrier Safety Administration for a particular motor carrier operating in the Amazon Relay program changed following approval of the motor carrier's acceptance of the Amazon Relay Carrier Terms of Service.**

Objections by: _____
Stuart R. Day

**INTERROGATORY NO. 15:**      State whether Amazon Logistics, Inc. had a USDOT, MC, and broker number registered to it prior to the crash, and if so, state the number.

**OBJECTION/ANSWER:  In addition to their General Objections, Amazon objects to this**

Interrogatory on the ground that it is vague and ambiguous as to "the number."  Amazon also objects to this Interrogatory to the extent that it seeks information that publicly-available and/or equally accessible to all parties, including, Plaintiff.

Subject to and without waiving the foregoing objections and its General Objections, at all times relevant to the allegations of the Complaint, according to Amazon Logistics, Inc. was a federally-registered motor carrier, US DOT Number 2881058, MC-826094.  Answering further, the shipment/load hauled by Justin Nzaramba on or about March 31, 2021 was not hauled under Amazon Logistics, Inc.'s motor carrier operating authority.

Objections by: _____
Stuart R. Day

**INTERROGATORY NO. 16:**     State all training that Amazon Logistics, Inc. provides or requires for its drivers, operators, carriers and/or brokers.

**OBJECTION/ANSWER:  In addition to their General Objections, Amazon objects to this Interrogatory on the grounds that it is vague, ambiguous, and overly broad.  Amazon also objects to this Interrogatory to the extent that it seeks proprietary and/or confidential business information.**

**Subject to and without waiving the foregoing objections and its General Objections, as Amazon understands this Interrogatory, no responsive information exists.  Amazon does not "train" third-party motor carrier drivers, motor carrier operators, motor carriers and/or carrier brokers.**

Objections by: _____
Stuart R. Day

**INTERROGATORY NO. 17:**    Do You contend that as of March 31st, 2021 Northwest Express, ASD Express and/or AAF555 were qualified and safe commercial motor carriers? If so, please provide the factual and legal basis supporting such contention.

**OBJECTION/ANSWER:  In addition to their General Objections, Amazon objects to this Interrogatory on the grounds that it is vague, ambiguous, unduly burdensome and argumentative.  Amazon also objects to this Interrogatory to the extent that it states a hypothetical question, seeks information that is not relevant to any claim or defense and/or seeks information that is disproportionate to the needs of the case.**

**Subject to and without waiving the foregoing objections and its General Objections, Amazon states that it has not made any contention in this litigation whatsoever regarding the quality or safety of any commercial motor carrier, including, co-defendants.  To the extent that this**

Interrogatory seeks disclosure of information relating to the assessment of a particular motor carrier's compliance with the terms and conditions of the Amazon Relay agreement and Program Policies, please see objections and answer to Interrogatory No. 14.

Objections by: _____
Stuart R. Day

**INTERROGATORY NO. 18:**   Identify the other commercial motor carriers that bid on or were considered for the shipment in question by providing their name, address, and telephone number.

**OBJECTION/ANSWER:  In addition to their General Objections, Amazon objects to this Interrogatory on the grounds that it is vague, ambiguous and overly broad.**

**Subject to and without waiving the foregoing objections and its General Objections, as Amazon understands this Interrogatory, no responsive information exists.  Answering further, this Interrogatory appears to misstate the factual record and/or factual background relating to the shipment/load accepted by AAF555 and hauled by Justin Nzaramba on or about March 31, 2021.  The shipment/load was made available on the Amazon Relay Load Board to motor carriers participating in the Amazon Relay program.**

Objections by: _____
Stuart R. Day

**INTERROGATORY NO. 19:**   Is there any other bill of lading besides what has previously been disclosed or any other document describing in detail, the entire cargo loaded in the trailer prior to the incident? If so, list the custodians of each such documents, the title of each, the preparer and employer of each and attach a copy of said document to Your responses hereto.

**OBJECTION/ANSWER:  In addition to their General Objections, Amazon objects to this Interrogatory on the grounds that it is vague and ambiguous as to the "bill of lading . . . previously disclosed."  Amazon also objects to this Interrogatory as overly broad.**

**Subject to and without waiving the foregoing objections and its General Objections, Amazon is only aware of Bill of Lading# TEB9_DOI2_9a0366a3-9183-4942-8fe1-85e2001c95e5.**

Objections by: _____
Stuart R. Day

**INTERROGATORY NO. 20:**   When and how did You receive notice of the crash in question?

**OBJECTION/ANSWER:  In addition to their General Objections, Amazon objects to this Interrogatory on the grounds that it is vague and ambiguous as to the "crash in question."**

**Subject to and without waiving the foregoing objections and its General Objections, as Amazon understands this Interrogatory, on or about April 2, 2021, Amazon contacted AAF555's dispatch for an update on the delivery status of the trailer, as Amazon noted the trailer's GPS indicated that it was stopped on the side of I-80 in Wyoming.  There was no response for eight hours, at which time AAF555's dispatch stated that there was an accident and the driver could not give any information, waiting for a police report.  AAF555's dispatch failed to apprise Amazon on April 2, 2021 that the March 31, 2021 incident involved a fatality.**

Objections by:   _____
Stuart R. Day

**INTERROGATORY NO. 21:**     Did You or anyone on Your behalf go out to the scene of the crash in question to investigate? If so, please identify the date(s) of doing so, as well as each such person's name, address, telephone number, employer, and job title.

**OBJECTION/ANSWER:  In addition to their General Objections, Amazon objects to this Interrogatory on the grounds that it is vague and ambiguous.**

**Subject to and without waiving the foregoing objections and its General Objections, as Amazon understands this Interrogatory, no.  Answering further, please see objection and answer to Interrogatory No. 20.**

Objections by:   _____
Stuart R. Day

**INTERROGATORY NO. 22:**     Identify by name, address, email address and telephone number the motor carriers other than Northwest Express, ASD Express and/or AAF555 that expressed an interest in or bid on hauling the shipment in question, including the nature of the interest and/or the amount of the bid.

**OBJECTION/ANSWER:  In addition to their General Objections, Amazon objects to this Interrogatory on the grounds that it is vague, ambiguous, overly broad and argumentative as written.**

**Subject to and without waiving the foregoing objections and its General Objections, as Amazon understands this Interrogatory, no responsive information exists.  Answering further, please see objection and answer to Interrogatory No. 18.**

14

Objections by: _____
Stuart R. Day

**INTERROGATORY NO. 23:**     Does Amazon Logistics, Inc. provide, recommend, or require the use of any computer or cellular phone applications (including the Relay App. or Flex App.) or programs by the motor carriers or drivers it contracts with? If so, please identify the applications or programs.

**OBJECTIONS/ANSWER:  In addition to their General Objections, Amazon objects to this Interrogatory on the grounds that it is vague and overly broad.**

**Subject to and without waiving the foregoing objections and its General Objections, as Amazon understands this Interrogatory, Amazon Relay is a suite of technology products that enable motor carriers to self-register with Amazon and find, book and execute Amazon loads. Motor carrier accounts are accessible online.  Amazon does not contract with motor carrier drivers and does not require that motor carrier drivers use the Amazon Relay application.**

Objections by: _____
Stuart R. Day

**INTERROGATORY NO. 24:**     For the time period that included March 31st, 2021, state what data was collected and tracked for motor carriers and drivers who had accepted tender of cargo through the Amazon Relay App and where such data is stored, compiled and collected.

**OBJECTION/ANSWER:  In addition to their General Objections, Amazon objects to this Interrogatory on the grounds that it is vague, ambiguous, overly broad and unduly burdensome as it relates to the time, breadth and scope of "data" at issue.  Amazon also objects to this Amazon also objects to this Interrogatory to the extent that it seeks information that is not relevant to any claim or defense and/or that is disproportionate to the needs of the case.  Amazon objects to this Interrogatory to the extent that it seeks confidential and/or proprietary business information.**

**Subject to and without waiving the foregoing objections and its General Objections, as Amazon understands this Interrogatory to relate to data relating to the shipment/load accepted by AAF555 and hauled by Justin Nzaramba on or about March 31, 2021 and/or similar shipments accepted by motor carriers through the Amazon Relay program at or near that time, Amazon maintains reasonably accessible electronically-stored information relating to: motor carriers, including, without limitation, profile, site users, history/notes, insurance information, driver roster, certifications and carrier history; drivers, including, without limitation, name, telephone number and email address; and shipment/load specific**

15

**data, including, without limitation, notes, asset tracking, disruptions, vehicle run and stop data, and load level details.**

Objections by: _____

Stuart R. Day

(Remainder of Page Left Blank Intentionally)

DocuSign Envelope ID: 56A616A1-A910-4FF7-8DC2-9C5DF6F4128F

## <u>VERIFICATION</u>

I hereby affirm under the penalties for perjury that the foregoing answers to Plaintiff's First Set of Interrogatories are true and correct to the best of my knowledge and belief.

August 24, 2023
Date

_____
Signature of Representative


Ryan Sandefur
Name of Representative (Printed)


Senior Manager
Role of Representative

286229650v.1

DATED this 24th day of August 2023.

                AMAZON LOGISTICS, INC., AMAZON.COM, INC., AND AMAZON.COM SERVICES LLC, Defendants.

                Stuart R. Day, WSB 5-2244
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 North Wolcott, Suite 400 (82601)
P. O. Box 10700
Casper, WY 82601
307-265-0700 telephone
307-266-2306 facsimile
Email: sday@wpdn.net

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing was served upon all counsel of record, specifically provided below, by electronic service this 24th day of August 2023.

