Matthew E. Wright
*Admitted Pro Hac Vice*
The Law Firm for Truck Safety, LLP
840 Crescent Centre Drive, Suite 310
Franklin, Tennessee 37067
(615)455-3588 Office
(615)468-4540 Fax
matt@truckaccidents.com
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| KIMBERLY DEBEER, surviving spouse, and wrongful death personal representative of DANIEL DEBEER, deceased, )<br>)<br>)<br>)<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>)<br>AMAZON LOGISTICS, INC., )<br>d/b/a PRIME, AMAZON.COM, INC., )<br>AMAZON.COM SERVICES, LLC, )<br>AAF555 LLC, NORTHWEST )<br>EXPRESS, LLC, ASD EXPRESS, LLC )<br>And JUSTIN NZARAMBA, )<br>)<br>    Defendants. ) | Civil Action #2:23-cv-33-ABJ<br>JURY DEMANDED |

## AMENDED NOTICE OF VIDEOTAPED 30(b)(6) DEPOSITION OF DEFENDANT, AMAZON LOGISTICS, INC. D/B/A PRIME

**PLEASE TAKE NOTICE**, that pursuant to Rules 26, 30(b)(6), and 34 of The Federal Rules of Civil Procedure, the Plaintiff, Kimberly DeBeer, Surviving Spouse and Wrongful Death Representative of the Estate of Daniel DeBeer, deceased, ("Plaintiff" or "Kimberly DeBeer"), through counsel, will take the videotaped and stenographic deposition of the corporation representative(s) of **AMAZON**

1

**LOGISTICS, INC. [D/B/A PRIME]** (or "Amazon Logistics") on **April 10th, 2024 at 9:00 a.m. Mountain Time** via remote video deposition (Zoom platform). The computer Zoom function will be enabled with share screen function and it is specifically requested that each deponent have access to every database necessary live so that responses to the below are full and complete through using the share screen function on the video conferencing interface.

Amazon Logistics shall choose one or more of its proper employees, officers, agents, or other persons duly authorized to testify on its behalf. The persons so designated shall testify as to matters known or available to the organization, as set forth below.

The deposition will proceed in person and will be recorded on video with a simultaneous record including recording of any share screen function.

## Definitions

*"Amazon"* refers to Amazon Logistics, Inc., d/b/a Prime and all agents/employees.

*"Amazon Defendants"* refers to Amazon Logistics, Inc., d/b/a Prime; Amazon.com, Inc.; and Amazon.com Services, LLC and all agents/employees.

*"Northwest Express Defendants"* refers to Northwest Express, LLC and AAF555, LLC and all agents/employees.

"*Document"* and *"Documents"* are defined broadly to include anything upon which information, data, sound and/or images are contained regardless of media, regardless of how maintained (physically, electronically, or otherwise) and regardless of what it's called. The term includes, but is not limited to, all papers, records, files, correspondence, reports, meeting minutes, memoranda, notes, diaries, notebooks, contracts, agreements, leases, accounts, orders, invoices, statements, bills, checks, vouchers, orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, directives, forms, manuals, journals, e-mails, e-mail attachments, data sheets, worksheets, statistical compilations, microfilms, computer records (including printouts, files, partitions, hard drives, disks or other magnetic storage media), tapes, photographs (prints, negatives, slides, and electronic), drawings, films, videotapes,

pictures, recordings, and those retained on the cloud, AWS or similar methods. Includes all non-identical copies of DOCUMENTS, all attachments to DOCUMENTS, and both the front and rear of all pages that contain content.

"*You*" and/or "*Your*" means the named deponent and all agents and employees thereof.

If a specific time frame is not referenced, the time shall be specified as including March 31st, 2021 and the 24 months before and after such date.

**Topics**
1. The structure of "Amazon Logistics, Inc., d/b/a "Prime" and its affiliated companies and divisions (including the relation to any of the other Amazon Defendants including any involvement that each affiliated company and division has had with the load being hauled by Jason Nzaramaba at the time of the March 31, 2021 collision.

2. The history of Amazon, including whether Amazon has motor carrier or other authority with the FMCSA.

3. How Amazon selects, screens, and monitors the motor carriers to which it assigns loads or for which loads are obtained through the Relay App.

4. All training Amazon provided to employees regarding the selection process of a motor carrier to transport a load.

5. Any investigation—including into safety, fitness and theft history—that Amazon has conducted on Justin Nzaramba and the Northwest Express Defendants.

