Stuart R. Day, W.S.B. # 5-2244
Keith J. Dodson, W.S.B. # 6-4254
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 North Wolcott, Suite 400 (82601)
P. O. Box 10700
Casper, Wyoming 82602
Telephone:      (307) 265-0700
Facsimile:      (307) 266-2306
Emails:         sday@wpdn.net
                kdodoson@wpdn.net

*Attorneys for Amazon Defendants*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| KIMBERLY DEBEER, surviving spouse and wrongful death personal representative of DANIEL DEBEER, deceased, | )<br>)<br>) |
| Plaintiffs, | ) |
| v. | ) Civil No. 23-CV-33-ABJ |
| AMAZON LOGISTICS, INC. d/b/a PRIME, AMAZON.COM, INC., AMAZON.COM SERVICES LLC, AAF555 LLC, NORTHWEST EXPRESS, LLC, ASD EXPRESS, LLC, and JUSTIN NZARAMBA | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

### AMAZON DEFENDANTS'
### MOTION FOR PROTECTIVE ORDER

Pursuant to Rules 26(c) of the Federal Rules of Civil Procedure and the Court's March 19, 2024 Text-Only Order, Defendants Amazon Logistics, LLC, Amazon.com, Inc., Amazon.com Services, LLC (hereinafter collectively referred to as "Amazon"), by and through their counsel, hereby move the Court for a protective order barring Plaintiff from taking the depositions of Steve Dasgupta, Mahendra Hariharan, and Brian Coppinger as follows:

I. BACKGROUND INFORMATION

This is a wrongful death case arising out of a trucking accident on Interstate 80 on March 31, 2021. Plaintiff filed her *Complaint and Jury Demand* ("*Complaint*") on February 28, 2023. (*See Complaint*, ECF No. 1). She brings claims against Amazon Logistics, LLC, Amazon.com, Inc., Amazon.com Services, LLC in large part because Amazon was a party to an independent contractor agreement with AAF555, LLC ("AAF555") to ship the subject semi-trailer hauled by a semi-tractor operated by Northwest Express, LLC ("Northwest Express"), a subcontractor of AAF555.

Through its affiliates, Amazon engages in the retail sale of consumer products and operates fulfillment centers and customer service centers throughout the United States. (Ex. A, Declaration of Sandefur, ¶ 3). Amazon Relay is a suite of technology products that enable motor carriers to self-register with Amazon to find, book and execute Amazon shipments and/or loads. *Id.* at ¶ 4. This includes capabilities for motor carriers to accept loads, assign drivers and access Amazon's Relay Load Board. *Id.*

Motor carriers that register with Amazon Relay, such as AAF555, are required to accept current and later versions of the Amazon Relay Carrier Terms of Service and Program Policies (collective, the "Amazon Agreements"). *Id.* at ¶ 5. The initial requirements for a motor carrier to participate in Amazon Relay are verified by a third-party compliance monitoring company, Registry Monitoring Insurance Services. *Id.* Motor carriers that Amazon approves to participate in Amazon Relay have access to their own unique web portal where they can view load details such as origin, destination, departure time and arrival time and also review, acknowledge and affirmatively accept any revisions to the Amazon Agreements. *Id.*

Amazon posts available shipments to the Relay Load Board, which is virtually accessible

by any of the thousands of Relay carriers nationally that may choose to accept a load. *Id.* at ¶ 6.

On or before March 25, 2021, Amazon made available a shipment of an empty trailer asset unit from an Amazon facility in Franklin Township, New Jersey to an Amazon facility in Nampa, Idaho. *Id.* at ¶ 7. Shortly thereafter, AAF555 (Amazon Relay carrier "ALUGU"), accepted responsibility for transporting the trailer asset unit from the New Jersey Amazon facility to the Idaho Amazon facility and assigned multiple drivers, including, "Edmont Costa." *Id.* at ¶ 7.

