Grant H. Lawson, WSB #6-4260
Metier Law Firm, LLC
4828 S. College Ave.
Fort Collins, CO 80525
(307)237-3800 Office
(970)225-1476 Fax
grant@metierlaw.com

Matthew E. Wright
*Admitted pro hac vice*
The Law Firm for Truck Safety, LLP
840 Crescent Centre Drive, Suite 310
Franklin, Tennessee 37067
(615)455-3588 Office
(615)468-4540 Fax
matt@truckaccidents.com

George "Jed" Chronic
*Admitted pro hac vice*
Maschka, Riedy, Ries & Frentz
151 Saint Andrews Court, Building 1010
Mankato, MN  56001
(507)625-6600 Office
(507)625-4002 Fax
jchronic@mrr-law.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| KIMBERLY DEBEER, surviving spouse and wrongful death personal representative of DANIEL DEBEER, deceased, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action #2:23-cv-33-ABJ |
| AMAZON LOGISTICS, INC., d/b/a PRIME,  AMAZON.COM, INC., AMAZON.COM SERVICES, LLC, AAF555 LLC,  NORTHWEST EXPRESS LLC, ASD EXPRESS, LLC and JUSTIN NZARAMBA, | ) ) ) ) ) ) ) |
| Defendants. | ) |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

Plaintiff Kimberly DeBeer, by and through counsel, for her response in opposition to Defendants' Motion for Protective Order (Doc. 80) states as follows:

1

**ISSUE PRESENTED**

Amazon claims Plaintiff is precluded from taking depositions of any Amazon employee, unless **Amazon** specifically designated an individual as having personal knowledge "of AAF555, Northwest Express, Justin Nzaramba and/or the subject load." Amazon claims there are **no** individuals that meet this criteria and Plaintiff, therefore, is limited to taking one 30(b)(6) deposition with a hand-picked deponent of Amazon's choosing. Despite the fact that Amazon disclosed merely **one** person (Sandefur) in response to Plaintiff's numerous discovery requests seeking identification of various employees on Amazon's business practices, Amazon incredibly believes any discovery beyond a 30(b)(6) deposition could only serve to "annoy" or "harass" Amazon.

A key factual dispute exists, namely, whether Amazon is simple a retail shipper or, as Plaintiff alleges, Amazon has assumed the role and responsibilities as a motor carrier. Because Amazon has refused to disclose anyone besides Sandefur as having discoverable knowledge, Plaintiff independently identified Amazon employees who are directly knowledgeable about what is ultimately at issue - **how Amazon exercises control of truck drivers and motor carriers** and how Amazon **selects and hires those truck drivers** and motor carriers to haul cargo for them.

Amazon's Motion should be denied because, as set forth below, the named Deponents possess highly relevant discoverable information, as defined under Fed. R. Civ. P. 26.

**BACKGROUND**

Amazon attempts to characterize itself merely as a "shipper" that "engages in the retail sale of consumer products and operates fulfillment centers and customer service centers." (Amazon's Brief, p. 2), thus implying neither transportation nor trucking are significant aspects of its business operations. While it may have been true at one time that Amazon was a fledging online retailer, the modern reality is very different, after programs like "Amazon Prime" membership and

2

"Fulfillment by Amazon" started. As has been widely reported in trade and other publications, Amazon Prime and its promise of 2 day free delivery to consumers generated massive demand that far exceeded the transport capacity of Amazon's former primary transportation service provider, United Parcel Service.[1] For the 2013 holiday season, package deliveries ground to a halt with many packages either stuck in warehouses or delivered way too late.[2] Henceforth, Amazon made the deliberate and intentional decision to bring its transportation "in-house[3]" and to massively expand its role as the now largest delivery provider of consumer packages in the United States surpassing both UPS and Federal Express by package volume.[4]  Indeed, in its own public company snapshot from the governing administrative agency, the United States Department of Transportation, Federal Motor Carrier Safety Administration, Amazon Logistics, Inc. not only is authorized as an interstate motor carrier, it currently list that its trucks traveled over 250 million miles in 2023 alone and had nearly 35,000 drivers and 16,000 trucks in its fleet.[5]

Moreover, in Amazon's 2016 and 2018 Annual Reports to shareholders, Amazon refers to itself as a "**transportation service provider**" that **directly competes with other** "transportation and logistics services." (e.g., UPS and FedEx).[6]

