Stuart R. Day, W.S.B. # 5-2244
Keith J. Dodson, W.S.B. # 6-4254
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 North Wolcott, Suite 400 (82601)
P. O. Box 10700
Casper, Wyoming 82602
Telephone:	(307) 265-0700
Facsimile:	(307) 266-2306
Emails:	sday@wpdn.net
	kdodson@wpdn.net

*Attorneys for Amazon Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| KIMBERLY DEBEER, surviving spouse and wrongful death personal representative of DANIEL DEBEER, deceased, | )<br>)<br>) |
| Plaintiffs, | ) |
| v. | ) Civil No. 23-CV-33-ABJ |
| AMAZON LOGISTICS, INC. d/b/a PRIME, AMAZON.COM, INC., AMAZON.COM SERVICES LLC, AAF555 LLC, NORTHWEST EXPRESS, LLC, ASD EXPRESS, LLC, and JUSTIN NZARAMBA | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**AMAZON DEFENDANTS'
REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR PROTECTIVE ORDER**

Pursuant to Rules 26(c) of the Federal Rules of Civil Procedure and the Court's March 19, 2024 Text-Only Order, Defendants Amazon Logistics, LLC, Amazon.com, Inc., Amazon.com Services, LLC (hereinafter collectively referred to as "Amazon"), by and through their counsel, hereby provide their reply brief in support of the *Amazon Defendants' Motion for Protective Order* ("*Motion for Protective Order*") as follows:

In *Plaintiff's Response in Opposition to Defendants' Motion for Protective Order*

("*Response*"), Plaintiff attempts to characterize the current status of discovery as if Amazon has been non-cooperative and/or avoiding discovery. She claims Amazon has merely disclosed "one person (Sanderfur) in response to Plaintiff's numerous discovery requests seeking identification of various employees on Amazon's business practices. . . ." (*Response*, p. 2). This mischaracterizes the situation and ignores the facts of this case.

As discussed in Amazon's *Motion for Protective Order*, this case involves Amazon Relay. (*Motion*, ECF No. 80, pp. 2-4). Amazon Relay is a suite of technology products that enable motor carriers to self-register with Amazon to find, book and execute Amazon shipments and/or loads. (Ex. A, Declaration of Sanderfur, ¶ 3). Because of the digital nature of Amazon Relay, no Amazon employee has personal knowledge of the facts of this case other than facts which may be derived or ascertained from Amazon's business records. As such, Amazon has no individual employees to disclose other than its 30(b)(6) representative(s).

Despite this, Plaintiff is seeking to depose Steve DasGupta, Mahendra Hariharan, and Brian Coppinger in their individual capacities as fact witnesses. She speculates – with little to no support – that these individuals may have personal knowledge or information relevant to the claims or defenses in this lawsuit. (*See Response*). They do not. (*See* Exs. H & I). No party to this litigation has listed these three individuals as potential witnesses or even as individuals likely to have discoverable information as required by FRCP 26(a)(1)(A)(i).[1] The first time Amazon received any indication as to the knowledge and information Plaintiff believes these individuals possess was when Plaintiff filed her *Response*. Even then, Plaintiff's belief regarding these three individuals stem from their LinkedIn profiles. (*See Response*, ECF No. 81, pp. 6-9 & ECF Nos. 81-6, 81-7 and 81-8). In short, Plaintiff is not actually aware of what relevant knowledge and

---

[1] To date, Plaintiff has not supplemented her Rule 26 disclosure to identify these witnesses even though the materials identified by Plaintiff in her *Response* were available at the outset of litigation.

Page **2** of **7**

information, if any, these individuals may have regarding the issues in dispute in this matter. This is no more evident by the fact that Brian Coppinger did not even start working for Amazon until February 7, 2022; almost a year after the subject accident. (*See* Ex. I, ¶ 2).

In her *Response*, Plaintiff also writes, "[s]imply because the Federal Rules of Civil Procedure allow for representative depositions under Rule 30(b)(6) does not mean a party is somehow limited to those witnesses designated by the entity – here the Amazon Defendants." (*Response*, ECF No. 81, p. 5). She further asserts Amazon is asking the Court "to ignore the Federal Rules of Civil Procedure by permitting Amazon to dictate the terms of discovery and to shield knowledgeable witnesses from being deposed simply because of their titles." *Id.* at p. 5. Not only is this incorrect, but Plaintiff also misses the point of Amazon's argument.