Grant H. Lawson
Joseph P. Chenchar
Metier Law Firm, LLC
259 S. Center, Suite 301
Casper, WY 82601
Mailing: 4828 South College Avenue
Fort Collins, CO 80525
(307) 237-3800 Phone
(930) 225-1476 Fax
grant@metierlaw.com
joe@metierlaw.com

*Attorneys for Plaintiff*

George "Jed" Chronic, *Pro Hac Vice*
Maschka, Riedy, Ries & Frentz
151 Saint Andrews Court, Building 1010
Mankato, MN 56001
(507) 625-6600 Phone
(507) 625-4002 Fax
jchronic@mrr-law.com

*Attorneys for Plaintiff*

Matthew E. Wright, *Pro Hac Vice*
The Law Firm for Truck Safety, LLP
840 Crescent Centre Drive, Suite 310
Franklin, Tennessee 37067
(615) 455-3588
matt@truckaccidents.com

*Attorneys for Plaintiff*

Zenith S. Ward
Buchhammer & Ward, P.C.
1821 Logan Ave.
P.O. Box 568
Cheyenne, WY 82003-0568
(307) 634-2184 Phone
zsw@wyoming.com

*Attorneys for Defendants Northwest Express, LLC and Justin Nzaramba*

Stuart R. Day

Stuart Day WSB # 5-2244
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 North Wolcott, Suite 400 (82601)
P. O. Box 10700
Casper, WY 82602
307-265-0700 telephone
307-266-2306 facsimile
sday@wpdn.net

*Attorneys for Amazon Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| KIMBERLY DEBEER, surviving spouse and wrongful death personal representative of DANIEL DEBEER, deceased, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil No. 23-CV-33-ABJ |
| | ) | |
| AMAZON LOGISTICS, INC. d/b/a PRIME, AMAZON.COM, INC., AMAZON.COM SERVICES LLC, AAF555 LLC, NORTHWEST EXPRESS, LLC, ASD EXPRESS, LLC, and JUSTIN NZARAMBA | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## AMAZON.COM, INC'S OBJECTIONS AND ANSWERS TO
## FIRST SET OF REQUESTS FOR ADMISSION

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure and Local Rule 26.1, Defendant Amazon.com, Inc. ("Amazon"), by and through its undersigned attorneys, hereby provides its objections and answers *Plaintiff's First Set of Requests for Admission*, as follows:

### PRELIMINARY STATEMENT

Amazon, by and through its counsel, is still conducting discovery, investigation, and analysis of the matters relating to this case. These Objections and Answers are therefore based upon information and documents collectively known or believed by Amazon at the time of

286151064v.1

answering these discovery requests. Since Amazon's investigation remains ongoing, and will continue, it provides these answers without prejudice to its right to modify and/or supplement the answers, and to introduce evidence, up to the time of trial, as its further investigation warrants.

Certain documents to be produced by Amazon in the future are of a confidential and/or proprietary nature. The documents are therefore produced in anticipation of a Protective Order to be presented and entered by the Court. Plaintiff is directed to refrain from disseminating any documents to any third party until a Protective Order is entered by the Court.

## GENERAL OBJECTIONS

Amazon makes the following General Objections, which are incorporated into each and every answer and response set forth below as if each is fully set forth therein:

1.  **Unduly Burdensome / Vague / Ambiguous.** Amazon objects to each request to the extent that they are generally unduly burdensome, harassing, vague, overly broad, insufficiently tailored in scope and/or time to enable Amazon to answer and/or provide a response to the request, and do not reasonably seek to limit the time frame or scope of information sought.

2.  **The Attorney-Client Privilege / Work Product Doctrine.** Amazon objects to each request to the extent it seeks information that is protected by one or more of the following:

    (a) The attorney-client privilege;

    (b) The work product doctrine, including the mental impressions, conclusions, opinions, legal theories of Amazon's legal counsel, employees, agents and/or representatives;

    (c) The confidentiality of materials prepared in anticipation of litigation; or

    (d) Other privileges and protections recognized by law.

3.  **Confidential and Proprietary Business Documents and Personal Information.**

2

Amazon objects to each request to the extent it seeks information or documents which contain confidential, proprietary, trade secret, sensitive business, commercial or other technical information the uncontrolled release of which would cause Amazon harm, competitive or otherwise. Any and all company documents produced by Amazon will be considered confidential and subject to the terms and conditions of a confidentiality agreement and/or Protective Order to be issued by the Court. Amazon further objects to each request for production that unnecessarily seeks personal contact and/or financial information.

4.   **Relevance of Request.** Amazon objects to each request to the extent it seeks the production of information that is not relevant to the issues in this litigation or is not reasonably calculated to lead to evidence or information that is relevant to the issues in this litigation.

5.   **Equal Access / Custody and Control.** Amazon objects to each request to the extent it seeks information/documents that Plaintiff(s) have equal access to and/or is not within the possession, custody or control of Amazon or that are part of the record in any public, administrative, or judicial proceeding, on the grounds that such information/documents are publically available and are as equally accessible to Plaintiff(s) as they are to Amazon. No legitimate purpose would be served by requiring Amazon to incur the time and expense required to produce such documents. Amazon also objects to each and every request to the extent that it seeks information not within its possession, custody or control.

6.   **Reservation of Rights.** By responding to any interrogatories and/or request and producing any documents or information in response, Amazon does not stipulate or otherwise admit that any such materials are relevant or admissible at trial. Amazon reserves the right to challenge the competency, relevancy or admissibility at trial, or any other subsequent proceeding, in this or any other action, of any response to these discovery requests.

7.   **Inadvertent and/or Unintentional Production of Documents.** Amazon will not divulge

any information or produce any documents protected by the attorney-client privilege, work product doctrine, joint defense privilege or any applicable protection. To the extent Amazon inadvertently, or unintentionally, produce any protected document(s), it reserves the right to ask any party in this litigation to immediately return the original document(s), and all copies, to counsel for Amazon.

**8. Privilege Log.** Given the nature of various discovery requests issued by Plaintiff(s), certain documents may be protected from discovery under the attorney-client privilege, the work product doctrine, are generally confidential and/or proprietary, or are otherwise confidential. Amazon will prepare a Privilege Log if an agreement as to same is reached by the parties, or otherwise ordered by the Court.

**9. Outside the Scope of Permissible Discovery.** Amazon objects to each and every request to the extent it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence and is not relevant to the subject matter of this specific lawsuit, or is otherwise outside the scope of permissible discovery pursuant to the Federal Rules of Civil Procedure.

**10. Instructions for Responding.** Amazon objects to Plaintiff's Instructions for Responding, and in particular subparts (c) and (d), to the extent that they seek to impose duties or obligations upon Amazon that are broader in scope than those imposed by the Federal Rules of Civil Procedure.

**AS TO GENERAL OBJECTIONS:**

_____
Stuart R. Day


Each of the foregoing objections are hereby incorporated in each and every one of the following responses to *Plaintiff's First Set of Requests for Admission*, whether or not they are specifically identified.

4

## OBJECTIONS AND ANSWERS TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**   Admit or deny that Justin Nzaramba was acting in the scope and course of his agency with Amazon.com on March 31, 2021, when the crash with Daniel DeBeer occurred.

**OBJECTION/ANSWER:  In addition to its General Objections, Amazon objects to this Request for Admission to the extent it is inconsistent with the valid purposes and uses of requests for admission. *See e.g.*, FED.R.CIV.P. 36(a)(1); *Audiotext Commc'ns Network, Inc. v. US Telecom, Inc.*, Civ. A. No. 94-2395-GTV, 1995 WL 625744, \*2 (D.Kan. 1995) ("Requests are not appropriate for argument.  They should not put forward the requester's legal or factual contentions on the premise that, in the requester's view, they ought to be admitted. Requests for admissions should be made only if the requesting party has a reasonable expectation that the opponent should in good faith admit them. With respect to claims and defenses, a request is appropriate when it appears from what the opponent has indicated or from other circumstances that the issue may thereby be narrowed or focused. With respect to factual matters, a request is appropriate when the evidence at hand indicates that the matter is not reasonably disputable and that proof at trial may thereby be limited or facilitated. Requests directed at such matters may help delineate the scope of necessary discovery. They should not be used, however, to address evidentiary minutiae or matters of no apparent materiality."); *Time Warner, Inc. v. Gonzalez*, 441 S.W.3d 661, 668 (Tex.App. 2014) (Requests for admission "were 'never intended to be used as a demand upon a plaintiff or defendant to admit that he had no cause of action or ground of defense.' [citation omitted]. Therefore, requests for admission are improper and ineffective when used to establish controverted issues that constitute the fundamental legal issues in a case.  [citation omitted]"). Additionally, Amazon objects to this Request for Admission as it is overbroad and calls for a purely legal conclusion. *See Stark-Romero v. National R.R. Passenger Co. (AMTRAK)*, 275 F.R.D. 551, 554 (D.N.M. 2011) ("'It is still true . . . that one party cannot demand that the other party admit the truth of a legal conclusion'") (citations omitted).**

**Subject to and without waiving its objections, Amazon denies this Request for Admission.**

Objections by:  _____
Stuart R. Day

**REQUEST FOR ADMISSION NO. 2:**   Admit or deny that Northwest Express, ASD Express and/or AAF55 [sic] was/were acting in the scope and course of its/their agency with Amazon.com on March 31, 2021, when the crash with Daniel DeBeer occurred.