6. What policies and procedures that Amazon has regarding "chameleon carriers." "Chameleon carriers" are companies that artificially shut down their business and resurrect operations as a new legal entity and/or may also encompass several different motor carriers incorporated by a single person in order to obtain many loads through apps by the use of "bots."

7. Any policies you had in effect at the material time to combat companies using bots to book loads and how You enforced those policies.

8. The relationship between Amazon and Justin Nzaramba and the Northwest Defendants on March 31, 2021.

9. All communications, including but not limited to correspondence, telephone calls, in person communications, texts, and e-mails, between Amazon and Justin Nzaramba or Amazon and Northwest Express Defendants, including documentation of such communications and the identities of all persons with You who sent or received such communications.

10. The process by which Amazon decided to enter into an agreement for services with any or all of the Northwest Express Defendants.

11. All communications, including but not limited to correspondence, telephone calls, in person communications, texts, and e-mails, between Amazon and the shipper of the load being hauled by Justin Nzaramba at the time of the March 31, 2021 collision and the identities of any persons with or employed by You who sent or received such communications.

12. The load being hauled by Justin Nzaramba at the time of the March 31, 2021 collision, including:

    a. The identity of the shipper;

    b. Any agreements that existed between You, Amazon, and the Amazon Defendants and the Shipper (customer) and what the terms of the agreement(s) was (were):

    c. All communications between the shipper and Amazon regarding the load and/or the shipment of the load;

    d. All documents that exist regarding the load, the shipment of the load, and any communications regarding the load or its shipment including any communications and agreements between You and any person or entity that was dispatched to complete repairs and who paid for the repairs on the truck and/the trailer;

    e. Where the load was coming from, and where it was to be delivered;

    f. When the load was to be picked up, and when it was to be delivered;

    g. Any requirements for when the load was to be delivered, and any financial or other consequences is the load was delivered early or late;

    h. All communications between Amazon and anyone associated or employed by Northwest Defendants regarding the load or its shipment;

    i. All Amazon Contract Addendum and Carrier Load Confirmation documents regarding the load or its shipment;

    j. All communications between Amazon and the receiver;

    k. The shipment and when and where it was delivered;

    l. How much was Amazon being paid to transport or arrange the transport of the cargo;

    m. How much was Northwest Defendants being paid; and

    n. Whether Northwest Defendants or Justin Nzaramba used the any factoring or advance payment program with respect to the load;

    o. Whether You and the Amazon Defendants paid or offered to pay any expenses associated with the trip including, but not limited to diesel fuel for the truck, repairs, and advances; and

    p. Any check in calls or communications from Justin Nzaramba or Northwest Defendants regarding the load or its shipment.

13. Bills of Lading, Load Confirmations and dispatch documents, dispatch records and/or dispatch information from March 1, 2021 through March 31, 2021.

14. Amazon's factoring or advance programs, including if Northwest Express Defendants have ever used the program or received cash advances;

15. The financial terms of any payments or cash advances;

    a. How often Northwest Express Defendants or Justin Nzaramba used the program or received cash advances;

    b. The number and percentage of the carriers who do business with Amazon who use the Quick Pay Program or receive cash advances; and

    c. The savings, revenues, and other financial benefits derived by Amazon from the Quick Pay Program and cash advances (including the totals in 2020 and 2021).

16. Amazon's policies and procedures for brokering loads, and how those policies and procedures are documented.

17. Amazon's policies, procedures, and standards for determining whether to do business with a motor carrier, including whether the motor carrier is safe including those that may obtain loads through the Relay App.

18. Any advertising or website pages created by You seeking trucking companies and truck drivers to haul cargo.

19. Any background check performed on any driver related to the delivery of the load at issue.

20. Amazon's policies, procedures, and standards for monitoring the safety performance and history of motor carriers.

21. Amazon Relay Program Policies in effect on March 31, 2021.

22. Predictive analytics for motor carriers with whom Amazon and/or its affiliates do business.

23. Carrier Terms of Service in effect for March 31st, 2021 for any entity or person involved with the delivery of the load at issue.

24. Any prior complaints about, problems with, or incidents involving Northwest Express Defendants, Justin Nzaramba, or any associated company.

25. Any monitoring performed by Amazon regarding Northwest Express Defendants and Justin Nzaramba;

26. All contracts, agreements, Amazon Relay Carrier Terms of Service, Freight Partner/Delivery Service Partner Program Agreements, Motor Carrier Transportation Agreements and contract addenda between Amazon and Northwest Express Defendants;

27. The names, job titles, job duties, currently employment status, address, telephone number, and e-mail addresses of all of Amazon's employees or agents involved in brokering, assignment, transport, arrangement to transport, and/or monitoring the load being hauled by the Defendant Northwest Express Justin Nzaramba (regardless of whether it was originally assigned to him as driver or to anyone else) at the time of the March 31, 2021 collision.