Under the Amazon Agreements, AAF555 had full responsibility for the means and methods of transporting the trailer asset unit from New Jersey to Idaho. *Id.* at ¶ 8. Amazon did not authorize AAF555 to assign, sell, subcontract or otherwise broker or double broker the shipment of the trailer asset unit at issue to Northwest Express. *Id.* at ¶ 9. Nonetheless, as detailed in the Wyoming Department of Transportation's crash report relating to the occurrence alleged in the *Complaint*, Northwest Express hauled the load at issue and not AAF555. *Id.* Amazon's sole role in the occurrence identified in the WYDOT crash report was that of a shipper of the trailer asset unit at issue. *Id.* No employee of Amazon has any personal knowledge of the agreement(s), if any, between AAF555 and Northwest Express, relating to the shipment of the trailer asset unit; AAF555's and/or Northwest Express's means and methods utilized in shipping the trailer asset unit; and/or any other facts relating to the occurrence alleged in the *Complaint* other than facts which may be derived or ascertained from Amazon's business records. *Id.*

Because no Amazon employee has any personal knowledge of the facts of this case other than facts which may be derived or ascertained from Amazon's business records, Amazon originally designated an unnamed corporate representative in its initial disclosures. (*See* Ex. B). In her initial disclosures, Plaintiff generally lists "Employees, representatives and officers of [Amazon]" including "Safety Director(s), Human Resources professionals, Records custodians,

Officers, Supervisors, Dispatchers, Truck Drivers." (*See* Ex. C, p. 5). She further wrote that, "The names of the employees are not in possession of Plaintiff but are presumed to be in the possession of the Defendant." *Id.*

Plaintiff took issue with Amazon listing only a corporate representative in their initial disclosures and asserted Amazon was obligated to list additional individuals. This issue was discussed during an informal discovery dispute conference with the Court on August 16, 2023. Despite Plaintiff's argument, the Court did not order Amazon to identify any additional individuals other than its corporate representative. Also on August 16, 2023, Amazon served its first supplemental initial disclosure which identified Ryan Sandefur as one of its 30(b)(6) representatives. (*See* Ex. D). Amazon has not specifically identified any additional individuals who would have personal knowledge about the facts of this case.

On March 6, 2024, Plaintiff served her *Amended Notice of Videotaped 30(b)(6) Deposition of Defendant, Amazon Logistics, Inc. d/b/a Prime* wherein she identified 66 topics for the 30(b)(6) deposition, not counting numerous subparts. (*See* Ex. E). The Parties are working on scheduling this deposition, but it will not occur until late April 2024.

Despite not identifying any specific Amazon employees in her initial disclosures and prior to conducting her 30(b)(6) deposition of Amazon, Plaintiff is seeking to depose Steve Dasgupta, Mahendra Hariharan, and Brian Coppinger. As discussed below in more detail, these individuals do not have any personal knowledge of the facts of this case. Moreover, Plaintiff has never identified the alleged knowledge these individuals may have which is different than the testimony Plaintiff will obtain through her 30(b)(6) deposition of Amazon. These three depositions are simply Plaintiff's attempt to annoy, embarrass, oppress, and cause undue burden on Amazon and the three witnesses. As such, the Court should enter a protective order barring Plaintiff from taking

these three depositions.

## II. DISCUSSION

It is well-settled that the Federal rules allow wide-ranging discovery of relevant information; however, there is controlling precedent in the Tenth Circuit that provides trial courts with "broad discretion in implementing the terms of discovery." *Belmont v. BP Am. Prod. Co.*, 2015 WL 11017785, *2 (D. Wyo. May 7, 2015); (*citing Marsee v. U.S. Tobacco Co.*, 866 F.2d 319 (10th Cir. 1989)). "Broad discovery is not unlimited however, and a court has considerable discretion to balance the rights of both the plaintiff and defendant." *First Interstate Bancsystem, Inc. et al. v. David Hubert et al.*, 21-cv-67-F, ORDER DENYING MOTION FOR PROTECTIVE ORDER, ECF No. 70, p. 3 (D.Wyo. April 15, 2022) (citing *Gomez v. Martin Marietta Corp.*, 50 F.3d 1151, 1520 (10th Cir. 1995)). This is because "[d]istrict courts are 'in the best position to weigh these variables and determine the appropriate limits because, unlike an appellate court, the district court has the ability to view first-hand the progression of the case, the litigants, and the impact of discovery on the parties and nonparties." *Belmont*, 2015 WL 11017785, *2 (*quoting Miller v. Regents of Univ. of Colorado*, 188 F.3d 518 (10th Cir. 1999). As a result, "[w]ith this authority at hand, judges should not hesitate to exercise appropriate control over the discovery process." *Id.* (*quoting Herbert v. Lando*, 441 U.S. 153, 177 (1979)).