Through the limited discovery of documents to date, Plaintiff has gained knowledge that the cargo was part of the Amazon "Prime" and/or "Fulfillment by Amazon" programs whereby Amazon expressly agreed and/or assumed the responsibility to transport cargo for delivery to consumers on behalf of the third-party vendors that actually own and sell the merchandise on

---

[1] https://www.geekwire.com/2013/christmas-delayed-amazon-offers-20-gift-cards-shipping-refunds-ups-fedex-problems/ (last visited April 3, 2024) (copy attached as Exhibit 1).
[2] *Id*.
[3] https://www.supplychain247.com/article/taking_a_look_at_why_amazon_is_bringing_logistics_in_house (last visited April 3, 2024) (copy attached as Exhibit 2)
[4] https://www.wsj.com/business/amazon-vans-outnumber-ups-fedex-750f3c04?mod=Searchresults_pos1&page=1 (last visited April 3, 2024) (copy attached as Exhibit 3).
[5] https://safer.fmcsa.dot.gov/query.asp?searchtype=ANY&query_type=queryCarrierSnapshot&query_param=USDOT&query_string=2881058 (last visited April 3, 2024) (copy attached as Exhibit 4)
[6] (Excerpts of Amazon's 2016 and 2018 Annual Reports to Shareholders (https://ir.aboutamazon.com/annual-reports-proxies-and-shareholder-letters/default) (last visited April 3, 2014) (copies attached as Exhibit 5).

3

Amazon's website. Thus, Amazon may be held vicariously liable as the carrier of the load, even if the driver was directly employed as an independent contractor and because Amazon had the right to control or exercised control of the manner and means of many aspects of the delivery process.

The individuals identified by Plaintiff possess discoverable knowledge, through their work in logistics and transportation safety at Amazon, have personal knowledge as to Amazon's selection and entrustment of equipment to companies like AAF555, LLC. (See Exs. 6, 7 & 8 - LinkedIn Profiles of DasGupta, Hariharan and Coppinger) Amazon claims these individuals lack personal knowledge relevant to the claims and defenses in this case, but a simple review of their LinkedIn profiles reveals otherwise. *Id*.

## ARGUMENT AND AUTHORITIES

### 1. Amazon cannot demonstrate good cause to completely prohibit Plaintiff from taking these depositions

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, parties to a lawsuit may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The purpose of the rule is to allow broad discovery of relevant information, even if that information is not admissible at trial. *Id. See Hedquist v. Patterson*, 215 F. Supp. 3d 1237, 1243 (D. Wyo. 2016). In addition, and as emphasized by controlling precedent from the Tenth Circuit, a trial court has broad discretion in fashioning the terms and conditions of discovery. *Id.* (*citing Marsee v. U.S. Tobacco Co.*, 866 F.2d 319, 326 (10th Cir. 1989).

Whether to enter a protective order is within the sound discretion of the court. *Thomas v. IBM,* 48 F.3d 478, 482 (10th Cir.1995). The party seeking a protective order has the burden to

4

show good cause for it. *Sentry Ins. v. Shivers,* 164 F.R.D. 255, 256 (D.Kan.1996). To establish good cause, that party must submit "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard,* 452 U.S. 89, 102 n. 16, (1981). Courts do not favor thwarting a deposition. *Leighr v. Beverly Enterprises–Kansas Inc.*, 164 F.R.D. 550, 552 (D.Kan.1996). They rarely grant a protective order which totally prohibits a deposition, unless extraordinary circumstances are present. *Mike v. Dymon, Inc.*, 169 F.R.D. 376, 378 (D. Kan. 1996)(internal citations omitted). Amazon has failed to show good cause and extraordinary circumstances to prohibit Plaintiff from taking these depositions.

Defendants, by opposing these depositions, ask the Court to ignore the Federal Rules of Civil Procedure by permitting Amazon to dictate the terms of discovery and to shield knowledgeable witnesses from being deposed simply because of their titles. Mr. DasGupta has demonstrated through his public statements and interviews extensive knowledge about Amazon's safety problems. The Court should uphold and enforce the Rules of Civil Procedure by ordering Amazon to comply with its discovery obligations so the parties can have a full and fair trial on the merits.