While the purpose of Rule 26 is to allow broad discovery, it is not without its limits. As this Court has recognized, the applicable test to determine whether discovery falls within the appropriate scope is: 1) whether the discovery sought is relevant to any party's claim or defense; and 2) whether the requested discovery is proportional to the needs of the case. *Salzar v. State Farm Mut. Auto. Ins. Co.*, No. 18-cv-036-J, 2019 WL 13222750, *2 (D. Wyo. Mar. 22, 2019) (citation omitted). **Plaintiff**, Amazon, and the Court have the responsibility to consider proportionality regarding all discovery in a case. Here, the depositions of Steve DasGupta, Mahendra Hariharan, and Brian Coppinger are not proportional to the needs of this case because Plaintiff will not garner any more information from these three individuals other than that which may be derived or ascertained from Amazon's business records and which testimony will be elicited during the 30(b)(6) deposition of Amazon. (*See* Ex. J, ¶ 18).[2] Plaintiff does not address the question of how these depositions are proportional to the needs of this case in her *Response*.

---

[2] Amazon will supplement this exhibit with a signed version of the Amended Declaration of Ryan Sandefer upon receipt.

Instead of discussing how these three depositions are somehow proportional to the needs of this case, Plaintiff alleges "the cargo was part of the Amazon 'Prime' and/or 'Fulfillment by Amazon' programs whereby Amazon expressly agreed and/or assumed the responsibility to transport cargo for delivery to consumers on behalf of the third-party vendors that actually own and sell the merchandise on Amazon's website." (*Response*, ECF No. 81, pp. 3-4). She then makes the conclusory and unsupported claim that this would somehow make Amazon vicariously liable for the other Defendants' actions in this case. Setting this issue aside, which runs contrary to case law addressing the same or similar issues nationwide, what Plaintiff fails to show is how this changes the situation here? None of the proposed individuals would have direct knowledge of these facts. (*See* Exs. H & I). The specific knowledge regarding this subject shipment, the relationship between Amazon and AAF555, and Amazon Relay will all be obtained by Plaintiff's counsel during the 30(b)(6) deposition of Amazon. (*See* Ex. J, ¶ 18).

"The 'good cause' standard of Rule 26(c) is '**highly flexible**, having been designed to accommodate all relevant interests as they arise.'" *Rohrbough v. Harris*, 549 F.3d 1313, 1321 (10th Cir. 2008) (emphasis added) (quoting *United States v. Microsoft Corp.*, 165 F.3d 952, 959 (D.C. Cir. 1999)). "Typically, a 'good cause' determination requires the Court to balance between the party's need for the information and the injury that may occur from the requested disclosure." *Caruso v. Stobart*, 2017 WL 10309294, *2 (D.Wyo. 2017) (citation omitted).

While discovery is broad, Plaintiff is not entitled to engage in a fishing expedition. *Doe v. Bd. of Trustees of Teton Cnty. Sch. Dist. No. 1*, 20-cv-110-SWS, ORDER GRANTING NON-PARTY MOTION TO QUASH SUBPOENA, 2021 WL 7209990, *2 (D.Wyo. Sept. 2, 2021) (citation omitted). In her *Response*, Plaintiff claims she independently identified the three (3) individuals. (*Response*, ECF No. 81, p. 2). Upon reading Plaintiff's *Response*, it is evident that she mainly did so through

review of the witnesses' LinkedIn profiles and some news articles. *See generally Id.* She fails to identify the specific knowledge these individuals have. Instead, she relies on broad conclusory statements based off of her counsel's reading of the LinkedIn profiles. The truth of the matter is that these individuals do not have specific knowledge regarding this matter and Plaintiff will be able to garner the information it desires from the 30(b)(6) deposition. She is therefore not harmed by not being able to take these depositions. Ultimately, Plaintiff's desire to take their depositions is not proportional to the needs of this case. Because it is not proportional to the needs of this case, good cause exists for the Court to enter a protective order barring these three depositions.