**OBJECTION/ANSWER:  In addition to its General Objections, Amazon objects to this**

286151064v.1

Request as compound as to "Northwest Express, ASD Express and/or AAF55." Amazon also objects to this Request for Admission to the extent it is inconsistent with the valid purposes and uses of requests for admission. *See e.g.*, FED.R.CIV.P. 36(a)(1); *Audiotext Commc'ns Network, Inc. v. US Telecom, Inc.*, Civ. A. No. 94-2395-GTV, 1995 WL 625744, *2 (D.Kan. 1995) ("Requests are not appropriate for argument. They should not put forward the requester's legal or factual contentions on the premise that, in the requester's view, they ought to be admitted. Requests for admissions should be made only if the requesting party has a reasonable expectation that the opponent should in good faith admit them. With respect to claims and defenses, a request is appropriate when it appears from what the opponent has indicated or from other circumstances that the issue may thereby be narrowed or focused. With respect to factual matters, a request is appropriate when the evidence at hand indicates that the matter is not reasonably disputable and that proof at trial may thereby be limited or facilitated. Requests directed at such matters may help delineate the scope of necessary discovery. They should not be used, however, to address evidentiary minutiae or matters of no apparent materiality."); *Time Warner, Inc. v. Gonzalez*, 441 S.W.3d 661, 668 (Tex.App. 2014) (Requests for admission "were 'never intended to be used as a demand upon a plaintiff or defendant to admit that he had no cause of action or ground of defense.' [citation omitted]. Therefore, requests for admission are improper and ineffective when used to establish controverted issues that constitute the fundamental legal issues in a case. [citation omitted]"). Additionally, Amazon objects to this Request for Admission as it is overbroad and calls for a purely legal conclusion. *See Stark-Romero v. National R.R. Passenger Co. (AMTRAK)*, 275 F.R.D. 551, 554 (D.N.M. 2011) ("'It is still true . . . that one party cannot demand that the other party admit the truth of a legal conclusion'") (citations omitted).

Subject to and without waiving the foregoing objection and its General Objections, Amazon denies this Request for Admission in its entirety as written. Amazon further denies any agency relationship with Northwest Express, LLC, ASD Express, LLC or AAF555 LLC or that Northwest Express, LLC, ASD Express, LLC or AAF555 LLC "was/were acting in the scope and course of its/their agency with [Amazon] on March 31, 2021."

Objections by: _____
Stuart R. Day

**REQUEST FOR ADMISSION NO. 3:**   Admit or deny that Justin Nzaramba was negligent in the crash of March 31, 2021.

**OBJECTION/ANSWER:  In addition to its General Objections, Amazon objects to this Request for Admission to the extent it is inconsistent with the valid purposes and uses of requests for admission.** *See e.g.*, FED.R.CIV.P. 36(a)(1); *Audiotext Commc'ns Network, Inc. v. US Telecom, Inc.*, Civ. A. No. 94-2395-GTV, 1995 WL 625744, *2 (D.Kan. 1995) ("Requests are not appropriate for argument. They should not put forward the requester's legal or factual contentions on the premise that, in the requester's view, they ought to be admitted. Requests for admissions should be made only if the requesting party has a reasonable

expectation that the opponent should in good faith admit them. With respect to claims and defenses, a request is appropriate when it appears from what the opponent has indicated or from other circumstances that the issue may thereby be narrowed or focused. With respect to factual matters, a request is appropriate when the evidence at hand indicates that the matter is not reasonably disputable and that proof at trial may thereby be limited or facilitated. Requests directed at such matters may help delineate the scope of necessary discovery. They should not be used, however, to address evidentiary minutiae or matters of no apparent materiality."); *Time Warner, Inc. v. Gonzalez*, 441 S.W.3d 661, 668 (Tex.App. 2014) (Requests for admission "were 'never intended to be used as a demand upon a plaintiff or defendant to admit that he had no cause of action or ground of defense.' [citation omitted]. Therefore, requests for admission are improper and ineffective when used to establish controverted issues that constitute the fundamental legal issues in a case. [citation omitted]"). Additionally, Amazon objects to this Request for Admission as it is overbroad and calls for a purely legal conclusion. *See Stark-Romero v. National R.R. Passenger Co. (AMTRAK)*, 275 F.R.D. 551, 554 (D.N.M. 2011) ("'It is still true . . . that one party cannot demand that the other party admit the truth of a legal conclusion'") (citations omitted).

Subject to and without waiving its objections, based upon a reasonable inquiry and information readily obtainable, Amazon lacks information or knowledge sufficient to admit or deny as discovery in this litigation is ongoing and all available facts and/or expert opinions have not yet been disclosed. Amazon states that it did not employ, own, operate, or control any person or vehicle involved in the accident, nor was Amazon present at the scene. Amazon reserves the right to supplement and/or amend its response to this Request as additional facts and/or expert opinions become known.

Objections by: _____

Stuart R. Day

**REQUEST FOR ADMISSION NO. 4:** Admit or deny that Northwest Express, ASD Express and/or AAF55 was/were negligent in the crash of March 31, 2021.

**OBJECTION/ANSWER: In addition to its General Objections, Amazon objects to this Request for Admission to the extent it is inconsistent with the valid purposes and uses of requests for admission.** *See e.g.*, FED.R.CIV.P. 36(a)(1); *Audiotext Commc'ns Network, Inc. v. US Telecom, Inc.*, Civ. A. No. 94-2395-GTV, 1995 WL 625744, *2 (D.Kan. 1995) ("Requests are not appropriate for argument. They should not put forward the requester's legal or factual contentions on the premise that, in the requester's view, they ought to be admitted. Requests for admissions should be made only if the requesting party has a reasonable expectation that the opponent should in good faith admit them. With respect to claims and defenses, a request is appropriate when it appears from what the opponent has indicated or from other circumstances that the issue may thereby be narrowed or focused. With respect to factual matters, a request is appropriate when the evidence at hand indicates that the matter is not reasonably disputable and that proof at trial may thereby be limited or

facilitated. **Requests directed at such matters may help delineate the scope of necessary discovery. They should not be used, however, to address evidentiary minutiae or matters of no apparent materiality.");** *Time Warner, Inc. v. Gonzalez*, 441 S.W.3d 661, 668 (Tex.App. 2014) **(Requests for admission "were 'never intended to be used as a demand upon a plaintiff or defendant to admit that he had no cause of action or ground of defense.' [citation omitted]. Therefore, requests for admission are improper and ineffective when used to establish controverted issues that constitute the fundamental legal issues in a case.   [citation omitted]"). Additionally, Amazon objects to this Request for Admission as it is overbroad and calls for a purely legal conclusion.** *See Stark-Romero v. National R.R. Passenger Co. (AMTRAK)*, 275 F.R.D. 551, 554 (D.N.M. 2011) **("'It is still true . . . that one party cannot demand that the other party admit the truth of a legal conclusion'") (citations omitted).**

**Subject to and without waiving its objections, based upon a reasonable inquiry and information readily obtainable, Amazon lacks information or knowledge sufficient to admit or deny as discovery in this litigation is ongoing and all available facts and/or expert opinions have not yet been disclosed.  Amazon states that it did not employ, own, operate, or control any person or vehicle involved in the accident, nor was Amazon present at the scene. Amazon reserves the right to supplement and/or amend its response to this Request as additional facts and/or expert opinions become known.**

Objections by: _____
Stuart R. Day

**REQUEST FOR ADMISSION NO. 5:**    Admit or deny that Daniel DeBeer was not negligent

in the October 4, 2022, crash.

**OBJECTION/ANSWER:  In addition to its General Objections, Amazon objects to this Request for Admission to the extent it is inconsistent with the valid purposes and uses of requests for admission.** *See e.g.*, FED.R.CIV.P. 36(a)(1); *Audiotext Commc'ns Network, Inc. v. US Telecom, Inc.*, Civ. A. No. 94-2395-GTV, 1995 WL 625744, *2 (D.Kan. 1995) **("Requests are not appropriate for argument.  They should not put forward the requester's legal or factual contentions on the premise that, in the requester's view, they ought to be admitted. Requests for admissions should be made only if the requesting party has a reasonable expectation that the opponent should in good faith admit them. With respect to claims and defenses, a request is appropriate when it appears from what the opponent has indicated or from other circumstances that the issue may thereby be narrowed or focused. With respect to factual matters, a request is appropriate when the evidence at hand indicates that the matter is not reasonably disputable and that proof at trial may thereby be limited or facilitated. Requests directed at such matters may help delineate the scope of necessary discovery. They should not be used, however, to address evidentiary minutiae or matters of no apparent materiality.");** *Time Warner, Inc. v. Gonzalez*, 441 S.W.3d 661, 668 (Tex.App. 2014) **(Requests for admission "were 'never intended to be used as a demand upon a plaintiff or defendant to admit that he had no cause of action or ground of defense.' [citation omitted].**

Therefore, requests for admission are improper and ineffective when used to establish controverted issues that constitute the fundamental legal issues in a case.  [citation omitted]"). Additionally, Amazon objects to this Request for Admission as it is overbroad and calls for a purely legal conclusion. *See Stark-Romero v. National R.R. Passenger Co. (AMTRAK)*, 275 F.R.D. 551, 554 (D.N.M. 2011) ("'It is still true . . . that one party cannot demand that the other party admit the truth of a legal conclusion'") (citations omitted).

Subject to and without waiving its objections, based upon a reasonable inquiry and information readily obtainable, Amazon lacks information or knowledge sufficient to admit or deny as discovery in this litigation is ongoing and all available facts and/or expert opinions have not yet been disclosed.  Amazon states that it did not employ, own, operate, or control any person or vehicle involved in the accident, nor was Amazon present at the scene. Amazon reserves the right to supplement and/or amend its response to this Request as additional facts and/or expert opinions become known.

Objections by:    _____
Stuart R. Day

**REQUEST FOR ADMISSION NO. 6:**    Admit or deny that the negligence of Justin Nzaramba was a cause of Daniel DeBeer's injuries and deaths.