28. The number of shipments arranged, brokered, or hauled by Amazon in 2020 and 2021.

29. Any software programs or databases used by Amazon to maintain records or information regarding the safety performance and safety records of motor carriers.

30. Amazon's use of FMCSA websites.

31. Amazon's use of RMIS and other third-party or in-house services with the ability to monitor safety and other data of motor carriers.

32. All the reasons why Amazon selected Northwest Express Defendants to transport the load being hauled by Justin Nzaramba at the time of the March 31, 2021 collision.

33. The investigation by Amazon into the Northwest Express Defendants' safety record and safety background including the Federal Motor Carrier Safety Administration's safety management system, Northwest Express Defendants' compliance safety accountability (CSA), behavioral analysis and safety improvement categories (BASICs), unsafe driving, hours of service compliance, driver fitness, controlled substance/alcohol, vehicle maintenance, hazardous material compliance and/or crash indicator and whether any investigation was done with respect to the Defendant Northwest Express safety practices, including but not limited to whether you investigated whether they had or enforced any safety policies and had any driver training programs.

34. All information Amazon had in its possession concerning Northwest Express Defendants' safety rating and safety fitness including, but not limited to, the Federal Motor Carrier Safety Administration's safety management system, Northwest Express Defendants' compliance safety accountability (CSA), behavioral analysis and safety improvement categories (BASICs), unsafe driving, hours of service compliance, driver fitness, controlled

    substance/alcohol, vehicle maintenance, list of crashes, and commercial vehicle violations prior to the subject collision.

35. All prior incidents in which a tractor and/or trailer hauling a load brokered by Amazon has been involved in a crash, including:

    a. The names of the motor carriers and persons involved in the crash;

    b. Whether there were any injuries and, if so, the extent of those injuries;

    c. Whether any personal injury or wrongful death claims made as a result of each crash;

    d. Whether a lawsuit was filed as a result of the crash and, if so:

        i. The cause number, style, and caption of each cases (including the identity of each court in which the lawsuits were filed);

        ii. The names, addresses, telephone numbers, and e-mail addresses of all counsel for all parties in each lawsuit;

        iii. The documents that Amazon has regarding each lawsuit, including but not limited to pleadings, depositions, discovery, motions, orders, and judgments.

        iv. The outcome of each lawsuit (including verdicts, appeals, judgments, settlements, settlement amounts, and dismissals); and

        v. What changes Amazon made as a result of the crashes, injuries, deaths, claims, or lawsuits.

36. All prior instances in which a judge or jury has found that a motor carrier or driver involved in a crash was Amazon's agent.

37. All prior instances in which a judge or jury found that Amazon was negligent in brokering a load to a motor carrier.

38. All information contained in Amazon's computers and all computer systems/databases regarding the load being hauled by Justin Nzaramba at the time of the March 31, 2021 collision, and Justin Nzaramba;

**39.** All information contained in Amazon's computers/databases regarding the load being hauled by Justin Nzaramba at the time of the March 31, 2021 collision, Northwest Express Defendants and Justin Nzaramba. **This topic specifically seeks information regarding the meaning and interpretation of data contained in documents produced by You in**

**discovery whether in native format or other including but not limited to all geofence and other positional data.**

40. The DAT Carrier Watch system, including the categories of information available and what information Amazon received from the system regarding Northwest Express Defendants and Justin Nzaramba.

41. Any Amazon carrier management programs, and any participation by Northwest Express Defendants in the program.

42. Payment for the cargo loss and property damage relative to the March 31, 2021 crash and who made it and to whom.

43. Identification of Amazon employees with personal knowledge of Justin Nzaramba (and any driver who may have previously assigned to haul the cargo at issue) and Northwest Express Defendants.