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ." FED.R.CIV.P. 26(b)(1). "After the 2015 amendments to Rule 26, the scope of discovery is no longer defined by any information that is 'reasonably calculated to lead to admissible evidence.'" *Salzar v. State Farm Mut. Auto. Ins. Co.*, No. 18-cv-036-J, 2019 WL 13222750, *2 (D. Wyo. Mar. 22, 2019) (citing *Brandt v. Von Honnecke*, No. 15-

cv-02785-RM-NYW, 2018 WL 510277, *3 (D. Colo. Jan. 23, 2018)).

> The applicable test now consists of two parts: (1) whether the discovery sought is relevant to any party's claim or defense and (2) whether the requested discovery is proportional to the needs of the case. *Id.*; FED.R.CIV.P. 26(b)(1). Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." *Brandt*, 2018 WL 510277, at *3.; FED.R.EVID. 401. The burden of "addressing all proportionality considerations" is not on the party seeking discovery, rather all "parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." FED.R.CIV.P. 26; Adv. Comm. Notes, 2015 Amendments; *National Railroad Passenger Corp. v. Cimarron Crossing Feeders*, 16-cv-1094-JTM-Tjj, 2017 WL 4770702, at *4 (D.Kan. Oct. 19, 2017.

*Id.*

Plaintiff is seeking to depose Steve Dasgupta, Mahendra Hariharan, and Brian Coppinger. No party to this litigation has listed these three individuals as potential witnesses or even as individuals who may have knowledge or information regarding this matter. Instead, Plaintiff has requested to depose these three individuals without identifying a good faith belief as to why she believes their testimony is relevant to her claims. The truth of the matter is that their testimony is not relevant because they had no involvement with AAF555, Northwest Express, Justin Nzaramba and/or the subject load.

Steve Dasgupta is Amazon's Director of North America Surface Transportation Safety. (*See generally* Ex. F).[1] He has been in this position since March 2021. *Id.* As the Director, he leads the North American Surface Transportation Safety Team. *Id.* He oversees approximately

---

[1] The attached Exhibit F is a *Declaration of Steve Dasgupta*, which was filed in the District Court for the 345th Judicial District of Travis County, Texas. While it was not executed in this matter, it does provide relevant background information regarding Mr. Dasgupta's job at Amazon and how he would not have any personal knowledge regarding this case. In this case, Amazon is currently evaluating whether it can obtain a declaration from the three individuals about their lack of personal knowledge regarding the specific facts of this case but was unable to obtain them by the time of filing. If it is able to obtain the declarations, it will supplement this *Motion* accordingly and provide any declaration to the Court and Plaintiff.

100 employees; however, his team interacts with, receives reports from, and relies on the work of numerous other teams. *Id.* Within Amazon corporate structure, Mr. Dasgupta is considered an executive level employee. *Id.* As the Director, Mr. Dasgupta would not have any personal knowledge regarding the specific facts of this case. *Id.* Mahendra Hariharan was a Program Manager at Amazon. In this position, he also would not have any personal knowledge regarding the specific facts of this case. Brian Coppinger is a Senior Program Manager with Amazon. Mr. Coppinger also would not have personal knowledge of the specific facts of this case.

If anything, these three individuals would provide testimony that Plaintiff will garner by and through her 30(b)(6) deposition of Amazon. This is especially true considering Plaintiff has propounded 66 topics for this 30(b)(6) deposition without counting the various subparts of some topics. (*See* Ex. E).