**2. Federal law does not limit Plaintiff's discovery to Defendants' Rule 30(b)(6) representative and/or individuals disclosed by Defendants**

The crux of Amazon's argument to block Plaintiff's deposing the witnesses at issue is Plaintiff can obtain the same information from Amazon's 30(b)(6) corporate representative witness. Simply because the Federal Rules of Civil Procedure allow for representative depositions under Rule 30(b)(6) does not mean a party is somehow limited to those witnesses designated by the entity – here the Amazon Defendants.

Nowhere in the 10th Circuit's case law or the Federal Rules of Civil Procedure does a party's ability to depose an individual require that the requesting party first establish that such information is not available from another person of the opposing party's choosing. To read such a

requirement into the law would run afoul of F.R.C.P. 30(a)(1), which states "a party may, by oral questions, depose any person" so long as it is relevant to any party's claims or defenses and proportional to the needs of the case.

### 3. The witnesses at issue have relevant direct knowledge regarding the operations of Amazon Logistics and transportation of Amazon goods

Amazon's Motion for Protective Order is akin to a product manufacturer trying to block the deposition of a design engineer of the subject product simply because that engineer did not have direct knowledge of the incident at issue in a case involving the product. These witnesses, like the product engineer in this example, have direct knowledge of the background of Amazon's logistics program and how motor carriers like those involved in this lawsuit obtain and transport Amazon loads within the Amazon Logistics system.

a. **Steve DasGupta**

Steve DasGupta was an Amazon Pathways Operations Manager from 2014-2016, Manager of Transportation Field Operations from 2016 until March of 2021, and then became the Director of North American Surface Transportation Safety Team. (Ex. 6 - LinkedIn Profile). We also discovered that as part of his job he prepares for and gives public interviews defending Amazon's safety practices and discussing the steps they take to remedy safety problems. (Ex. 9 - WSJ article with DasGupta quotes highlighted). Specifically, he has publicly discussed Amazon's history of problems with crashes from unsafe carriers and he has also discussed the efforts Amazon has taken to remedy the problems. In fact, the article cited discusses the DeBeer crash at length.

Defendant's counsel has suggested that Mr. DasGupta is an "apex" witness and that based on his position in the company, there is a special set of rules governing whether or not he may be subject to questioning under oath and that he is excused from participating in the discovery process because he could be inconvenienced if required to give a deposition. These special rules do not exist in the Federal Rules of Civil Procedure or any appellate court decision in the 10th Circuit.

The "apex" doctrine—even if it had been accepted in the 10th Circuit—is inapplicable to Mr. DasGupta. The doctrine does not apply to individuals with firsthand knowledge of relevant information. *See In re Apple iPod iTunes Antitrust Litig.*, 2011 WL 976942, at *6 (N.D. Cal. Mar. 21, 2011) (requiring Apple CEO Steve Jobs to provide deposition testimony). "[W]hen a witness has personal knowledge of facts relevant to the lawsuit, even a corporate president or CEO is subject to deposition." *Id.* (citing *WebSideStory, Inc. v. NetRatings, Inc.*, 2007 WL 1120567, at *2 (S.D. Cal. Apr. 6, 2007)). "A claimed lack of knowledge, by itself, is insufficient to preclude a deposition." *Id.* "Moreover, the fact that the apex witness has a busy schedule is simply not a basis for foreclosing otherwise proper discovery." *Id.*

Plaintiff's claims against Amazon are founded on Amazon ignoring its own safety rules and engaging unsafe companies to transport their loads which directly caused this crash. Because DasGupta has direct information about those claims, the apex doctrine would not apply even in those jurisdictions where it has been upheld. Further, the Affidavit he filed is not sufficient to support an apex claim. Amazon has around 1.5 million employees. DasGupta says he supervises 100 of those. So he has managerial responsibility for about .0066% of Amazon. Moreover, his contention that he is in the third tier of management is not consistent with Amazon's public information online. (Ex. 10 - Amazon organizational charts). He does not appear anywhere near the apex of Amazon's controlling management. Further, in his Affidavit, he admits he has oversight over motor carriers that provide transportation services to Amazon and specifically is in charge of safety compliance of middle mile transportation operations, which includes the specific transportation service at issue in this case. While he denies day-to-day contact with motor carriers or crash investigation, Plaintiff seeks his testimony about Amazon's management of the problem of transportation safety and that is his role at Amazon and not specific facts about the subject crash.