Plaintiff also claims the Apex Doctrine does not exist in the Federal Rules of Civil Procedure or the Tenth Circuit. (*Response*, ECF No. 81, pp. 6-7). This Court, however, has applied it. *See e.g.*, *Black Card, LLC v. VISA U.S.A., Inc.*, 15-CV-027-S, 2016 WL 7325665, at *2 (D. Wyo. Dec. 12, 2016). It should be applied here as well.

Plaintiff claims Mr. DasGupta is not an executive protected by the Apex Doctrine. (*Response*, ECF No. 81, pp. 6-8). Plaintiff ignores the recent decision of the District Court for the 345th Judicial District Court of Travis County, which expressly held that Steve DasGupta falls under the Apex Doctrine. (*See* Ex. G, ECF No. 80-7). Here, as detailed in his supporting declaration, Mr. DasGupta is a high-level executive who does not have any unique, personal knowledge of the issues central to the case and Plaintiff can obtain information she is seeking through another deponent which is less burdensome. (*See* Ex. H). In regard to Mahendra Hariharan and Brian Coppinger, the same factors exist and, at best, their testimony would be duplicative of the testimony of Amazon's corporate designee, such that Plaintiff's proposed deposition of them amounts to annoyance, oppression, and undue burden and expense. (*See* Ex. I).

Here, good cause exists for the Court to bar Plaintiff from taking these depositions.

WHEREFORE, Defendants Amazon Logistics, LLC, Amazon.com, Inc., Amazon.com Services, LLC, by and through their counsel, hereby move the Court for a protective order barring Plaintiff from taking the depositions of Steve DasGupta, Mahendra Hariharan, and Brian Coppinger.

**DATED** this 8th day of April 2024.

>
> AMAZON LOGISTICS, INC., AMAZON.COM, INC., AND AMAZON.COM SERVICES LLC, Defendants
>
> By:  /s/ Keith J. Dodson
> Stuart R. Day, WSB 5-2244
> Keith J. Dodson, WSB 6-4254
> WILLIAMS, PORTER, DAY & NEVILLE, P.C.
> 159 North Wolcott, Suite 400 (82601)
> P. O. Box 10700
> Casper, Wyoming 82601
> Telephone:   (307) 265-0700
> Facsimile:   (307) 266-2306
> Emails:   sday@wpdn.net
>           kdodson@wpdn.net
>
> *Attorneys for Amazon Defendants*

**CERTIFICATE OF SERVICE**

   The undersigned does hereby certify that a true and correct copy of the foregoing was served upon all counsel of record, specifically provided below, by email this 8th day of April 2024.

| | |
|---|---|
| Grant H. Lawson<br>Joseph P. Chenchar<br>METIER LAW FIRM, LLC<br>259 S. Center, Suite 301<br>Casper, WY 82601<br>Mailing: 4828 South College Avenue<br>Fort Collins, CO 80525<br>(307) 237-3800 Phone<br>(930) 225-1476 Fax<br>grant@metierlaw.com<br>joe@metierlaw.com<br><br>*Attorneys for Plaintiff* | George "Jed" Chronic, *Pro Hac Vice*<br>MASCHKA, RIEDY, RIES & FRENTZ<br>151 Saint Andrews Court, Building 1010<br>Mankato, MN 56001<br>(507) 625-6600 Phone<br>(507) 625-4002 Fax<br>jchronic@mrr-law.com<br><br>*Attorneys for Plaintiff* |
| Matthew E. Wright, *Pro Hac Vice*<br>THE LAW FIRM FOR TRUCK SAFETY, LLP<br>840 Crescent Centre Drive, Suite 310<br>Franklin, Tennessee 37067<br>(615) 455-3588<br>matt@truckaccidents.com<br><br>*Attorneys for Plaintiff* | Zenith S. Ward<br>BUCHHAMMER & WARD, P.C.<br>1821 Logan Ave.<br>P.O. Box 568<br>Cheyenne, WY 82003-0568<br>(307) 634-2184 Phone<br>zsw@wyoming.com<br><br>*Attorneys for Defendants Northwest Express, LLC and Justin Nzaramba* |

            /s/ Keith J. Dodson
            Keith J. Dodson