**OBJECTION/ANSWER:  In addition to its General Objections, Amazon objects to this Request for Admission to the extent it is inconsistent with the valid purposes and uses of requests for admission.** *See e.g.*, FED.R.CIV.P. 36(a)(1); *Audiotext Commc'ns Network, Inc. v. US Telecom, Inc.*, Civ. A. No. 94-2395-GTV, 1995 WL 625744, *2 (D.Kan. 1995) ("Requests are not appropriate for argument.  They should not put forward the requester's legal or factual contentions on the premise that, in the requester's view, they ought to be admitted. Requests for admissions should be made only if the requesting party has a reasonable expectation that the opponent should in good faith admit them. With respect to claims and defenses, a request is appropriate when it appears from what the opponent has indicated or from other circumstances that the issue may thereby be narrowed or focused. With respect to factual matters, a request is appropriate when the evidence at hand indicates that the matter is not reasonably disputable and that proof at trial may thereby be limited or facilitated. Requests directed at such matters may help delineate the scope of necessary discovery. They should not be used, however, to address evidentiary minutiae or matters of no apparent materiality."); *Time Warner, Inc. v. Gonzalez*, 441 S.W.3d 661, 668 (Tex.App. 2014) (Requests for admission "were 'never intended to be used as a demand upon a plaintiff or defendant to admit that he had no cause of action or ground of defense.' [citation omitted]. Therefore, requests for admission are improper and ineffective when used to establish controverted issues that constitute the fundamental legal issues in a case.  [citation omitted]"). Additionally, Amazon objects to this Request for Admission as it is overbroad and calls for a purely legal conclusion. *See Stark-Romero v. National R.R. Passenger Co. (AMTRAK)*, 275 F.R.D. 551, 554 (D.N.M. 2011) ("'It is still true . . . that one party cannot

9

**demand that the other party admit the truth of a legal conclusion'") (citations omitted).**

**Subject to and without waiving its objections, based upon a reasonable inquiry and information readily obtainable, Amazon lacks information or knowledge sufficient to admit or deny as discovery in this litigation is ongoing and all available facts and/or expert opinions have not yet been disclosed.  Amazon states that it did not employ, own, operate, or control any person or vehicle involved in the accident, nor was Amazon present at the scene. Amazon reserves the right to supplement and/or amend its response to this Request as additional facts and/or expert opinions become known.**

Objections by: _____
Stuart R. Day

DATED this 24th day of August 2023.

AMAZON LOGISTICS, INC., AMAZON.COM, INC., AND AMAZON.COM SERVICES LLC, Defendants.

_____
Stuart R. Day, WSB 5-2244
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 North Wolcott, Suite 400 (82601)
P. O. Box 10700
Casper, WY 82601
307-265-0700 telephone
307-266-2306 facsimile
Email: sday@wpdn.net

286151064v.1

## <u>CERTIFICATE OF SERVICE</u>

The undersigned does hereby certify that a true and correct copy of the foregoing was served upon all counsel of record, specifically provided below, by electronic service this 24th day of August 2023.

Grant H. Lawson
Joseph P. Chenchar
Metier Law Firm, LLC
259 S. Center, Suite 301
Casper, WY 82601
Mailing: 4828 South College Avenue
Fort Collins, CO 80525
(307) 237-3800 Phone
(930) 225-1476 Fax
grant@metierlaw.com
joe@metierlaw.com

*Attorneys for Plaintiff*

Matthew E. Wright, *Pro Hac Vice*
The Law Firm for Truck Safety, LLP
840 Crescent Centre Drive, Suite 310
Franklin, Tennessee 37067
(615) 455-3588
matt@truckaccidents.com

*Attorneys for Plaintiff*

George "Jed" Chronic, *Pro Hac Vice*
Maschka, Riedy, Ries & Frentz
151 Saint Andrews Court, Building 1010
Mankato, MN 56001
(507) 625-6600 Phone
(507) 625-4002 Fax
jchronic@mrr-law.com

*Attorneys for Plaintiff*

Zenith S. Ward
Buchhammer & Ward, P.C.
1821 Logan Ave.
P.O. Box 568
Cheyenne, WY 82003-0568
(307) 634-2184 Phone
zsw@wyoming.com

*Attorneys for Defendants Northwest Express, LLC and Justin Nzaramba*

_____
Stuart R. Day

286151064v.1

Stuart Day WSB # 5-2244
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 North Wolcott, Suite 400 (82601)
P. O. Box 10700
Casper, WY 82602
307-265-0700 telephone
307-266-2306 facsimile
sday@wpdn.net

*Attorneys for Amazon Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| KIMBERLY DEBEER, surviving spouse and wrongful death personal representative of DANIEL DEBEER, deceased, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil No. 23-CV-33-ABJ |
| | ) | |
| AMAZON LOGISTICS, INC. d/b/a PRIME, AMAZON.COM, INC., AMAZON.COM SERVICES LLC, AAF555 LLC, NORTHWEST EXPRESS, LLC, ASD EXPRESS, LLC, and JUSTIN NZARAMBA | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

---

## AMAZON LOGISTICS, INC'S OBJECTIONS AND ANSWERS TO
## FIRST SET OF REQUESTS FOR ADMISSION

---

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure and Local Rule 26.1,

Defendant Amazon Logistics, Inc. ("Amazon"), by and through its undersigned attorneys, hereby

provides its objections and answers *Plaintiff's First Set of Requests for Admission*, as follows:

## PRELIMINARY STATEMENT

Amazon, by and through its counsel, is still conducting discovery, investigation, and

analysis of the matters relating to this case. These Objections and Answers are therefore based

upon information and documents collectively known or believed by Amazon at the time of

1

286151119v.1

answering these discovery requests. Since Amazon's investigation remains ongoing, and will continue, it provides these answers without prejudice to its right to modify and/or supplement the answers, and to introduce evidence, up to the time of trial, as its further investigation warrants.

Certain documents to be produced by Amazon in the future are of a confidential and/or proprietary nature. The documents are therefore produced in anticipation of a Protective Order to be presented and entered by the Court. Plaintiff is directed to refrain from disseminating any documents to any third party until a Protective Order is entered by the Court.

## GENERAL OBJECTIONS

Amazon makes the following General Objections, which are incorporated into each and every answer and response set forth below as if each is fully set forth therein:

1. **Unduly Burdensome / Vague / Ambiguous.** Amazon objects to each request to the extent that they are generally unduly burdensome, harassing, vague, overly broad, insufficiently tailored in scope and/or time to enable Amazon to answer and/or provide a response to the request, and do not reasonably seek to limit the time frame or scope of information sought.

2. **The Attorney-Client Privilege / Work Product Doctrine.** Amazon objects to each request to the extent it seeks information that is protected by one or more of the following:

    (a) The attorney-client privilege;

    (b) The work product doctrine, including the mental impressions, conclusions, opinions, legal theories of Amazon's legal counsel, employees, agents and/or representatives;

    (c) The confidentiality of materials prepared in anticipation of litigation; or

    (d) Other privileges and protections recognized by law.

3. **Confidential and Proprietary Business Documents and Personal Information.**

Amazon objects to each request to the extent it seeks information or documents which contain confidential, proprietary, trade secret, sensitive business, commercial or other technical information the uncontrolled release of which would cause Amazon harm, competitive or otherwise. Any and all company documents produced by Amazon will be considered confidential and subject to the terms and conditions of a confidentiality agreement and/or Protective Order to be issued by the Court. Amazon further objects to each request for production that unnecessarily seeks personal contact and/or financial information.

4.   **Relevance of Request.** Amazon objects to each request to the extent it seeks the production of information that is not relevant to the issues in this litigation or is not reasonably calculated to lead to evidence or information that is relevant to the issues in this litigation.

5.   **Equal Access / Custody and Control.** Amazon objects to each request to the extent it seeks information/documents that Plaintiff(s) have equal access to and/or is not within the possession, custody or control of Amazon or that are part of the record in any public, administrative, or judicial proceeding, on the grounds that such information/documents are publically available and are as equally accessible to Plaintiff(s) as they are to Amazon. No legitimate purpose would be served by requiring Amazon to incur the time and expense required to produce such documents. Amazon also objects to each and every request to the extent that it seeks information not within its possession, custody or control.

6.   **Reservation of Rights.** By responding to any interrogatories and/or request and producing any documents or information in response, Amazon does not stipulate or otherwise admit that any such materials are relevant or admissible at trial. Amazon reserves the right to challenge the competency, relevancy or admissibility at trial, or any other subsequent proceeding, in this or any other action, of any response to these discovery requests.

7.   **Inadvertent and/or Unintentional Production of Documents.** Amazon will not divulge

286151119v.1

any information or produce any documents protected by the attorney-client privilege, work product doctrine, joint defense privilege or any applicable protection. To the extent Amazon inadvertently, or unintentionally, produce any protected document(s), it reserves the right to ask any party in this litigation to immediately return the original document(s), and all copies, to counsel for Amazon.

**8.   Privilege Log.** Given the nature of various discovery requests issued by Plaintiff(s), certain documents may be protected from discovery under the attorney-client privilege, the work product doctrine, are generally confidential and/or proprietary, or are otherwise confidential. Amazon will prepare a Privilege Log if an agreement as to same is reached by the parties, or otherwise ordered by the Court.

**9.   Outside the Scope of Permissible Discovery.** Amazon objects to each and every request to the extent it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence and is not relevant to the subject matter of this specific lawsuit, or is otherwise outside the scope of permissible discovery pursuant to the Federal Rules of Civil Procedure.

**10. Instructions for Responding.**  Amazon objects to Plaintiff's Instructions for Responding, and in particular subparts (c) and (d), to the extent that they seek to impose duties or obligations upon Amazon that are broader in scope than those imposed by the Federal Rules of Civil Procedure.

**AS TO GENERAL OBJECTIONS:**

_____
Stuart R. Day

Each of the foregoing objections are hereby incorporated in each and every one of the following responses to _Plaintiff's First Set of Requests for Admission_, whether or not they are specifically identified.