44. For every check call made by Justin Nzaramba or anyone with Northwest Express Defendants to Amazon in the week before March 31, 2021:

45. All Event Logs, and information in the Event Logs, regarding the load being hauled by Justin Nzaramba at the time of the March 31, 2021 collision, Northwest Express Defendants and Justin Nzaramba;

46. All Driver Log Notes regarding the load being hauled by Justin Nzaramba at the time of the March 31, 2021 collision.

47. Amazon's Contract Acceptance Standard Operating Procedure.

48. Amazon's Carrier Setup Standard Operating Procedure

49. All Do Not Use requests regarding Northwest Express Defendants and Justin Nzaramba.

50. Northwest Express Defendants' applications to do business with Amazon.

51. Amazon's event logs regarding Northwest Express Defendants and Justin Nzaramba;

52. Amazon's Internal communications regarding Northwest Express Defendants and Justin Nzaramba;

53. Amazon's driver log notes regarding Justin Nzaramba.

54. Amazon's transportation guide.

55. Amazon's use (or non-use) of BASIC scores, and the reasons for such use or nonuse.

56. Freight Partner/Delivery Service Partner (DSP) Program, including marketing.

57. The designation of loads as "critical" (or similar) shipments by Amazon, including the designation of the March 31, 2021 load as a "critical" shipment.

58. Amazon's definition of "high value cargo" and its requirements for motor carriers hauling "high value cargo."

59. Amazon's websites, white papers, and other sales and promotional materials offering services to its customers as carrier or to arrange for transport of cargo.

60. Whether Amazon ever required motor carriers to indicate whether the carrier had a written safety plan in place? If so, when and why Amazon removed this requirement. [Note, the scope of this topic includes, but is not limited to, the surveys filled out by motor carriers].

61. What testimony Amazon and its employees and representatives have given in prior lawsuits, and whether the transcripts of such testimony are still available.

62. The documents in Amazon's possession, custody, or control regarding the topics in this notice.

63. Amazon's investigation into the crash on March 31, 2021.

64. All information related to the crash on March 31, 2021.

65. All documents produced by Amazon in this litigation both through initial disclosures and in response to the prior requests for production of documents (including but not limited to whether the documents are kept in the normal course and scope of Your business by a person with a business duty to keep those records and which documents are responsive to particular requests) (please provide accurate copies and live links to the database to the extent the documents were not previously produced and as required above).

66. Amazon's insurance policies, including excess and umbrella insurance.

Dated this 8th day of March, 2024.

**THE LAW FIRM FOR TRUCK SAFETY, LLP**

*/ss/ Matthew E. Wright*
Matthew E. Wright, TN #022596
*Admitted Pro Hac Vice*
840 Crescent Centre Drive, Suite 310
Franklin, Tennessee 37067
615-455-3588
615-468-4540 (fax)
matt@truckaccidents.com

Grant H. Lawson, #6-4260

9

Joseph P. Chenchar, #7-5576
**METIER LAW FIRM, LLC**
259 S. Center, Suite 301
Casper, WY 82601
Mailing: 4828 South College Avenue
Fort Collins, CO 80525
(307 237-3800
(930) 225-1476 (fax)
grant@metierlaw.com
joe@metierlaw.com

George "Jed" Chronic
*Admitted Pro Hac Vice*
**Maschka, Riedy, Ries & Frentz**
151 Saint Andrews Court
Building 1010
Mankato, MN  56001
(507)625-6600
(507)625-4002 (fax)
jchronic@mrr-law.com

*Attorneys for Plaintiff, Kimberly DeBeer, surviving spouse of and wrongful death representative of Daniel DeBeer*

## CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2024, a true and correct copy of the foregoing was served via the Court's ECF filing system to the following:

Zenith S. Ward
Buchhammer & Ward, PC
1821 Logan Avenue
P.O. Box 568
Cheyenne, WY 82003-0568
zsw@wyoming.com
Attorney for Defendant Northwest Express, LLC and Justin Nzaramba

Stuart R. Day
WILLIAMS PORTER DAY & NEVILLE
159 North Wolcott, Suite 400
P.O. Box 10700
Casper, WY 82602
sday@wpdn.net

|  |  |
|---|---|
| | Attorney for Amazon Logistics, Inc., d/b/a Prime; Amazon.com, Inc. and Amazon Services, LLC |
| Grant H. Lawson<br>Joseph P. Chenchar<br>Metier Law Firm, LLC<br>259 S. Center, Suite 301<br>Casper, WY 82601<br>grant@metierlaw.com<br>joe@metierlaw.com | George "Jed" Chronic<br>*Admitted Pro Hac Vice*<br>Maschka, Riedy, Ries & Frentz<br>151 Saint Andrews Court,<br>Building 1010<br>Mankato, MN  56001<br>(507)625-6600 Office<br>(507)625-4002 Fax<br>jchronic@mrr-law.com |

*/ss/Matthew E. Wright*
Matthew E. Wright

11