Upon examination of these topics, it is clear that Plaintiff will be asking detailed questions regarding Amazon and its business operations. These questions will include questions regarding Amazon Relay in general as well as the specific facts relevant to this case. By its very nature, the 30(b)(6) deposition of Amazon will be Amazon's binding testimony regarding these topics. Amazon has no doubt Plaintiff's counsel will conduct a thorough examination of Amazon's 30(b)(6) witness and gather the information Plaintiff seeks. This begs the questions as to what additional information Mr. Dasgupta, Mr. Hariharan, and Mr. Coppinger can provide Plaintiff. The answer to that question is simple – nothing. These individuals have no specific knowledge about the facts of this case. If anything, they can provide testimony regarding their jobs at Amazon, which would provide Plaintiff no more information than what she will receive during her 30(b)(6) deposition of Amazon. Thus, these three depositions of individuals who have no personal knowledge regarding the facts of this case is not proportional to the needs of this case.

Pursuant to Rule 26(b)(1), all Parties (including Plaintiff) and the Court have a collective responsibility to consider proportionality of all discovery in a case. Plaintiff is failing to do so here. When considering whether discovery that is sought is proportional, Plaintiff must consider, the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. In regard to these three depositions, Plaintiff has relative access to the relevant information by and through the 30(b)(6) deposition of Amazon, which she has yet to conduct. Because she will garner this relevant information through the 30(b)(6) deposition and because these individuals have no knowledge of the specific facts of this case, the burden and expense of having to arrange for these depositions far outweighs any benefit these depositions may have. For example, Amazon would need to spend considerable time and money to prepare these witnesses for their depositions. Then the Parties would need to attend (after likely traveling) to take these depositions. This significant expense would be incurred when Plaintiff would gather no additional information she cannot gather through her 30(b)(6) deposition of Amazon.

Pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure, the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." FED.R.CIV.P. 26(c)(1). It is within the Court's discretion to forbid Plaintiff from taking these three depositions. *Id.* at 26(c)(1)(A). The party seeking the protective order bears the burden of establishing good cause. *Carter v. Atty. Liab. Protec. Socy.*, 08-CV-273-B, 2009 WL 10453674, at *2 (D. Wyo. Sept. 25, 2009). Good cause exists here.

As discussed above, Steve Dasgupta, Mahendra Hariharan, and Brian Coppinger do not have personal knowledge of the specific facts of this case. While neither party has designated

these witnesses in their Rule 26 initial disclosures, Amazon anticipates Plaintiff will want to inquire about these witnesses' roles and job duties at Amazon to gain an understanding of Amazon's policies, procedures, and business practices.  This discovery will be obtained from another deponent, i.e., Amazon's 30(b)(6) witness.  By and through Amazon's 30(b)(6) witness, Plaintiff will be able to marshal the relevant information regarding Amazon's policies, procedures, and business practices in addition to specific facts regarding Amazon's role, if any, in this case.  Marshalling this evidence through one deposition instead of four is less burdensome.  Further, as discussed above, these depositions, if allowed, would impose an undue hardship on each witness and Amazon.  These circumstances are similar to the Apex Doctrine under which courts have prevented the deposition of senior corporate executives.

Under certain circumstances, this Court has recognized the Apex Doctrine as a means of protecting senior corporate executives **without any direct knowledge of facts or issues related to the underlying action** from being subject to the burdens of discovery. *Black Card, LLC v. VISA U.S.A., Inc.*, 15-CV-027-S, 2016 WL 7325665, at *2 (D. Wyo. Dec. 12, 2016).  This Court has considered four factors in determining whether it should limit discovery from corporate executives under the Apex Doctrine: "(1) that executive has no unique, personal knowledge of the issues central to the case; (2) the discovery sought can be obtained from other deponents; (3) the discovery sought can be obtained through an alternative, less burdensome discovery method; or (4) due to severe hardship to that executive." *Id*. at *3 (quoting *Carter*, No. 08–CV–273–B, 2009 WL 10453674, at *2).