Finally, he makes unsupported conclusory statements that if he had to sit for a deposition, the North American Surface Transportation Safety Team would be adversely affected, and it would disrupt their services to Amazon's financial detriment. These are merely conclusory statements that cannot support a grant of protective order prohibiting his deposition. Because this case turns in part on Plaintiff's allegations of Amazon's policies which created a systemic problem of unsafe motor carriers hauling Amazon loads and causing crashes, deaths and injuries across the country, and because DasGupta has specific knowledge on those topics, Amazon should be ordered to comply with the Rules of Civil Procedure by producing him for deposition.

It is preposterous to suggest DasGupta has time to prepare for and give public interviews to defend Amazon in public forums, but not to respond to the District of Wyoming court system to address claims Amazon is responsible for death of Daniel DeBeer.

b. **Mahendra Hariharan**

Mahendra Hariharan was an Amazon Carrier Safety Employee, and specifically was a Transportation Compliance Program Manager II from December of 2020 to well into 2023, who, "Implemented safety strategies and business models in Amazon's Middle Mile transportation network. He led and mentored a team of 8 analysts to combat illegal brokering and conduct deep-dive investigations." (Ex. 7 - LinkedIn Profile of Mahendra Hariharan). The middle mile transportation network includes the network implemented and used by Amazon to transport Amazon trailers and goods cross country from Amazon facility to Amazon facility. The truck that crashed into and killed Daniel DeBeer was a middle mile truck dispatched by Amazon from New Jersey to Idaho. Hariharan will have direct knowledge of the transportation issues that led to DeBeer's death as alleged in Plaintiff's Complaint.

    c. **Brian Coppinger**

Brian Coppinger was the Senior Program Manager for On Road Safety for North American Surface Transportation, Safety and Compliance. (Ex. 8 - LinkedIn Profile of Brian Coppinger). As such, he is the person to whom people like Mahendra Hariharan would report. He would also report to and have information on other Amazon managerial staff working on the problems of transportation safety and compliance of Amazon's logistics and merchandise transportation. Consequently, he would have direct knowledge of Amazon's systemic safety problems that led to DeBeer's death.

## CONCLUSION

Amazon has the burden of showing a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements that these depositions should be thwarted and has failed to do so. Defendant's Motion and supporting Affidavits fall far short of meeting this burden.

Plaintiff respectfully requests this Court deny Amazon's Motion for entry of a protective order and allow Plaintiff's counsel to take the depositions of Steve DasGupta, Mahendra Hariharan and Brian Coppinger within 30 days of the entry of the Court's Order.

**MASCHKA, RIEDY, RIES & FRENTZ, PLLP**

*/s/ Jed Chronic*
George "Jed" Chronic
*Admitted Pro Hac Vice*
Maschka, Riedy, Ries & Frentz
151 Saint Andrews Court,
Building 1010
Mankato, MN  56001
(507)625-6600
(507)625-4002 (fax)
jchronic@mrr-law.com

Matthew E. Wright, TN #022596
*Admitted Pro Hac Vice*
840 Crescent Centre Drive, Suite 310
Franklin, Tennessee 37067
615-455-3588
615-468-4540 (fax)
matt@truckaccidents.com

Grant H. Lawson, #6-4260
Joseph P. Chenchar, #7-5576
METIER LAW FIRM, LLC
259 S. Center, Suite 301
Casper, WY 82601
Mailing: 4828 South College Avenue
Fort Collins, CO 80525
(307 237-3800
(930) 225-1476 (fax)
grant@metierlaw.com
joe@metierlaw.com

*Attorneys for Plaintiff, Kimberly DeBeer, surviving spouse of and wrongful death representative of Daniel DeBeer*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 3, 2024, a true and correct copy of the foregoing was served by electronic service via the CM/ECF system to the following:

| | |
|---|---|
| Zenith S. Ward<br>Buchhammer & Ward, PC<br>1821 Logan Avenue<br>P.O. Box 568<br>Cheyenne, WY 82003-0568<br>zsw@wyoming.com<br>Attorney for Defendant Northwest Express, LLC and Justin Nzaramba | Stuart R. Day<br>WILLIAMS PORTER DAY & NEVILLE<br>159 North Wolcott, Suite 400<br>P.O. Box 10700<br>Casper, WY 82602<br>sday@wpdn.net<br>Attorney for Amazon Logistics, Inc., d/b/a Prime; Amazon.com, Inc. and Amazon Services, LLC |

/s/Jed Chronic_____
George "Jed" Chronic