4

## OBJECTIONS AND ANSWERS TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**   Admit or deny that Justin Nzaramba was acting in the scope and course of his agency with Amazon.com on March 31, 2021, when the crash with Daniel DeBeer occurred.

**OBJECTION/ANSWER:  In addition to its General Objections, Amazon objects to this Request for Admission to the extent it is inconsistent with the valid purposes and uses of requests for admission.** *See e.g.,* FED.R.CIV.P. 36(a)(1); *Audiotext Commc'ns Network, Inc. v. US Telecom, Inc.*, **Civ. A. No. 94-2395-GTV, 1995 WL 625744, \*2 (D.Kan. 1995) ("Requests are not appropriate for argument.  They should not put forward the requester's legal or factual contentions on the premise that, in the requester's view, they ought to be admitted. Requests for admissions should be made only if the requesting party has a reasonable expectation that the opponent should in good faith admit them. With respect to claims and defenses, a request is appropriate when it appears from what the opponent has indicated or from other circumstances that the issue may thereby be narrowed or focused. With respect to factual matters, a request is appropriate when the evidence at hand indicates that the matter is not reasonably disputable and that proof at trial may thereby be limited or facilitated. Requests directed at such matters may help delineate the scope of necessary discovery. They should not be used, however, to address evidentiary minutiae or matters of no apparent materiality.");** *Time Warner, Inc. v. Gonzalez*, **441 S.W.3d 661, 668 (Tex.App. 2014) (Requests for admission "were 'never intended to be used as a demand upon a plaintiff or defendant to admit that he had no cause of action or ground of defense.' [citation omitted]. Therefore, requests for admission are improper and ineffective when used to establish controverted issues that constitute the fundamental legal issues in a case.  [citation omitted]"). Additionally, Amazon objects to this Request for Admission as it is overbroad and calls for a purely legal conclusion.** *See Stark-Romero v. National R.R. Passenger Co. (AMTRAK)*, **275 F.R.D. 551, 554 (D.N.M. 2011) ("'It is still true . . . that one party cannot demand that the other party admit the truth of a legal conclusion'") (citations omitted).**

**Subject to and without waiving its objections, Amazon denies this Request for Admission.**

Objections by:    _____
                  Stuart R. Day

**REQUEST FOR ADMISSION NO. 2:**   Admit or deny that Northwest Express, ASD Express and/or AAF55 [sic] was/were acting in the scope and course of its/their agency with Amazon.com on March 31, 2021, when the crash with Daniel DeBeer occurred.

**OBJECTION/ANSWER:  In addition to its General Objections, Amazon objects to this**

286151119v.1

Request as compound as to "Northwest Express, ASD Express and/or AAF55." **Amazon also objects to this Request for Admission to the extent it is inconsistent with the valid purposes and uses of requests for admission.** *See e.g.*, FED.R.CIV.P. 36(a)(1); *Audiotext Commc'ns Network, Inc. v. US Telecom, Inc.*, Civ. A. No. 94-2395-GTV, 1995 WL 625744, *2 (D.Kan. 1995) ("Requests are not appropriate for argument. They should not put forward the requester's legal or factual contentions on the premise that, in the requester's view, they ought to be admitted. Requests for admissions should be made only if the requesting party has a reasonable expectation that the opponent should in good faith admit them. With respect to claims and defenses, a request is appropriate when it appears from what the opponent has indicated or from other circumstances that the issue may thereby be narrowed or focused. With respect to factual matters, a request is appropriate when the evidence at hand indicates that the matter is not reasonably disputable and that proof at trial may thereby be limited or facilitated. Requests directed at such matters may help delineate the scope of necessary discovery. They should not be used, however, to address evidentiary minutiae or matters of no apparent materiality.");** *Time Warner, Inc. v. Gonzalez*, 441 S.W.3d 661, 668 (Tex.App. 2014) (Requests for admission "were 'never intended to be used as a demand upon a plaintiff or defendant to admit that he had no cause of action or ground of defense.' [citation omitted]. Therefore, requests for admission are improper and ineffective when used to establish controverted issues that constitute the fundamental legal issues in a case. [citation omitted]"). **Additionally, Amazon objects to this Request for Admission as it is overbroad and calls for a purely legal conclusion.** *See Stark-Romero v. National R.R. Passenger Co. (AMTRAK)*, 275 F.R.D. 551, 554 (D.N.M. 2011) ("'It is still true . . . that one party cannot demand that the other party admit the truth of a legal conclusion'") (citations omitted).

**Subject to and without waiving the foregoing objection and its General Objections, Amazon denies this Request for Admission in its entirety as written. Amazon further denies any agency relationship with Northwest Express, LLC, ASD Express, LLC or AAF555 LLC or that Northwest Express, LLC, ASD Express, LLC or AAF555 LLC "was/were acting in the scope and course of its/their agency with [Amazon] on March 31, 2021."**

Objections by:  _____
Stuart R. Day

**REQUEST FOR ADMISSION NO. 3:**   Admit or deny that Justin Nzaramba was negligent in

the crash of March 31, 2021.

**OBJECTION/ANSWER: In addition to its General Objections, Amazon objects to this Request for Admission to the extent it is inconsistent with the valid purposes and uses of requests for admission.** *See e.g.*, FED.R.CIV.P. 36(a)(1); *Audiotext Commc'ns Network, Inc. v. US Telecom, Inc.*, Civ. A. No. 94-2395-GTV, 1995 WL 625744, *2 (D.Kan. 1995) ("Requests are not appropriate for argument. They should not put forward the requester's legal or factual contentions on the premise that, in the requester's view, they ought to be admitted. Requests for admissions should be made only if the requesting party has a reasonable

expectation that the opponent should in good faith admit them. With respect to claims and defenses, a request is appropriate when it appears from what the opponent has indicated or from other circumstances that the issue may thereby be narrowed or focused. With respect to factual matters, a request is appropriate when the evidence at hand indicates that the matter is not reasonably disputable and that proof at trial may thereby be limited or facilitated. Requests directed at such matters may help delineate the scope of necessary discovery. They should not be used, however, to address evidentiary minutiae or matters of no apparent materiality."); *Time Warner, Inc. v. Gonzalez*, 441 S.W.3d 661, 668 (Tex.App. 2014) (Requests for admission "were 'never intended to be used as a demand upon a plaintiff or defendant to admit that he had no cause of action or ground of defense.' [citation omitted]. Therefore, requests for admission are improper and ineffective when used to establish controverted issues that constitute the fundamental legal issues in a case. [citation omitted]"). Additionally, Amazon objects to this Request for Admission as it is overbroad and calls for a purely legal conclusion. *See Stark-Romero v. National R.R. Passenger Co. (AMTRAK)*, 275 F.R.D. 551, 554 (D.N.M. 2011) ("'It is still true . . . that one party cannot demand that the other party admit the truth of a legal conclusion'") (citations omitted).

Subject to and without waiving its objections, based upon a reasonable inquiry and information readily obtainable, Amazon lacks information or knowledge sufficient to admit or deny as discovery in this litigation is ongoing and all available facts and/or expert opinions have not yet been disclosed. Amazon states that it did not employ, own, operate, or control any person or vehicle involved in the accident, nor was Amazon present at the scene. Amazon reserves the right to supplement and/or amend its response to this Request as additional facts and/or expert opinions become known.

Objections by: _____
Stuart R. Day

**REQUEST FOR ADMISSION NO. 4:** Admit or deny that Northwest Express, ASD Express and/or AAF55 was/were negligent in the crash of March 31, 2021.

**OBJECTION/ANSWER: In addition to its General Objections, Amazon objects to this Request for Admission to the extent it is inconsistent with the valid purposes and uses of requests for admission.** *See e.g.*, FED.R.CIV.P. 36(a)(1); *Audiotext Commc'ns Network, Inc. v. US Telecom, Inc.*, Civ. A. No. 94-2395-GTV, 1995 WL 625744, *2 (D.Kan. 1995) ("Requests are not appropriate for argument. They should not put forward the requester's legal or factual contentions on the premise that, in the requester's view, they ought to be admitted. Requests for admissions should be made only if the requesting party has a reasonable expectation that the opponent should in good faith admit them. With respect to claims and defenses, a request is appropriate when it appears from what the opponent has indicated or from other circumstances that the issue may thereby be narrowed or focused. With respect to factual matters, a request is appropriate when the evidence at hand indicates that the matter is not reasonably disputable and that proof at trial may thereby be limited or

7

facilitated. Requests directed at such matters may help delineate the scope of necessary discovery. They should not be used, however, to address evidentiary minutiae or matters of no apparent materiality."); *Time Warner, Inc. v. Gonzalez*, 441 S.W.3d 661, 668 (Tex.App. 2014) (Requests for admission "were 'never intended to be used as a demand upon a plaintiff or defendant to admit that he had no cause of action or ground of defense.' [citation omitted]. Therefore, requests for admission are improper and ineffective when used to establish controverted issues that constitute the fundamental legal issues in a case. [citation omitted]"). Additionally, Amazon objects to this Request for Admission as it is overbroad and calls for a purely legal conclusion. *See Stark-Romero v. National R.R. Passenger Co. (AMTRAK)*, 275 F.R.D. 551, 554 (D.N.M. 2011) ("'It is still true . . . that one party cannot demand that the other party admit the truth of a legal conclusion'") (citations omitted).

Subject to and without waiving its objections, based upon a reasonable inquiry and information readily obtainable, Amazon lacks information or knowledge sufficient to admit or deny as discovery in this litigation is ongoing and all available facts and/or expert opinions have not yet been disclosed. Amazon states that it did not employ, own, operate, or control any person or vehicle involved in the accident, nor was Amazon present at the scene. Amazon reserves the right to supplement and/or amend its response to this Request as additional facts and/or expert opinions become known.