In this case, Steve Dasgupta falls under the Apex Doctrine.  Mr. Dasgupta is Amazon's Director of North America Surface Transportation Safety.  In a recent case, a plaintiff attempted to depose Mr. Dasgupta.  The District Court for the 345th Judicial District Court of Travis County,

Texas held the Apex Doctrine applied to Mr. Dasgupta and prevented his deposition. (*See* Ex. G) ("Mr. DasGupta is an apex with witness and Plaintiff has not met her burden to prove that he has unique and superior knowledge on a relevant issue and that less intrusive means could not provide the relevant evidence). For similar reasons, the Court should enter an order preventing Plaintiff from deposing Mr. Dasgupta in this case as he is an executive with no unique, personal knowledge of the issues central to this case, the discovery sought can be obtained through Amazon's 30(b)(6), the discovery sought can be obtained through alternative, less burdensome discovery method such as the Amazon 30(b)(6) deposition or written discovery, and the deposition would be a severe hardship to Mr. Dasgupta and Amazon. In regard to Mahendra Hariharan and Brian Coppinger, the same factors exist so that Plaintiff's proposed deposition of them amounts to annoyance, oppression, and undue burden and expense.

### III. CONCLUSION

Here, Plaintiff is seeking to take the depositions of three (3) individuals who do not have any personal knowledge of the facts of this case. As discussed herein, these depositions are irrelevant and not proportional to the needs of this case. Further, their proposed depositions amount to annoyance, oppression, and undue burden and expense. Accordingly, good cause exists for the Court to bar Plaintiff from taking these three depositions pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

WHEREFORE, Defendants Amazon Logistics, LLC, Amazon.com, Inc., Amazon.com Services, LLC, by and through their counsel, hereby move the Court for a protective order barring Plaintiff from taking the depositions of Steve Dasgupta, Mahendra Hariharan, and Brian Coppinger.

**DATED** this 27th day of March 2024.

           AMAZON LOGISTICS, INC., AMAZON.COM, INC., AND
           AMAZON.COM SERVICES LLC, Defendants


      By:  /s/ Keith J. Dodson
         Stuart R. Day, WSB 5-2244
         Keith J. Dodson, WSB 6-4254
         WILLIAMS, PORTER, DAY & NEVILLE, P.C.
         159 North Wolcott, Suite 400 (82601)
         P. O. Box 10700
         Casper, Wyoming 82601
         Telephone: (307) 265-0700
         Facsimile: (307) 266-2306
         Emails:  sday@wpdn.net
              kdodson@wpdn.net

         *Attorneys for Amazon Defendants*

## **CERTIFICATE OF SERVICE**

The undersigned does hereby certify that a true and correct copy of the foregoing was served upon all counsel of record, specifically provided below, by U.S. Mail and email this 27th day of March 2024.

Grant H. Lawson
Joseph P. Chenchar
METIER LAW FIRM, LLC
259 S. Center, Suite 301
Casper, WY 82601
Mailing: 4828 South College Avenue
Fort Collins, CO 80525
(307) 237-3800 Phone
(930) 225-1476 Fax
grant@metierlaw.com
joe@metierlaw.com

*Attorneys for Plaintiff*

Matthew E. Wright, *Pro Hac Vice*
THE LAW FIRM FOR TRUCK SAFETY, LLP
840 Crescent Centre Drive, Suite 310
Franklin, Tennessee 37067
(615) 455-3588
matt@truckaccidents.com

*Attorneys for Plaintiff*

George "Jed" Chronic, *Pro Hac Vice*
MASCHKA, RIEDY, RIES & FRENTZ
151 Saint Andrews Court, Building 1010
Mankato, MN 56001
(507) 625-6600 Phone
(507) 625-4002 Fax
jchronic@mrr-law.com

*Attorneys for Plaintiff*

Zenith S. Ward
BUCHHAMMER & WARD, P.C.
1821 Logan Ave.
P.O. Box 568
Cheyenne, WY 82003-0568
(307) 634-2184 Phone
zsw@wyoming.com

*Attorneys for Defendants Northwest Express, LLC and Justin Nzaramba*

  /s/ Keith J. Dodson
Keith J. Dodson