Objections by: _____
                 Stuart R. Day

**REQUEST FOR ADMISSION NO. 5:**   Admit or deny that Daniel DeBeer was not negligent in the October 4, 2022, crash.

**OBJECTION/ANSWER:  In addition to its General Objections, Amazon objects to this Request for Admission to the extent it is inconsistent with the valid purposes and uses of requests for admission.** *See e.g.*, FED.R.CIV.P. 36(a)(1); *Audiotext Commc'ns Network, Inc. v. US Telecom, Inc.*, Civ. A. No. 94-2395-GTV, 1995 WL 625744, *2 (D.Kan. 1995) ("Requests are not appropriate for argument. They should not put forward the requester's legal or factual contentions on the premise that, in the requester's view, they ought to be admitted. Requests for admissions should be made only if the requesting party has a reasonable expectation that the opponent should in good faith admit them. With respect to claims and defenses, a request is appropriate when it appears from what the opponent has indicated or from other circumstances that the issue may thereby be narrowed or focused. With respect to factual matters, a request is appropriate when the evidence at hand indicates that the matter is not reasonably disputable and that proof at trial may thereby be limited or facilitated. Requests directed at such matters may help delineate the scope of necessary discovery. They should not be used, however, to address evidentiary minutiae or matters of no apparent materiality."); *Time Warner, Inc. v. Gonzalez*, 441 S.W.3d 661, 668 (Tex.App. 2014) (Requests for admission "were 'never intended to be used as a demand upon a plaintiff or defendant to admit that he had no cause of action or ground of defense.' [citation omitted].

Therefore, requests for admission are improper and ineffective when used to establish controverted issues that constitute the fundamental legal issues in a case. [citation omitted]"). Additionally, Amazon objects to this Request for Admission as it is overbroad and calls for a purely legal conclusion. *See Stark-Romero v. National R.R. Passenger Co. (AMTRAK)*, 275 F.R.D. 551, 554 (D.N.M. 2011) ("'It is still true . . . that one party cannot demand that the other party admit the truth of a legal conclusion'") (citations omitted).

Subject to and without waiving its objections, based upon a reasonable inquiry and information readily obtainable, Amazon lacks information or knowledge sufficient to admit or deny as discovery in this litigation is ongoing and all available facts and/or expert opinions have not yet been disclosed.  Amazon states that it did not employ, own, operate, or control any person or vehicle involved in the accident, nor was Amazon present at the scene. Amazon reserves the right to supplement and/or amend its response to this Request as additional facts and/or expert opinions become known.

Objections by:    _____

Stuart R. Day

**REQUEST FOR ADMISSION NO. 6:**    Admit or deny that the negligence of Justin Nzaramba

was a cause of Daniel DeBeer's injuries and deaths.

**OBJECTION/ANSWER:  In addition to its General Objections, Amazon objects to this Request for Admission to the extent it is inconsistent with the valid purposes and uses of requests for admission.** *See e.g.*, FED.R.CIV.P. 36(a)(1); *Audiotext Commc'ns Network, Inc. v. US Telecom, Inc.*, Civ. A. No. 94-2395-GTV, 1995 WL 625744, *2 (D.Kan. 1995) ("Requests are not appropriate for argument.  They should not put forward the requester's legal or factual contentions on the premise that, in the requester's view, they ought to be admitted. Requests for admissions should be made only if the requesting party has a reasonable expectation that the opponent should in good faith admit them. With respect to claims and defenses, a request is appropriate when it appears from what the opponent has indicated or from other circumstances that the issue may thereby be narrowed or focused. With respect to factual matters, a request is appropriate when the evidence at hand indicates that the matter is not reasonably disputable and that proof at trial may thereby be limited or facilitated. Requests directed at such matters may help delineate the scope of necessary discovery. They should not be used, however, to address evidentiary minutiae or matters of no apparent materiality."); *Time Warner, Inc. v. Gonzalez*, 441 S.W.3d 661, 668 (Tex.App. 2014) (Requests for admission "were 'never intended to be used as a demand upon a plaintiff or defendant to admit that he had no cause of action or ground of defense.' [citation omitted]. Therefore, requests for admission are improper and ineffective when used to establish controverted issues that constitute the fundamental legal issues in a case.  [citation omitted]"). Additionally, Amazon objects to this Request for Admission as it is overbroad and calls for a purely legal conclusion. *See Stark-Romero v. National R.R. Passenger Co. (AMTRAK)*, 275 F.R.D. 551, 554 (D.N.M. 2011) ("'It is still true . . . that one party cannot

9

demand that the other party admit the truth of a legal conclusion'") (citations omitted).

Subject to and without waiving its objections, based upon a reasonable inquiry and information readily obtainable, Amazon lacks information or knowledge sufficient to admit or deny as discovery in this litigation is ongoing and all available facts and/or expert opinions have not yet been disclosed.  Amazon states that it did not employ, own, operate, or control any person or vehicle involved in the accident, nor was Amazon present at the scene. Amazon reserves the right to supplement and/or amend its response to this Request as additional facts and/or expert opinions become known.

Objections by: _____
Stuart R. Day

DATED this 24th day of August 2023.

AMAZON LOGISTICS, INC., AMAZON.COM, INC., AND AMAZON.COM SERVICES LLC, Defendants.

_____
Stuart R. Day, WSB 5-2244
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 North Wolcott, Suite 400 (82601)
P. O. Box 10700
Casper, WY 82601
307-265-0700 telephone
307-266-2306 facsimile
Email: sday@wpdn.net

286151119v.1

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing was served upon all counsel of record, specifically provided below, by electronic service this 24th day of August 2023.

Grant H. Lawson
Joseph P. Chenchar
Metier Law Firm, LLC
259 S. Center, Suite 301
Casper, WY 82601
Mailing: 4828 South College Avenue
Fort Collins, CO 80525
(307) 237-3800 Phone
(930) 225-1476 Fax
grant@metierlaw.com
joe@metierlaw.com

*Attorneys for Plaintiff*

George "Jed" Chronic, *Pro Hac Vice*
Maschka, Riedy, Ries & Frentz
151 Saint Andrews Court, Building 1010
Mankato, MN 56001
(507) 625-6600 Phone
(507) 625-4002 Fax
jchronic@mrr-law.com

*Attorneys for Plaintiff*

Matthew E. Wright, *Pro Hac Vice*
The Law Firm for Truck Safety, LLP
840 Crescent Centre Drive, Suite 310
Franklin, Tennessee 37067
(615) 455-3588
matt@truckaccidents.com

*Attorneys for Plaintiff*

Zenith S. Ward
Buchhammer & Ward, P.C.
1821 Logan Ave.
P.O. Box 568
Cheyenne, WY 82003-0568
(307) 634-2184 Phone
zsw@wyoming.com

*Attorneys for Defendants Northwest Express, LLC and Justin Nzaramba*

_____
Stuart R. Day

286151119v.1

Stuart Day WSB # 5-2244
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 North Wolcott, Suite 400 (82601)
P. O. Box 10700
Casper, WY 82602
307-265-0700 telephone
307-266-2306 facsimile
sday@wpdn.net

*Attorneys for Amazon Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| KIMBERLY DEBEER, surviving spouse and wrongful death personal representative of DANIEL DEBEER, deceased, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil No. 23-CV-33-ABJ |
| | ) | |
| AMAZON LOGISTICS, INC. d/b/a PRIME, AMAZON.COM, INC., AMAZON.COM SERVICES LLC, AAF555 LLC, NORTHWEST EXPRESS, LLC, ASD EXPRESS, LLC, and JUSTIN NZARAMBA | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

---

### AMAZON.COM SERVICES, LLC'S OBJECTIONS AND ANSWERS TO
### FIRST SET OF REQUESTS FOR ADMISSION

---

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure and Local Rule 26.1,

Defendant Amazon.com Services, LLC. ("Amazon"), by and through its undersigned attorneys,

hereby provides its objections and answers *Plaintiff's First Set of Requests for Admission*, as

follows:

### PRELIMINARY STATEMENT

Amazon, by and through its counsel, is still conducting discovery, investigation, and

analysis of the matters relating to this case. These Objections and Answers are therefore based

upon information and documents collectively known or believed by Amazon at the time of answering these discovery requests. Since Amazon's investigation remains ongoing, and will continue, it provides these answers without prejudice to its right to modify and/or supplement the answers, and to introduce evidence, up to the time of trial, as its further investigation warrants.

Certain documents to be produced by Amazon in the future are of a confidential and/or proprietary nature. The documents are therefore produced in anticipation of a Protective Order to be presented and entered by the Court. Plaintiff is directed to refrain from disseminating any documents to any third party until a Protective Order is entered by the Court.

## <u>GENERAL OBJECTIONS</u>

Amazon makes the following General Objections, which are incorporated into each and every answer and response set forth below as if each is fully set forth therein:

1. **Unduly Burdensome / Vague / Ambiguous.** Amazon objects to each request to the extent that they are generally unduly burdensome, harassing, vague, overly broad, insufficiently tailored in scope and/or time to enable Amazon to answer and/or provide a response to the request, and do not reasonably seek to limit the time frame or scope of information sought.

2. **The Attorney-Client Privilege / Work Product Doctrine.** Amazon objects to each request to the extent it seeks information that is protected by one or more of the following:

   (a) The attorney-client privilege;

   (b) The work product doctrine, including the mental impressions, conclusions, opinions, legal theories of Amazon's legal counsel, employees, agents and/or representatives;

   (c) The confidentiality of materials prepared in anticipation of litigation; or

   (d) Other privileges and protections recognized by law.

2

3. **Confidential and Proprietary Business Documents and Personal Information.** Amazon objects to each request to the extent it seeks information or documents which contain confidential, proprietary, trade secret, sensitive business, commercial or other technical information the uncontrolled release of which would cause Amazon harm, competitive or otherwise. Any and all company documents produced by Amazon will be considered confidential and subject to the terms and conditions of a confidentiality agreement and/or Protective Order to be issued by the Court. Amazon further objects to each request for production that unnecessarily seeks personal contact and/or financial information.

4. **Relevance of Request.** Amazon objects to each request to the extent it seeks the production of information that is not relevant to the issues in this litigation or is not reasonably calculated to lead to evidence or information that is relevant to the issues in this litigation.

5. **Equal Access / Custody and Control.** Amazon objects to each request to the extent it seeks information/documents that Plaintiff(s) have equal access to and/or is not within the possession, custody or control of Amazon or that are part of the record in any public, administrative, or judicial proceeding, on the grounds that such information/documents are publically available and are as equally accessible to Plaintiff(s) as they are to Amazon. No legitimate purpose would be served by requiring Amazon to incur the time and expense required to produce such documents. Amazon also objects to each and every request to the extent that it seeks information not within its possession, custody or control.

6. **Reservation of Rights.** By responding to any interrogatories and/or request and producing any documents or information in response, Amazon does not stipulate or otherwise admit that any such materials are relevant or admissible at trial. Amazon reserves the right to challenge the competency, relevancy or admissibility at trial, or any other subsequent proceeding, in this or any other action, of any response to these discovery requests.

286151447v.1

**7.   Inadvertent and/or Unintentional Production of Documents.** Amazon will not divulge any information or produce any documents protected by the attorney-client privilege, work product doctrine, joint defense privilege or any applicable protection. To the extent Amazon inadvertently, or unintentionally, produce any protected document(s), it reserves the right to ask any party in this litigation to immediately return the original document(s), and all copies, to counsel for Amazon.

**8.   Privilege Log.** Given the nature of various discovery requests issued by Plaintiff(s), certain documents may be protected from discovery under the attorney-client privilege, the work product doctrine, are generally confidential and/or proprietary, or are otherwise confidential. Amazon will prepare a Privilege Log if an agreement as to same is reached by the parties, or otherwise ordered by the Court.

**9.   Outside the Scope of Permissible Discovery.** Amazon objects to each and every request to the extent it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence and is not relevant to the subject matter of this specific lawsuit, or is otherwise outside the scope of permissible discovery pursuant to the Federal Rules of Civil Procedure.

**10. Instructions for Responding.**  Amazon objects to Plaintiff's Instructions for Responding, and in particular subparts (c) and (d), to the extent that they seek to impose duties or obligations upon Amazon that are broader in scope than those imposed by the Federal Rules of Civil Procedure.

**AS TO GENERAL OBJECTIONS:**

_____
Stuart R. Day

Each of the foregoing objections are hereby incorporated in each and every one of the following responses to _Plaintiff's First Set of Requests for Admission_, whether or not they are specifically identified.

286151447v.1

## OBJECTIONS AND ANSWERS TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**   Admit or deny that Justin Nzaramba was acting in the scope and course of his agency with Amazon.com on March 31, 2021, when the crash with Daniel DeBeer occurred.

**OBJECTION/ANSWER:  In addition to its General Objections, Amazon objects to this Request for Admission to the extent it is inconsistent with the valid purposes and uses of requests for admission.** *See e.g.,* FED.R.CIV.P. 36(a)(1); *Audiotext Commc'ns Network, Inc. v. US Telecom, Inc.*, **Civ. A. No. 94-2395-GTV, 1995 WL 625744, \*2 (D.Kan. 1995) ("Requests are not appropriate for argument.  They should not put forward the requester's legal or factual contentions on the premise that, in the requester's view, they ought to be admitted. Requests for admissions should be made only if the requesting party has a reasonable expectation that the opponent should in good faith admit them. With respect to claims and defenses, a request is appropriate when it appears from what the opponent has indicated or from other circumstances that the issue may thereby be narrowed or focused. With respect to factual matters, a request is appropriate when the evidence at hand indicates that the matter is not reasonably disputable and that proof at trial may thereby be limited or facilitated. Requests directed at such matters may help delineate the scope of necessary discovery. They should not be used, however, to address evidentiary minutiae or matters of no apparent materiality.");** *Time Warner, Inc. v. Gonzalez***, 441 S.W.3d 661, 668 (Tex.App. 2014) (Requests for admission "were 'never intended to be used as a demand upon a plaintiff or defendant to admit that he had no cause of action or ground of defense.' [citation omitted]. Therefore, requests for admission are improper and ineffective when used to establish controverted issues that constitute the fundamental legal issues in a case.  [citation omitted]"). Additionally, Amazon objects to this Request for Admission as it is overbroad and calls for a purely legal conclusion.** *See Stark-Romero v. National R.R. Passenger Co. (AMTRAK)***, 275 F.R.D. 551, 554 (D.N.M. 2011) ("'It is still true . . . that one party cannot demand that the other party admit the truth of a legal conclusion'") (citations omitted).**

**Subject to and without waiving its objections, Amazon denies this Request for Admission.**

Objections by:   _____
Stuart R. Day

**REQUEST FOR ADMISSION NO. 2:**   Admit or deny that Northwest Express, ASD Express and/or AAF55 [sic] was/were acting in the scope and course of its/their agency with Amazon.com on March 31, 2021, when the crash with Daniel DeBeer occurred.

**OBJECTION/ANSWER:  In addition to its General Objections, Amazon objects to this**

Request as compound as to "Northwest Express, ASD Express and/or AAF55." **Amazon also objects to this Request for Admission to the extent it is inconsistent with the valid purposes and uses of requests for admission.** *See e.g.*, Fed.R.Civ.P. 36(a)(1); *Audiotext Commc'ns Network, Inc. v. US Telecom, Inc.*, Civ. A. No. 94-2395-GTV, 1995 WL 625744, \*2 (D.Kan. 1995) **("Requests are not appropriate for argument.  They should not put forward the requester's legal or factual contentions on the premise that, in the requester's view, they ought to be admitted. Requests for admissions should be made only if the requesting party has a reasonable expectation that the opponent should in good faith admit them. With respect to claims and defenses, a request is appropriate when it appears from what the opponent has indicated or from other circumstances that the issue may thereby be narrowed or focused. With respect to factual matters, a request is appropriate when the evidence at hand indicates that the matter is not reasonably disputable and that proof at trial may thereby be limited or facilitated. Requests directed at such matters may help delineate the scope of necessary discovery. They should not be used, however, to address evidentiary minutiae or matters of no apparent materiality.");** *Time Warner, Inc. v. Gonzalez*, 441 S.W.3d 661, 668 (Tex.App. 2014) **(Requests for admission "were 'never intended to be used as a demand upon a plaintiff or defendant to admit that he had no cause of action or ground of defense.' [citation omitted]. Therefore, requests for admission are improper and ineffective when used to establish controverted issues that constitute the fundamental legal issues in a case.  [citation omitted]"). Additionally, Amazon objects to this Request for Admission as it is overbroad and calls for a purely legal conclusion.** *See Stark-Romero v. National R.R. Passenger Co. (AMTRAK)*, 275 F.R.D. 551, 554 (D.N.M. 2011) **("'It is still true . . . that one party cannot demand that the other party admit the truth of a legal conclusion'") (citations omitted).**

**Subject to and without waiving the foregoing objection and its General Objections, Amazon denies this Request for Admission in its entirety as written.  Amazon further denies any agency relationship with Northwest Express, LLC, ASD Express, LLC or AAF555 LLC or that Northwest Express, LLC, ASD Express, LLC or AAF555 LLC "was/were acting in the scope and course of its/their agency with [Amazon] on March 31, 2021."**

Objections by: _____
Stuart R. Day

**REQUEST FOR ADMISSION NO. 3:**   Admit or deny that Justin Nzaramba was negligent in

the crash of March 31, 2021.

**OBJECTION/ANSWER:  In addition to its General Objections, Amazon objects to this Request for Admission to the extent it is inconsistent with the valid purposes and uses of requests for admission.** *See e.g.*, Fed.R.Civ.P. 36(a)(1); *Audiotext Commc'ns Network, Inc. v. US Telecom, Inc.*, Civ. A. No. 94-2395-GTV, 1995 WL 625744, \*2 (D.Kan. 1995) **("Requests are not appropriate for argument.  They should not put forward the requester's legal or factual contentions on the premise that, in the requester's view, they ought to be admitted. Requests for admissions should be made only if the requesting party has a reasonable**

expectation that the opponent should in good faith admit them. With respect to claims and defenses, a request is appropriate when it appears from what the opponent has indicated or from other circumstances that the issue may thereby be narrowed or focused. With respect to factual matters, a request is appropriate when the evidence at hand indicates that the matter is not reasonably disputable and that proof at trial may thereby be limited or facilitated. Requests directed at such matters may help delineate the scope of necessary discovery. They should not be used, however, to address evidentiary minutiae or matters of no apparent materiality."); *Time Warner, Inc. v. Gonzalez*, 441 S.W.3d 661, 668 (Tex.App. 2014) (Requests for admission "were 'never intended to be used as a demand upon a plaintiff or defendant to admit that he had no cause of action or ground of defense.' [citation omitted]. Therefore, requests for admission are improper and ineffective when used to establish controverted issues that constitute the fundamental legal issues in a case. [citation omitted]"). Additionally, Amazon objects to this Request for Admission as it is overbroad and calls for a purely legal conclusion. *See Stark-Romero v. National R.R. Passenger Co. (AMTRAK)*, 275 F.R.D. 551, 554 (D.N.M. 2011) ("'It is still true . . . that one party cannot demand that the other party admit the truth of a legal conclusion'") (citations omitted).

Subject to and without waiving its objections, based upon a reasonable inquiry and information readily obtainable, Amazon lacks information or knowledge sufficient to admit or deny as discovery in this litigation is ongoing and all available facts and/or expert opinions have not yet been disclosed.  Amazon states that it did not employ, own, operate, or control any person or vehicle involved in the accident, nor was Amazon present at the scene. Amazon reserves the right to supplement and/or amend its response to this Request as additional facts and/or expert opinions become known.

Objections by: _____
Stuart R. Day

**REQUEST FOR ADMISSION NO. 4:**   Admit or deny that Northwest Express, ASD Express

and/or AAF55 was/were negligent in the crash of March 31, 2021.

**OBJECTION/ANSWER:  In addition to its General Objections, Amazon objects to this Request for Admission to the extent it is inconsistent with the valid purposes and uses of requests for admission.** *See e.g.*, FED.R.CIV.P. 36(a)(1); *Audiotext Commc'ns Network, Inc. v. US Telecom, Inc.*, Civ. A. No. 94-2395-GTV, 1995 WL 625744, *2 (D.Kan. 1995) ("Requests are not appropriate for argument.  They should not put forward the requester's legal or factual contentions on the premise that, in the requester's view, they ought to be admitted. Requests for admissions should be made only if the requesting party has a reasonable expectation that the opponent should in good faith admit them. With respect to claims and defenses, a request is appropriate when it appears from what the opponent has indicated or from other circumstances that the issue may thereby be narrowed or focused. With respect to factual matters, a request is appropriate when the evidence at hand indicates that the matter is not reasonably disputable and that proof at trial may thereby be limited or

7

facilitated. Requests directed at such matters may help delineate the scope of necessary discovery. They should not be used, however, to address evidentiary minutiae or matters of no apparent materiality."); *Time Warner, Inc. v. Gonzalez*, 441 S.W.3d 661, 668 (Tex.App. 2014) (Requests for admission "were 'never intended to be used as a demand upon a plaintiff or defendant to admit that he had no cause of action or ground of defense.' [citation omitted]. Therefore, requests for admission are improper and ineffective when used to establish controverted issues that constitute the fundamental legal issues in a case. [citation omitted]"). Additionally, Amazon objects to this Request for Admission as it is overbroad and calls for a purely legal conclusion. *See Stark-Romero v. National R.R. Passenger Co. (AMTRAK)*, 275 F.R.D. 551, 554 (D.N.M. 2011) ("'It is still true . . . that one party cannot demand that the other party admit the truth of a legal conclusion'") (citations omitted).

Subject to and without waiving its objections, based upon a reasonable inquiry and information readily obtainable, Amazon lacks information or knowledge sufficient to admit or deny as discovery in this litigation is ongoing and all available facts and/or expert opinions have not yet been disclosed. Amazon states that it did not employ, own, operate, or control any person or vehicle involved in the accident, nor was Amazon present at the scene. Amazon reserves the right to supplement and/or amend its response to this Request as additional facts and/or expert opinions become known.

Objections by:  _____
Stuart R. Day

**REQUEST FOR ADMISSION NO. 5:**   Admit or deny that Daniel DeBeer was not negligent in the October 4, 2022, crash.

**OBJECTION/ANSWER:  In addition to its General Objections, Amazon objects to this Request for Admission to the extent it is inconsistent with the valid purposes and uses of requests for admission. *See e.g.*, FED.R.CIV.P. 36(a)(1); *Audiotext Commc'ns Network, Inc. v. US Telecom, Inc.*, Civ. A. No. 94-2395-GTV, 1995 WL 625744, *2 (D.Kan. 1995) ("Requests are not appropriate for argument.  They should not put forward the requester's legal or factual contentions on the premise that, in the requester's view, they ought to be admitted. Requests for admissions should be made only if the requesting party has a reasonable expectation that the opponent should in good faith admit them. With respect to claims and defenses, a request is appropriate when it appears from what the opponent has indicated or from other circumstances that the issue may thereby be narrowed or focused. With respect to factual matters, a request is appropriate when the evidence at hand indicates that the matter is not reasonably disputable and that proof at trial may thereby be limited or facilitated. Requests directed at such matters may help delineate the scope of necessary discovery. They should not be used, however, to address evidentiary minutiae or matters of no apparent materiality."); *Time Warner, Inc. v. Gonzalez*, 441 S.W.3d 661, 668 (Tex.App. 2014) (Requests for admission "were 'never intended to be used as a demand upon a plaintiff or defendant to admit that he had no cause of action or ground of defense.' [citation omitted].**

Therefore, requests for admission are improper and ineffective when used to establish controverted issues that constitute the fundamental legal issues in a case. [citation omitted]"). Additionally, Amazon objects to this Request for Admission as it is overbroad and calls for a purely legal conclusion. *See Stark-Romero v. National R.R. Passenger Co. (AMTRAK)*, 275 F.R.D. 551, 554 (D.N.M. 2011) ("'It is still true . . . that one party cannot demand that the other party admit the truth of a legal conclusion'") (citations omitted).

Subject to and without waiving its objections, based upon a reasonable inquiry and information readily obtainable, Amazon lacks information or knowledge sufficient to admit or deny as discovery in this litigation is ongoing and all available facts and/or expert opinions have not yet been disclosed. Amazon states that it did not employ, own, operate, or control any person or vehicle involved in the accident, nor was Amazon present at the scene. Amazon reserves the right to supplement and/or amend its response to this Request as additional facts and/or expert opinions become known.

Objections by: _____
Stuart R. Day

**REQUEST FOR ADMISSION NO. 6:**   Admit or deny that the negligence of Justin Nzaramba was a cause of Daniel DeBeer's injuries and deaths.

**OBJECTION/ANSWER:   In addition to its General Objections, Amazon objects to this Request for Admission to the extent it is inconsistent with the valid purposes and uses of requests for admission.** *See e.g.*, FED.R.CIV.P. 36(a)(1); *Audiotext Commc'ns Network, Inc. v. US Telecom, Inc.*, Civ. A. No. 94-2395-GTV, 1995 WL 625744, *2 (D.Kan. 1995) ("Requests are not appropriate for argument.  They should not put forward the requester's legal or factual contentions on the premise that, in the requester's view, they ought to be admitted. Requests for admissions should be made only if the requesting party has a reasonable expectation that the opponent should in good faith admit them. With respect to claims and defenses, a request is appropriate when it appears from what the opponent has indicated or from other circumstances that the issue may thereby be narrowed or focused. With respect to factual matters, a request is appropriate when the evidence at hand indicates that the matter is not reasonably disputable and that proof at trial may thereby be limited or facilitated. Requests directed at such matters may help delineate the scope of necessary discovery. They should not be used, however, to address evidentiary minutiae or matters of no apparent materiality."); *Time Warner, Inc. v. Gonzalez*, 441 S.W.3d 661, 668 (Tex.App. 2014) (Requests for admission "were 'never intended to be used as a demand upon a plaintiff or defendant to admit that he had no cause of action or ground of defense.' [citation omitted]. Therefore, requests for admission are improper and ineffective when used to establish controverted issues that constitute the fundamental legal issues in a case.   [citation omitted]"). Additionally, Amazon objects to this Request for Admission as it is overbroad and calls for a purely legal conclusion. *See Stark-Romero v. National R.R. Passenger Co. (AMTRAK)*, 275 F.R.D. 551, 554 (D.N.M. 2011) ("'It is still true . . . that one party cannot

demand that the other party admit the truth of a legal conclusion'") (citations omitted).

Subject to and without waiving its objections, based upon a reasonable inquiry and information readily obtainable, Amazon lacks information or knowledge sufficient to admit or deny as discovery in this litigation is ongoing and all available facts and/or expert opinions have not yet been disclosed.  Amazon states that it did not employ, own, operate, or control any person or vehicle involved in the accident, nor was Amazon present at the scene. Amazon reserves the right to supplement and/or amend its response to this Request as additional facts and/or expert opinions become known.

Objections by: _____
Stuart R. Day

DATED this 24th day of August 2023.

AMAZON LOGISTICS, INC., AMAZON.COM, INC., AND AMAZON.COM SERVICES LLC, Defendants.

_____
Stuart R. Day, WSB 5-2244
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 North Wolcott, Suite 400 (82601)
P. O. Box 10700
Casper, WY 82601
307-265-0700 telephone
307-266-2306 facsimile
Email:  sday@wpdn.net

10

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing was served upon all counsel of record, specifically provided below, by electronic service this 24th day of August 2023.

Grant H. Lawson
Joseph P. Chenchar
Metier Law Firm, LLC
259 S. Center, Suite 301
Casper, WY 82601
Mailing: 4828 South College Avenue
Fort Collins, CO 80525
(307) 237-3800 Phone
(930) 225-1476 Fax
grant@metierlaw.com
joe@metierlaw.com

*Attorneys for Plaintiff*

George "Jed" Chronic, *Pro Hac Vice*
Maschka, Riedy, Ries & Frentz
151 Saint Andrews Court, Building 1010
Mankato, MN 56001
(507) 625-6600 Phone
(507) 625-4002 Fax
jchronic@mrr-law.com

*Attorneys for Plaintiff*

Matthew E. Wright, *Pro Hac Vice*
The Law Firm for Truck Safety, LLP
840 Crescent Centre Drive, Suite 310
Franklin, Tennessee 37067
(615) 455-3588
matt@truckaccidents.com

*Attorneys for Plaintiff*

Zenith S. Ward
Buchhammer & Ward, P.C.
1821 Logan Ave.
P.O. Box 568
Cheyenne, WY 82003-0568
(307) 634-2184 Phone
zsw@wyoming.com

*Attorneys for Defendants Northwest Express, LLC and Justin Nzaramba*

_____
Stuart R. Day

286151447v.1